# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| ALEXANDRA DAVIS,<br>    *Plaintiff/Counter-Defendant,*<br><br>VS.<br><br>JERRAL W. JONES, DALLAS COWBOYS FOOTBALL CLUB, LTD., JAMES WILKINSON, TRAILRUNNER INTERNATIONAL, LLC, and DONALD JACK, JR.<br>    *Defendants*,<br><br>VS.<br><br>CYNTHIA DAVIS-SPENCER<br>    *Third-Party Defendant.* | CIVIL ACTION NO. 5:23-CV-00032-RWS<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF DAVIS' ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT JONES' COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Alexandra Davis, Plaintiff and Counter-Defendant ("Davis"), and files this her Answer and Affirmative Defenses to Defendant Jerral W. Jones' ("Jones") Counterclaims Against Plaintiff Alexandra Davis and Third-Party Complaint Against Cynthia Davis-Spencer (the "Counterclaim") and would respectfully show the Court the following:

1.     Davis denies the allegations contained in paragraph 1 of the Counterclaim.

2.     Davis denies the allegations contained in paragraph 2 of the Counterclaim.

3.     Davis admits the allegations contained in paragraph 3 of the Counterclaim.

4.     Davis admits the allegations contained in paragraph 4 of the Counterclaim.

5.     Davis admits the allegations contained in paragraph 5 of the Counterclaim.

6. Davis admits the allegations contained in paragraph 6 of the Counterclaim.

7. Davis admits the allegations contained in paragraph 7 of the Counterclaim.

8. Davis admits the allegations contained in paragraph 8 of the Counterclaim.

9. Davis is without actual knowledge or information sufficient upon which to base a reasonable belief as to the accuracy of the allegations in paragraph 9 and, therefore, Davis is unable to admit or deny the allegations at this time.

10. Davis is without actual knowledge or information sufficient upon which to base a reasonable belief as to the accuracy of the allegations in paragraph 10 and, therefore, Davis is unable to admit or deny the allegations at this time.

11. Davis is without actual knowledge or information sufficient upon which to base a reasonable belief as to the accuracy of the allegations in paragraph 11 and, therefore, Davis is unable to admit or deny the allegations at this time.

12. Davis is without actual knowledge or information sufficient upon which to base a reasonable belief as to the accuracy of the allegations in paragraph 12 and, therefore, Davis is unable to admit or deny the allegations at this time.

13. Davis denies the allegations in paragraph 13 of the Counterclaim.

14. Davis is without actual knowledge or information sufficient upon which to base a reasonable belief as to the accuracy of the allegations in paragraph 14 and, therefore, Davis is unable to admit or deny the allegations at this time.

15. Davis admits the allegations in paragraph 15 of the Counterclaim that the Settlement Agreement[1] established two trusts- the Funding Trust and the Distribution Trust (collectively the

---

[1] The term "Settlement Agreement" as used in this Answer refers specifically to the Settlement, Release, and Covenant Not to Sue Agreement that Jones alleges Davis and Defendant Davis-Spencer breached. Jones refers to that document as "Settlement Agreement" in the Counterclaim, and, for the convenience of the Court, Davis also uses the term in

"Trusts"). Davis admits that the Funding Trust provided monthly, annual, and special contributions to the Distribution Trust. Davis denies the allegation in paragraph 15 of the Counterclaim that the Distribution Trust provided the same payment and funding to Davis from childhood until she attained the age of 21 years of age. Davis admits that there were also distribution payments of the Trust to be paid upon Davis attaining the ages of 24, 26, and 28. Davis denies the remaining allegations in paragraph 15 of the Counterclaim.

16. Davis denies the allegations in paragraph 16 of the Counterclaim.

17. Davis denies the allegations in paragraph 17 of the Counterclaim.

18. Davis admits the language quoted from the Settlement Agreement in paragraph 18 is language from the Settlement Agreement. Davis denies the remaining allegations in paragraph 18 of the Counterclaim.

19. Davis admits the Settlement Agreement also included the language that is quoted in paragraph 19. To the extent, Jones references that there was a "confidentiality obligation whereby the parties promised to refrain from disclosing the facts and terms of the settlement," Davis denies that she was a party to the Settlement Agreement or that she had any obligation under the Settlement Agreement. Davis denies the remaining allegations in paragraph 19 of the Counterclaim.

20. Davis denies the allegations in paragraph 20 of the Counterclaim.

21. Davis denies the allegations in paragraph 21 of the Counterclaim.

22. Davis denies the allegations in paragraph 22 of the Counterclaim.

23. Davis admits the allegation in paragraph 23 of the Counterclaim that she filed a declaratory action against Jones that sought to declare that she was not bound to a settlement agreement that

---

reference to the same document. For the Court's reference, Davis refers to the "Settlement Agreement" as the "Settlement Documents," in her Original Complaint. *See* Docket No. 1, p. 4, ¶ 18.

was entered into when she was one-year old without court approval. Davis denies the remaining allegations in paragraph 23 of the Counterclaim.

24. Davis admits that she dismissed the declaratory action.[2] Davis denies the remaining allegations in paragraph 24 of the Counterclaim.

25. Davis admits the allegation in paragraph 25 that Davis then filed a Parentage Action against Jones to establish the parent-child relationship. Davis denies the remaining allegations in paragraph 25 of the Counterclaim.

26. Davis admits the allegation in paragraph 26 of the Counterclaim that Cynthia Davis-Spencer provided an affidavit to Davis during the Parentage Action.[3] Davis denies the remainder of the allegations in paragraph 26 of the Counterclaim.

27. Davis admits the allegation in paragraph 27 of the Counterclaim that she filed the instant action in March 2023. Davis denies the remaining allegations in paragraph 27 of the Counterclaim.

