IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ALEXANDRA DAVIS,<br>    *Plaintiff/Counter-Defendant,*<br><br>vs.<br><br>JERRAL W. JONES, DALLAS COWBOYS FOOTBALL CLUB, LTD., JAMES WILKINSON, TRAILRUNNER INTERNATIONAL, LLC, and DONALD JACK, JR.,<br>    *Defendants/Cross-Plaintiff,*<br><br>vs.<br><br>CYNTHIA DAVIS-SPENCER,<br>    *Third-Party Defendant.* | CIVIL ACTION No. 5:23-cv-00032-RWS<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' PARTIALLY AGREED MOTION FOR CONTINUANCE OF DEFENDANT JACK'S DEPOSITION

Defendants Jerral W. Jones, Dallas Cowboys Football Club, Ltd., James Wilkinson, TrailRunner International, LLC, and Donald Jack, Jr., seek limited protection to move a single deposition date, which Plaintiff has agreed to move but on certain conditions, which Defendants seek protection for reasons of efficiency and fairness:

Shortly after the hearing on Defendants' original Motion to Dismiss and Scheduling Conference, the Parties promptly conferred on deposition dates and agreed to begin with Plaintiff's deposition, followed by Defendants Wilkinson and TrailRunner, Defendant Jack in December, and then Defendant Jones in January. To ensure discovery would not delay these depositions, Defendants undertook extensive productions under the Court's discovery order and produced thousands of documents on October 30, 2023.

But on October 31, 2023, the Court dismissed Plaintiff's entire case and granted leave to amend only one essential element (actual malice) of one remaining claim regarding the Second

ESPN Article. *See* Dkt. 50. Thus, because Plaintiff's claims were no longer pending, the scheduled depositions of Plaintiff, Wilkinson, and TrailRunner were subsequently cancelled. In light of these cancellations, as well as the parties' agreement to sequence depositions in the above manner, Defendants believed that Jack's depositions—which was originally set for tomorrow, December 5, 2023—was similarly cancelled and not going forward.

On November 20, 2023, Plaintiff filed her First Amended Complaint. *See* Dkt. 51. Ten days later, the parties revisited discussions regarding the timing and sequencing of depositions. During and prior to these talks, Defendants raised potential discovery issues regarding Plaintiff's and Third-Party Defendant's failure to produce complete documents in their disclosures, and requested that Plaintiff and Third-Party Defendant supplement their productions by December 6th. Given these incomplete productions, Defendants were under the impression that all parties understood Jack's deposition—which was scheduled one day before the supplementation—would not be going forward. Defendants also explained that a new deposition schedule would be needed, including a revised date for Jack's deposition.[1] While Plaintiff agreed to reset Jack's deposition, she insisted that Jack's deposition take place "in December" and would not commit to a new date for her own deposition prior to Defendants' depositions. Plaintiff's demand, however, is not feasible given the posture of this case, and would greatly prejudice Defendants' ability to prepare Jack for that deposition.

Defendants therefore respectfully request that depositions in this case be scheduled in their original agreed order (Plaintiff, Wilkinson, TrailRunner, Jack, and Jones) after issue is joined on

---

[1] In fairness it should be noted that Plaintiff offered a deposition date on the Wednesday before (or, possibly, the Sunday after) Thanksgiving while Plaintiff was visiting Dallas for the holiday. But the undersigned counsel was visiting with family out of town on those dates and there had not (and has not) been resolution of the document issue previously mentioned.

Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Motion, Response, Reply, Sur-Reply—if any—and argument). Good cause exists for this request.

First, Defendants will be filing their Motion to Dismiss Plaintiff's First Amended Complaint on December 8, 2023. *See* Dkts. 55, 56. Absent extensions, Plaintiff's response will be due on December 22, 2023, and Defendants' reply will be due on December 29, 2023. *See* E.D. Tex. Local R. CV-7(e)–(f). Defendants will also seek an oral hearing on the motion. And still further, Third-Party Defendant's counsel has represented that she is in a jury trial this week, and that she intends to produce additional disclosures on December 15, 2023. Jack cannot be reasonably expected to prepare for his deposition without (1) time to review Plaintiff's and Third-Party Defendant's supplemental productions, and (2) notice of the grounds on which Plaintiff intends to oppose dismissal of her First Amended Complaint (either as to the claims against him or the other Defendants for which he may or may not have relevant information or be questioned about). Indeed, Defendants are entitled to understand Plaintiff's purported basis for resisting dismissal before submitting to depositions.

