# Exhibit 4

FILED
3/28/2022 2:56 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Dorothy Strogen DEPUTY

### CAUSE NO. DC-22-02476

| | | |
|---|---|---|
| **ALEXANDRA DAVIS,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **IN THE DISTRICT COURT OF** |
| **vs.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **JERRAL W. JONES** | § | |
| | § | **192nd JUDICIAL DISTRICT** |
| **Defendant** | § | |
| | § | |

### DEFENDANT'S PLEA TO THE JURISDICTION AND SUBJECT THERETO ORIGINAL ANSWER

Defendant Jerral W. Jones ("Defendant") files his plea to the jurisdiction and, subject thereto, his original answer and in support thereof would respectfully show as follows:

### I.   SUMMARY OF ARGUMENT

The Plaintiff, Alexandra Davis ("Davis" or "Plaintiff"), seeks to have this Court issue an advisory opinion – something it cannot do. Plaintiff tries to disguise her quest for her advisory opinion as a legitimate suit seeking declaratory relief. However, Plaintiff's Petition is submersed in hypothetical and contingent scenarios that are not justiciable because they have not occurred. Indeed, Plaintiff has not even filed suit against anyone purportedly to have executed any such agreement. This Court cannot assert jurisdiction over unripe claims and Plaintiff cannot create it via her suit for declaratory relief. Accordingly, this Court should dismiss Plaintiff's claims with prejudice.

### II.   INTRODUCTION

Plaintiff, a twenty-five-year-old woman currently employed by a United States Congressman in Washington, D.C., claims that Defendant is her unacknowledged father. But

---

**DEFENDANT'S PLEA TO THE JURISDICTION AND SUBJECT THERETO ORIGINAL ANSWER**
**Page 1**

before making these allegations she delivered a draft of her lawsuit to Defendant and, to borrow her phrase, asked whether he would like to "make a deal" to "assure that he would not be publicly or privately identified and/or declared as Plaintiff's father". (Pet. ¶ 9) When Defendant declined to pay, this lawsuit followed.

Plaintiff's "let's make a deal" overtures were made at the same time Defendant and the Dallas Cowboys were the targets of multiple monetary extortion attempts. The potential source(s) of those attempted extortions, including, without limitation, the Plaintiff and her agents, will be the subject of other litigation which has been filed or will be instituted shortly.  She is not entitled to the relief she requests, and the Court does not have jurisdiction to grant it. For the reasons set out below this case should be dismissed for lack of jurisdiction or, in the alternative, all relief should be denied.

### III.   PLEA TO THE JURISDICTION

This Court lacks subject-matter jurisdiction over Plaintiff's proposed declaratory judgment claims because they each seek advisory opinions on hypothetical future events—namely a supposed not yet filed "Parentage Act" claim that she effectively concedes must be filed in family, not this, Court. Because Plaintiff's claims asserted in this lawsuit are not ripe nor present any justiciable controversy, and the potential claims underlying her arguments are subject to the exclusive jurisdiction of the family courts of Texas, Plaintiffs' claims should be dismissed with prejudice.

**1.   This Court lacks subject-matter jurisdiction because Plaintiff seeks advisory opinions, and there is no ripe, justiciable controversy alleged.**

Plaintiff's Original Petition, on its face, confirms the lack of a justiciable controversy asserted in it. "Subject matter jurisdiction is essential to the authority of a court to decide a case."

---

**DEFENDANT'S PLEA TO THE JURISDICTION AND SUBJECT THERETO ORIGINAL ANSWER**
Page 2

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). Standing and ripeness are components of subject matter jurisdiction. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850 (Tex. 2000). While standing asks *who* can bring a lawsuit, ripeness asks *when* can that lawsuit be brought. *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). Both, however, "emphasize[] the need for a concrete injury for a justiciable claim to be presented." *Id.* at 442; *see also State Bar v. Gomez*, 891 S.W.2d 243, 245–46 (Tex. 1994) ("for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought"). This requirement "parallels the federal test for Article III standing," which requires that a plaintiff allege a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 154 (Tex. 2012).