28. Davis reincorporates her responses to all the preceding allegations.

29. Davis denies the allegations in paragraph 29 of the Counterclaim.

30. Davis denies the allegations in paragraph 30 of the Counterclaim.

31. Davis denies the allegations in paragraph 31 of the Counterclaim.

32. Davis denies the allegations in paragraph 32 of the Counterclaim.

33. Davis reincorporates her responses to all the preceding allegations.

34. Davis denies the allegations contained in paragraph 34 of the Counterclaim.

---

[2] For the convenience of the Court, Davis notes the declaratory action referenced above is referred to as the "Lawsuit" in Plaintiff's Original Complaint and the "First Lawsuit," in Jones' Counterclaim.

[3] The "Parentage Action" discussed above is also referred to as the "Second Lawsuit," in Jones' Counterclaim.

35. Davis admits the allegation in paragraph 35 that Jones is seeking a declaration by the Court. Davis denies that Jones is entitled to any such relief and denies any remaining allegations contained in paragraph 35 of the Counterclaim.

36. Davis is without actual knowledge or information sufficient upon which to base a reasonable belief as to the accuracy of the allegations in paragraphs 36-43 of the Counterclaim as the paragraphs do not relate to claims against her; therefore, Davis is not able to admit or deny the allegations in paragraphs 36-43 of the Counterclaim.

37. Davis admits the allegation contained in paragraph 44 of the Counterclaim that Jones is seeking costs, expenses, and attorney's fees, but she denies that Jones is entitled to such relief.

38. Davis admits the allegation contained in paragraph 45 of the Counterclaim that Jones is seeking costs, expenses, and attorney's fees, but she denies that Jones is entitled to such relief.

39. Davis denies the allegations contained in paragraph 46 of the Counterclaim.

40. Davis admits the allegation contained in paragraph 47 of the Counterclaim and concurs in the demand for a jury trial.

41. Davis denies all allegations not specifically admitted herein.

42. Davis denies that Jones is entitled to any of the relief prayed for in the Counterclaim.

## AFFIRMATIVE DEFENSES

43. Davis affirmatively asserts that she was a minor at the time the Settlement Agreement was entered into by Jones and her mother, Cynthia Davis-Spencer. There was neither an *ad litem* appointed to protect Davis' interest, nor was there any review by a court of the Settlement Agreement to ensure Davis' interests were protected. Therefore, the Settlement Agreement is not enforceable against Davis, who did not have the capacity, at one-year of age, to enter into a contract.

44. Davis affirmatively asserts that she is excused from performance of the confidentiality provisions of the Settlement Agreement as Jones materially breached the confidentiality provisions prior to any alleged breach by Davis, thereby, excusing any performance by Davis.

45. Davis affirmatively asserts that the Settlement Agreement was against public policy. It is the public policy to establish parentage for any child. It is against public policy to allow a biological father to avoid his parentage through the entering of a "hush money" agreement with the child's mother. Furthermore, it is against public policy for a biological father to be allowed to buy his way out of parentage. Public policy is always "in the best interest of the child" and not "in the best interest of the parent" as Jones seeks. Therefore, the confidentiality clause that Jones seeks to enforce against Davis is against public policy.

46. Davis affirmatively asserts there was fraud by Jones in the inducement of the Settlement Agreement. Jones knew at the time that he entered into the Settlement Agreement that entering into a contract which attempted to bind a one-year-old minor—without having an *ad litem* appointed to protect the minor's interests or having a court approve the agreement—was not enforceable.

47. Davis affirmatively asserts the doctrine of unclean hands. Jones attempts to enforce a confidentiality clause against Davis, which is contained in an agreement entered into when Davis was one-year old. Jones, rather than providing for someone to protect Davis' interests, chose to enter into a secret agreement with Davis' mother, to protect his own interests in keeping his paternity out of the public forum.

48. Davis affirmatively asserts that Jones is not entitled to court costs, attorneys' fees, or other expenses under the Texas Citizens Participation Act ("TCPA"). The Fifth Circuit has ruled that

the TCPA does not apply to diversity cases in federal court. *See Klocke v. Watson*, 936 F. 3d 240, 242 (5th Cir. 2019).

49. Davis reserves the right to raise all affirmative defenses available to her under the Texas Rules of Civil Procedure, Texas law, the Federal Rules of Civil Procedure, federal law, the Rules of this Court, or otherwise in law or equity, whether now existing or arising later, as may be discovered throughout litigation.

WHEREFORE, PREMISES CONSIDERED, Davis prays that on final trial of this matter that Defendant Jerral W. Jones take nothing on his counterclaim against Davis, that Davis be awarded costs of court including attorney's fees, and such other and further relief for which Davis may be entitled.

Respectfully submitted,

 _/s/ Matt Keil_____
**KEIL LAW FIRM, PLLC**
Matt Keil
State Bar No. 11181750
Erin Keil
State Bar No. 24120462
Hailee Amox
State Bar No. 24085176
406 Walnut Street
Texarkana, Arkansas 71854
870-772-4113
870-773-2967 [fax]
mkeil@kglawfirm.com
ekeil@kglaqwfirm.com
hamox@kglawfirm.com

 _/s/ Jay K. Gray_____
**BERGMANGRAY LLP**
Jay K. Gray
State Bar No. 08324050
Andrew A. Bergman
State Bar No. 02196300
4514 Travis Street
Travis Walk, Suite 300
Dallas, Texas 75205
214-528-2444
214-599-0602 [fax]
gray@bergmangray.com
bergman@bergmangray.com
**LEAD COUNSEL**

**ATTORNEYS FOR DAVIS AND COUNTER-DEFENDANT ALEXANDRA DAVIS**