In addition, the partial discovery conducted to date has revealed that Plaintiff, contrary to her representations, did seek money from Jones not only at the November 2017 dinner meeting when she read a demand letter to Jack, but also every year thereafter.[2] Given the inconsistencies between these newly-discovered documents and Plaintiff's prior representations in pleadings and before the Court, it is essential that Plaintiff be deposed first to ensure Defendants are not shooting at a moving target. *See Blackmon v. Bracken Constr. Co., Inc.*, No. CV 18-142-BAJ-SDJ, 2020

---

[2] In their forthcoming motion to dismiss, Defendants will argue that Plaintiff's claims fail as a matter of law because, among other grounds, Plaintiff consistently demanded money from Jones when she was not entitled to it but then, without telling Jones, supposedly abandoned any monetary motive such that it was somehow defamatory to say she sought his money. In addition, Defendants will argue that Plaintiff's pleading (or lack thereof) of plausible facts regarding Constitutional actual malice is utterly insufficient.

WL 6065520, at *4 (M.D. La. Oct. 14, 2020) (ordering plaintiff to be deposed first where, *inter alia*, discovery had revealed "information that may be inconsistent with [plaintiff's] allegations"); *see also Baggs v. Highland Towing, L.L.C.*, No. CIV. A. 99-1318, 1999 WL 539459, at *2 (E.D. La. July 22, 1999) ("[I]t makes sense in this case that the party whose allegations commenced the lawsuit should be deposed first so that a full understanding of his claims may be obtained before other discovery occurs."); *Renlund v. Radio Sys. Corp.*, No. 21-CV-720 (DWF/HB), 2021 WL 6881287, at *6 (D. Minn. July 6, 2021) (recognizing the "value" of defendant having plaintiff's deposition testimony "in order to prepare [defendants' witnesses] for their depositions" and ordering that plaintiff's deposition be taken before plaintiff could depose defendant's witnesses).

Furthermore, Plaintiff will not be prejudiced by this request. Indeed, she already agreed to sequence discovery in the manner requested herein. *See Arnold v. Crossroads Hospice of Tennessee, LLC*, No. 2:18-CV-02779-JTF-CGC, 2019 WL 11583412, at *3 (W.D. Tenn. Nov. 18, 2019) (finding plaintiff had already agreed to be deposed first and rejecting plaintiff's later efforts to "unilaterally stray from this mutual agreement"). Additionally, any concerns regarding delay are overstated, as there are nearly five months remaining for fact discovery under the original docket control order.

## REQUESTED RELIEF

Defendants ask that: (1) the Jack deposition be continued temporarily without conditions to an agreed date; (2) depositions only begin after the motion to dismiss is argued; and (3) when depositions commence they follow the same order as previously agreed: Plaintiff, Wilkinson, TrailRunner, Jack, and Jones and (4) such other relief as to which Defendants may be entitled.

Dated: December 4, 2023

| | |
|---|---|
| FOLSOM ADR PLLC | JACKSON WALKER LLP |
| */s/ David Folsom* | */s/:Charles L. Babcock* |
| David Folsom | Charles L. Babcock |
| State Bar No. 07210800 | State Bar No. 01479500 |
| david@folsomadr.com | cbabcock@jw.com |
| 6002-B Summerfield Dr. | Nancy W. Hamilton |
| Texarkana, TX 75503 | State Bar No. 11587925 |
| (903) 277-7303 | nhamilton@jw.com |
| | 1401 McKinney Street |
| | Suite 1900 |
| | Houston, TX 77010 |
| | (713) 752-4210 |
| | (713) 752-4221 - Fax |
| | |
| | David T. Moran |
| | State Bar No. 14419400 |
| | dmoran@jw.com |
| | Edwin Buffmire |
| | State Bar No. 24078283 |
| | ebuffmire@jw.com |
| | Cody Martinez |
| | State Bar No. 24102146 |
| | cmartinez@jw.com |
| | 2323 Ross Avenue |
| | Suite 600 |
| | Dallas, TX 75201 |
| | (214) 953-6000 |
| | (214) 953-5822 – Fax |

**ATTORNEYS FOR DEFENDANTS JERRAL W. JONES, DALLAS COWBOYS FOOTBALL CLUB, LTD., JAMES WILKINSON, TRAILRUNNER INTERNATIONAL, LLC AND DONALD JACK, JR.**

**CERTIFICATE OF CONFERENCE**

On December 4, 2023, the undersigned conferred with Jay Gray, counsel for Plaintiff, and Kris Hayes, counsel for Third-Party Defendant about the merits of this motion. Plaintiff's counsel partially opposes the requested relief sought in this motion. Third-Party Defendant's counsel opposes all relief.

*/s/ Edwin Buffmire*
Edwin Buffmire

**CERTIFICATE OF SERVICE**

On December 4, 2023, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I will serve all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Edwin Buffmire*
Edwin Buffmire