Ripeness is a threshold issue that informs whether a justiciable controversy exists. *See Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011). Stated differently, ripeness serves to avoid "premature adjudication" by focusing on whether a case involves "uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* Thus, "a case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Id.*; *see, e.g., Camarena v. Tex. Emp't Comm'n*, 754 S.W. 2d 149, 151 (Tex. 1988) (holding trial court could not grant relief based on "a hypothetical situation which might or might not arise at a later date. District courts, under our Constitution, do not give advice or decide cases upon speculative, hypothetical or contingent situations").

The ripeness doctrine is constitutionally rooted in the prohibition on advisory opinions and is fundamental to a constrained judiciary and the separation of powers. *See Patterson*, 971 S.W.2d at 442 (Tex. 1998); *Tex. Ass'n of Bus.*, 852 S.W.2d at 444. The rule against advisory opinions is

**DEFENDANT'S PLEA TO THE JURISDICTION AND SUBJECT THERETO ORIGINAL ANSWER**
**Page 3**

one of the most sacred in American jurisprudence, with roots stretching back to the Founding Era, in 1793 when the Justices of the Supreme Court of the United States refused to advise President George Washington on legal issues pertaining to America's neutrality in the war between France and England. *See gen.* William R. Castro, *The Early Supreme Court Justices' Most Significant Opinion*, 29 OHIO N.U.L. REV. 173 (2002). Unsurprisingly, Texas courts have adopted federal courts' repugnance to advisory opinions. *See, e.g., Pub. Util. Comm'n v. Houston Lighting & Power Co.*, 748 S.W.2d 439 (Tex.1987) ("A court has no jurisdiction to render an advisory opinion on a controversy that is not yet ripe.").[1]

Those foundational principles and binding judicial limitations confirm that Plaintiff's claims are founded on hypothetical events not ripe for adjudication. As to her first claim, the Petition alleges that *if* Plaintiff "seek[s] to establish parentage under the Uniform Parentage Act," she wants this Court to declare that she will not have breached an alleged Settlement Agreement and alleged trusts cannot be terminated. Pet. ¶¶ 21–24. But Plaintiff never filed any such parentage action, and Plaintiff does not even assert that anyone has threatened to sue for breach or terminate the alleged trusts, whatever they may be.

Her second supposed cause of action similarly asks this Court to declare that *if* Plaintiff brought a parentage action, and *if* someone then brought suit to enjoin her from doing so, then she would have a defense against any such hypothetical lawsuit that the agreement is void. Pet. ¶¶ 25–28. But Plaintiff cannot in good faith assert that Defendant, a non-signatory to the agreement, has attempted to enforce any provision in any agreement Plaintiff references. Each of Plaintiff's claims

---

[1] In fact, the Texas Supreme Court has explicitly authorized looking to federal case law when addressing justiciability doctrines. *See, e.g., Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001) ("[W]e may look to the similar federal standing requirements for guidance."); *see also Tex. Ass'n of Bus.*, 852 S.W.2d at 444 ("Because standing is a constitutional prerequisite to maintaining suit under both federal and Texas law, we look to the more extensive jurisprudential experience of the federal courts on this subject for any guidance it may yield.").

stack contingency upon contingency and would force the Court to speculate about hypothetical future actions by Plaintiff, much less any response by Defendant. This is the essence of an un-ripe claim. *Patterson*, 971 S.W.2d at 442; *see also Hegar v. Space City Mgmt., L.L.C..* --- S.W.3d ---, 2021 WL 5566774, at *3 (Tex. App.—El Paso Nov. 29, 2021, no pet. h.) ("A case is not ripe when the plaintiff's injury depends on contingent or hypothetical facts, or on events that have yet come to pass.").

To the extent Plaintiff labors under the illusion that styling her claims as requests for declaratory relief permits her to seek advisory opinions from the Court, she is mistaken. The Texas Supreme Court has instructed that the Uniform Declaratory Judgments Act (the "Act") is "merely a procedural device for deciding cases already within a court's jurisdiction," not a "legislative enlargement of a court's power, permitting the rendition of advisory opinions." *Tex. Ass'n of Bus.*, 852 S.W.2d at 444 (citations omitted); *see also Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 681 (Tex. 2020) (holding that courts lack jurisdiction over non-ripe declaratory judgment actions and that the Act does not permit advisory opinions). Thus, the Act "does not authorize a court to decide a case in which the issues are hypothetical or contingent," as is the case here. *Lynch*, 595 S.W.3d at 684.

In essence, Plaintiff seeks through the declaratory judgment statute to adjudicate what her defenses might be *if* someone were to bring a lawsuit for breach of an agreement *if* she at some point filed a parentage action. This is a blatant attempt to seek an advisory opinion, and a waste of judicial resources. *See e.g., Transcon. Realty Inv'rs Inc. v. Orix Capital Mkts., LLC*, 353 S.W.3d 241, 245 (Tex. App.—Dallas 2011, pet. denied) ("A defendant may not use a declaratory judgment to prematurely adjudicate defenses to liability that may not yet exist.")

---

**DEFENDANT'S PLEA TO THE JURISDICTION AND SUBJECT THERETO ORIGINAL ANSWER**
Page 5

Such judicial advice about "what the law would be on a hypothetical set of facts" is "the essence of an advisory opinion." *Robinson*, 353 S.W.3d at 756 (internal quotations omitted). The ripeness doctrine, like all justiciability doctrines, places fundamental limits on the Court's exercise of subject matter jurisdiction. Defendant simply asks that those limits be respected and that this case be dismissed.

    2.    **Plaintiff's essential allegation regarding parentage has no place in this Court.**

Despite the misguided attempt to seek redress in this Court under the guise of Declaratory relief, Plaintiff openly admits her true underlying cause of action: "Plaintiff wants the ability to seek to establish parentage under the Uniform Parentage Act[.]" Pet. ¶ 21. But "a litigant's couching its requested relief in terms of declaratory relief does not alter the underlying nature of the suit." *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011) (citations omitted). Therefore, a declaratory judgment is not available if the court does not have jurisdiction over the underlying cause of action. *Id.* Plaintiff's declaratory action in this Court is a surreptitious attempt to evade the clearly established jurisdiction of the family court over her claims.  Her underlying cause of action is, as she explicitly acknowledges in her Petition, arises under the Texas Family Code's codification of the Uniform Parentage Act. *See* Pet. ¶ 21.  Plaintiff has thus filed this lawsuit in the wrong court and, respectfully, this Court lacks jurisdiction over it.

The Uniform Parentage Act set forth at Chapter 160 of the Texas Family Code provides the requirements of a "Proceeding to Adjudicate Parentage." *See* Tex. Fam. Code Ann. §§ 160.601–637. The "courts that are authorized to adjudicate parentage" under the Uniform Parentage Act are only those "with jurisdiction to hear a suit affecting the parent-child relationship under this title." *See id.* § 160.104.  Rule 1 of the Local Rules of the Family District Courts of

Dallas County specifically and exclusively authorize only the Family District Courts[2] to hear "suits affecting the parent-child relationship concerning paternity/legitimation" and "all other cases arising under the Texas Family Code[.]" *See* L.R. 1.01, Local Rules of the Family District Courts of Dallas County, Texas, *available at* https://www.dallascounty.org/Assets/uploads/docs/district-clerk/familyrules.pdf (stating that such cases "*shall be docketed*" in the family courts (emphasis added)).[3]   Further, the family courts are also given jurisdiction over "all matters incident to or originating from such cases including suits for attorneys' fees." *Id.*

It is thus mandated by Texas law that Plaintiff's strategic lawsuit seeking to backdoor a Uniform Parentage Act claim be heard in *family* court, not the general civil docket of this Court. *See id.* Therefore, this Court also lacks jurisdiction over her concerns arising from her not yet filed parentage proceeding and claim for attorney's fees regarding the same. *See id.* Plaintiff has already achieved the primary purpose of filing in this Court to maximize the publicity of her suit by evading the privacy protections of family court, so this Court need not entertain such improper goals and dismiss for lack of subject-matter jurisdiction.

## IV.   <u>GENERAL DENIAL SUBJECT TO THE PLEA TO THE COURT'S JURISDICTION</u>

Subject to the foregoing, pursuant to Texas Rule of Civil Procedure 92, Defendant denies each and every allegation contained in the Original Petition filed by Alexandra Davis, whether express or implied, and demands strict proof thereof by a preponderance of the evidence before a court of competent jurisdiction.

---

[2] The family courts in Dallas County are the 301st, 302nd, 303rd, 330th, 254th, and 256th District Courts.
[3] The Texas Judicial Branch's "Explanation of Case Categories" explicitly notes that cases arising from Chapter 160 of the Texas Family Court shall be relegated to the family court docket. *See* Texas Judicial Branch, District Courts: Explanation of Case Categories, *available at* https://www.txcourts.gov/media/713228/1-Explanation-of-Case-Categories-2014.pdf

**DEFENDANT'S PLEA TO THE JURISDICTION AND SUBJECT THERETO ORIGINAL ANSWER**
**Page 7**

## CONCLUSION

Defendant Jerral W. Jones respectfully requests that this case be dismissed for lack of jurisdiction and, in the alternative, that judgment be rendered in his favor and against Plaintiff and that he be awarded all other relief to which he may be entitled at law and equity.

Respectfully submitted,

McCATHERN, PLLC

*/s/ Levi G. McCathern, II*
Levi G. McCathern, II
State Bar No. 00787990
lmccathern@mccathernlaw.com
Brett M. Chisum
State Bar No. 24082816
bchisum@mccathernlaw.com
3710 Rawlins Street, Suite 1600
Dallas, TX 75219
(214) 741-2662

JACKSON WALKER LLP

*/s/ Charles L. Babcock*
Charles L. Babcock
State Bar No. 01479500
David T. Moran
State Bar No. 14419400
Edwin Buffmire
State Bar No. 24078283
Jackson Walker LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201
(214) 953-6000
(214) 953-5822 – Fax
cbabcock@jw.com
dmoran@jw.com
ebuffmire@jw.com
**ATTORNEYS FOR DEFENDANT
JERRAL W. JONES**

---

**DEFENDANT'S PLEA TO THE JURISDICTION AND SUBJECT THERETO ORIGINAL ANSWER**
**Page 8**

**CERTIFICATE OF SERVICE**

This is to certify that on March 28, 2022, a true and correct copy of the foregoing instrument was served electronically on Plaintiff's counsel of record:

/s/ Levi G. McCathern, II_____
Levi McCathern

DEFENDANT'S PLEA TO THE JURISDICTION AND SUBJECT THERETO ORIGINAL ANSWER
Page 9

**STATE OF TEXAS**
**COUNTY OF DALLAS** }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 17th day of May, A.D., 2023
FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By Annette Bryant Deputy
NaNNette Bryant

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Monica Rivas on behalf of Levi McCathern
Bar No. 00787990
mrivas@mccathernlaw.com
Envelope ID: 63018079
Status as of 3/28/2022 3:01 PM CST

Associated Case Party: ALEXANDRA DAVIS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jay K.Gray | | gray@bergmangray.com | 3/28/2022 2:56:20 PM | SENT |
| Rosemary Sanchez | | sanchez@bergmangray.com | 3/28/2022 2:56:20 PM | SENT |
| Andrew A.Bergman | | bergman@bergmangray.com | 3/28/2022 2:56:20 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| McCathern Receptionist | | receptionist@mccathernlaw.com | 3/28/2022 2:56:20 PM | SENT |
| Carl L.Evans, Jr. | | cevans@mccathernlaw.com | 3/28/2022 2:56:20 PM | SENT |
| Levi McCathern | | lmccathern@mccathernlaw.com | 3/28/2022 2:56:20 PM | SENT |
| Jodi Taylor | | jtaylor@mccathernlaw.com | 3/28/2022 2:56:20 PM | SENT |
| Monica Rivas | | mrivas@mccathernlaw.com | 3/28/2022 2:56:20 PM | SENT |
| Kristin Hecker | | khecker@mccathernlaw.com | 3/28/2022 2:56:20 PM | SENT |
| Elizabeth Criswell | | ecriswell@mccathernlaw.com | 3/28/2022 2:56:20 PM | SENT |
| Jessica Bland | | jbland@mccathernlaw.com | 3/28/2022 2:56:20 PM | SENT |