**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| ALEXANDRA DAVIS,<br>    *Plaintiff*<br><br>vs.<br><br>JERRAL W. JONES, DALLAS COWBOYS<br>FOOTBALL CLUB, LTD., JAMES<br>WILKINSON, TRAILRUNNER<br>INTERNATIONAL, LLC, and DONALD<br>JACK, JR.,<br>    *Defendants* | CIVIL ACTION No.  5:23-cv-00032-RWS |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO**
**DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants file this reply in support of their Motion to Dismiss Plaintiff's First Amended

Complaint (the "Motion"), and respectfully show as follows:

## I.    SUMMARY

In attempting to show the Amended Complaint plausibly demonstrates "actual malice,"

Plaintiff argues that she "included fifty-three paragraphs in the Factual Background section of her

First Amended Complaint," which, she claims, "easily surpasses this [Rule 12(b)(6)] hurdle under

"the liberal" federal pleading standard.[1] But not since the "retired" *Conley v. Gibson* case, fifteen

years ago, has federal pleading been liberal,[2] and certainly not in the context of alleging "actual

malice"—a constitutionally compelled element of a public figure libel suit like this one. *Iqbal and*

*Twombly* require that Plaintiff's allegations must be plausible.

A review of the Amended Complaint reveals that the allegations of "actual malice" are

---

[1] Dkt. 63 at 3.
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009) (citing *Conley v. Gibson*, 355 U.S. 41 (1957))
("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

conclusory and, in the end, highly *implausible*. The first thirty-six paragraphs relate to four publications that were dismissed with prejudice and thus do not allege anything concerning "actual malice" in the only remaining publication, the Second ESPN Article. The remaining paragraphs consist of conclusory language regarding "actual malice" and that will not do.[3]

The Fifth Circuit held these "scant assertions are insufficient to allow the court to infer more than the mere possibility of misconduct" and affirmed dismissal on this basis under Rule 12(b)(6).[4] But Plaintiff argues she has pled more, that Defendants "conceived a storyline in direct contrast to the evidence and facts in Defendants' possession" and "the specific evidence possessed by Defendants prior to their defamatory statements establish not only that the statements issued by Defendants were false, but also that Defendants knew" so.[5]

Plaintiff fails to identify this "specific evidence," which is itself a fatal pleading failure, but when Defendants' Motion attached the very evidence referenced in the Amended Complaint, which *disproves* actual malice, Plaintiff changed her story. Now, she argues that Defendants "mischaracterize and misquote information and quotations"[6] and she meant only that Defendants "[have] copies of all pleadings," referencing paragraph 73(n).[7] This may be true as to that sub-paragraph, but paragraphs 73(c) and 82(c) were not limited to pleadings. They reference "specific evidence possessed by Defendants."[8] And if the Court reviews that evidence, as it must, the opposite of "actual malice" is demonstrated: Plaintiff continued to demand money until a few weeks before she filed her first lawsuit.

---

[3] *See* Amended Compl. at ¶ 69 ("The above statements were published with actual malice by Defendants without privilege or authorization."); *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 744–45 (5th Cir. 2019) (dismissing complaint "alleg[ing] only that [defendants] making the defamatory statements acted with actual malice and/or recklessness as to the truth of those statements").

[4] *Walker*, 938 F.3d at 745.

[5] Amended Compl. at ¶¶ 73(a), 73(c).

[6] Dkt. 63 at 5

[7] *Id.* at 6 (citing Amended Compl. at ¶ 73(n)).

[8] Amended Compl. at ¶¶ 73(c), 82(c).

2

Defendants also disagree with Plaintiff's statement that "every single argument made is based on outside evidence."[9] Not true. First, the Second ESPN Article, the only remaining publication at issue, never quoted Jones or the Dallas Cowboys Football Club, Ltd. ("DCFC"). And there are no specific allegations or legal response as to actual malice against them.

Second, Jack is never quoted as saying "extortion" or "shakedown." True, he is paraphrased by ESPN that he got a far different impression of Plaintiff's motives than her attorney's assertion that Plaintiff was "not seeking money," referencing the dinner meeting at a Dallas steakhouse several years ago. But as *Walker* held, citing many Texas cases, "an understandable misinterpretation of ambiguous facts [does not] constitute actual malice."[10] Given the undisputed communications showing Plaintiff's continuous monetary pursuit, Jack characterizing her motives as a "different impression" is charitable not defamatory.

Third, Wilkinson never uses the word "extortion" although he is quoted as saying "a $20 million shakedown attempt." But whether it is $2 million or $200 million, the gist is the same. As Wilkinson also said, "the facts clearly show that millions of dollars have been paid" (Plaintiff does not and could not challenge the truth of this statement) and "on top of that" additional money was demanded.[11] The November 2017 Letter indisputably demonstrates the truth of that statement, to say nothing of "the evidence in Defendants' possession," including the January 24, 2021 text where Plaintiff writes Jack that "she has been thinking about the letter I wrote to my dad that I gave to you."[12] Her continuous written and oral demands for money do not allow for a plausible pleading of actual malice.[13] Once again there can hardly be a good faith pleading of "actual

---

[9] Dkt. 63 at 3.
[10] *Walker*, 938 F.3d at 744.
[11] Dkt. 59-13 at 3.
[12] Dkt. 59-4 at 17.
[13] Amended Compl. at ¶ 73(b).

malice," much less a plausible one. Finally, Plaintiff fails to engage Defendants' arguments that the complained-of statements are true, substantially true, or nonactionable opinion and has thus waived her opposition on those issues.

Ultimately, the Court need not (but should) consider the communications between Plaintiff and Defendants to prevail. Plaintiff's failure to set forth anything beyond conclusory allegations of actual malice provides the Court ample basis to dismiss Plaintiff's lawsuit again—this final time with prejudice. And this result would follow substantial Circuit precedent.[14]

## II.    ARGUMENT

### A.    Plaintiff's legally insufficient actual malice allegations warrant dismissal.

#### 1.    Plaintiff does not allege specific facts demonstrating actual malice.

To satisfy her burden of pleading actual malice, the Court's order requires Plaintiff to "allege *specific* facts to demonstrate that Defendants knew the statements were false or that they acted with reckless disregard for the truth when they made them."[15] This burden has been described as "onerous"[16] and "demanding."[17] Thus, courts in this Circuit do not hesitate to dismiss defamation complaints that fail to include specific allegations supporting a conclusion that a defendant acted with actual malice.[18] The Amended Complaint falls far short.

Plaintiff alleges that Defendants knew the complained-of-statements were false because they possessed "all [of her] communications" with Jones.[19] This just alleges that Defendants failed

---

[14] *See, e.g.*, *Corsi v. Infowars*, LLC, No. A-20-CV-298-LY, 2021 WL 2115272, at *1 (W.D. Tex. May 25, 2021), *adopted by*, 2021 WL 4955914 (W.D. Tex. June 25, 2021) ("Actual malice is a high burden. . . . [I]n this regard, the Amended Complaint is lacking."); *Immanuel v. CNN, Inc.*, 618 F. Supp. 3d 557, 566 (S.D. Tex. 2022).

[15] *Id.* at 34 (emphasis added).

[16] *See, e.g.*, *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 278 (S.D.N.Y. 2013).

[17] *See, e.g.*, *Fairfax v. New York Pub. Radio*, No. CR-122-CV-895-AJT-IDD, 2023 WL 3303125, at *3 (E.D. Va. Apr. 4, 2023); *Z.F. v. Ripon Unified Sch. Dist.*, 482 F. App'x 239, 241 (9th Cir. 2012).

[18] *See, e.g.*, *Walker*, 938 F.3d at 745; *Immanuel*, 618 F. Supp. 3d at 566; *Corsi*, 2021 WL 2115272, at *1; *Shaunfield v. Experian Info. Sols., Inc.*, No. 3:12-CV-4686-M (BH), 2013 WL 12354439, at *4 (N.D. Tex. Dec. 20, 2013); *Borninski v. Williamson*, No. 3:02-CV-1014-L, 2003 WL 22952571, at *7 (N.D. Tex. July 31, 2003).

[19] Amended Compl. at ¶¶ 73(c), 82(c).

4

to review their own files, which is not actual malice.[20] Further, Plaintiff fails to allege any specific facts showing how those communications actually demonstrate the falsity of any complained-of-statement, much less any Defendant's knowledge of falsity—two essential elements of defamation.[21] Similarly, in *Couch v. Verizon Communications, Inc.*, plaintiff Couch alleged that Isikoff made statements with actual malice by claiming that two information sources—statements made by a journalist and a *Washington Post* article—should have alerted Isikoff that his statements were false.[22] The court held that even if Isikoff was aware of that information prior to publishing the complained-of-statements, Couch's attempt to use that information to show Isikoff knew his statements were false was "a bridge to nowhere" because Couch did not "show how either piece of information **shows the falsity** of any of the statements underpinning" his suit.[23] The court held the complaint lacked allegations of actual malice.[24]

In the same way, Plaintiff claims that "all [of her] communications" with Jones demonstrate that Wilkinson knew his statements were false.[25] But, like Couch, Plaintiff fails to "show how [those communications] show[] the falsity of any" complained-of-statement.[26] Critically, she does not even cite any specific communications with Jones, or explain how such communications evince the falsity of any statement in the Second ESPN Article, much less how such communications show that Wilkinson made a statement with knowledge of falsity. Absent specific allegations—*e.g.*, allegations concerning "the existence or contents of *specific*

---

[20] *See, e.g.*, *Dongguk Univ. v. Yale Univ.*, 734 F.3d 113, 126 (2d Cir. 2013) ("Even the failure to review one's own files is inadequate to demonstrate malice by the party responsible for publishing a statement.")
[21] *See Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 513 (1991) (the actual malice "inquiry in turn requires us to consider the concept of falsity; for we cannot discuss the standards for knowledge or reckless disregard without some understanding of the acts required for liability").
[22] No. CV 20-2151 (RJL), 2022 WL 3016755, *5 (D.D.C. July 29, 2022).
[23] *Id.* (emphasis added).
[24] *Id.*
[25] *See* Amended Compl. at ¶¶ 73(c), 82(c).
[26] *Couch*, 2022 WL 3016755, at *5 (emphasis added).

discussions"—Plaintiff merely presents "scant assertions" insufficient to allege actual malice.[27]

### 2.    Plaintiff's perfunctory Response is inadequate.

Plaintiff must do more than merely repeat conclusory allegations from the Amended Complaint.[28] But she does not. Instead, Plaintiff suggests that the Court craft her argument. For example, Plaintiff claims "the Court can easily see specific factual allegations regarding actual malice"[29] and implores the Court to "look[] at the multitude of pages filled with facts regarding specific events and occurrences involving Defendants," but does not direct the Court to any such allegations, much less explain how they show knowing falsity.[30] Nor does Plaintiff explain how non-speakers Jones or DCFC could have acted with actual malice based on the utterances of their alleged agents.[31]

If judges "are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."[32] Despite two chances to do so, Plaintiff still has "not pled facts sufficient to suggest [s]he can meet the heavy, and often insurmountable burden of proving that [Defendants] acted with actual malice."[33] This failure warrants dismissal.

### B.    The Court may consider Plaintiff's communications attached to the Motion.

Rather than explain how "all [of her] communications" with Jones show actual malice,

---

[27] *Walker*, 938 F.3d at 745.

[28] *See, e.g.*, *Knutson v. Harris*, No. 3:17-CV-2618-BK, 2018 WL 4281557, at *6 (N.D. Tex. Sept. 6, 2018) (granting motion to dismiss where plaintiffs "fail[ed] to demonstrate how the allegations in their [amended complaint] satisf[ied] the applicable pleading standards" and "merely repeat[ed] the allegations in their [amended complaint] in bullet-point format and blithely" concluded that those allegations satisfied their pleading burden).

[29] Dkt. 63 at 14.

[30] Dkt. 63 at 16.

[31] *See Masson v. New Yorker Mag., Inc.*, 832 F. Supp. 1350, 1373 (N.D. Cal. 1993), *aff'd*, 85 F.3d 1394 (9th Cir. 1996) ("[T]he constitutional mandate of *New York Times v. Sullivan* prohibits liability based solely upon an agency relationship.").

[32] *Scott v. Liberty Cnty., Tex.*, No. 1:10-CV-609-TH, 2012 WL 6000405, at *8 (E.D. Tex. Nov. 30, 2012).

[33] *Ayyadurai v. Walsh*, No. 20-CV-11531-ADB, 2021 WL 3374915, at *11 (D. Mass. Aug. 3, 2021).

Plaintiff attempts to hide these communications from the Court.[34] Tellingly, however, Plaintiff does not dispute the facts: from November 2017 up until she decided to sue Jones in 2022, Plaintiff continuously demanded money and other things of value from Jones. Instead, Plaintiff claims that she did not refer to "all communications," that Defendants purportedly "misquote[d]" allegations in the Amended Complaint to show otherwise, and that the text messages are not central to her defamation claim. Plaintiff is wrong on all counts.

In explaining the Court's ability to consider Plaintiff's communications, Defendants quoted language from paragraphs 73(c), 73(n), 82(c), and 82(n) of the Amended Complaint.[35] While Defendants abbreviated those paragraphs for conciseness, the entire passages confirm that Plaintiff relies upon—without limitation—"all communications" between herself and Jones. Specifically, Plaintiff alleged:

> Defendants Wilkinson and Trailrunner possessed *all communications between Davis and Jones*, as well as copies of the pleadings and other relevant documents. The specific evidence possessed by Defendants prior to their defamatory statements establish not only that the statements issued by Defendants were false, but also that Defendants knew the statements were false. Defendants had a copy of the Petition from the First Lawsuit specifically stating the relief requested by Plaintiff. That relief was not a request or demand for money at all,[36] and especially not a demand for $20 million dollars. Defendants consciously and intentionally ignored this known and available evidence and proceeded to defame Plaintiff with the preconceived narrative that she was an extortionist.[37]
>
> * * *
>
> Defendant Wilkinson and the other Defendants had copies of all pleadings. They had copies of *all communications between Davis and Defendant Jones* (as evidenced by Defendants leaking those documents to the press). Nowhere in those communications or court documents does it state Plaintiff was seeking any money at all, much less $20 million.[38] Defendants ignored all of the actual facts to portray to the press that Plaintiff was a 'shakedown artist' and an 'extortionist.'[39]

Plaintiff now claims that she only referred to "communications made about the filing of

---

[34] *See* Dkt. 63 at 5–8.
[35] *See* Dkt. 59 at 16 n.45–47.
[36] Plaintiff *did* seek money in the First Davis Lawsuit. *See* Dkt. 59 at n.91.
[37] Amended Compl. at ¶¶ 73(c), 82(c) (emphasis added).
[38] Plaintiff does not dispute she send numerous texts messages demanding money from Jones.
[39] Amended Compl. at ¶¶ 73(n), 82(n) (emphasis added).

the First Lawsuit, not all communications for all time between the parties."[40] But that is not what Plaintiff alleged when she unmistakably referenced *all* communications between Jones and herself. Plaintiff's *post hoc* reconstructions are improper attempts to amend her complaint through a response brief.[41]

Equally meritless is the argument that "all [of Plaintiff's] communications" with Jones's agent are not central to her claim. Plaintiff *relies on* these communications to allege both elements of falsity and actual malice.[42] The communications are thus central to her claim, referenced in the Amended Complaint, and properly considered.[43] Plaintiff offers no substantive rebuttal.[44] The Court may thus consider the communications.[45]

## C.  The Court may consider all grounds for dismissal raised in the Motion.

Presumably attempting to invoke the law-of-the-case doctrine, Plaintiff claims (without citing authority) that Defendants are precluded from arguing that statements in the Second ESPN Article are true, substantially true, or nonactionable opinion because "the Court already determined in its prior order" that the Second ESPN Article "could be defamatory."[46] Plaintiff is incorrect. Courts in the Fifth Circuit routinely reject attempts to use the law-of-the-case doctrine to limit

---

[40] Dkt. 63 at 6; *see also id.* at 7 (quoting Amended Compl. at ¶ 61).

[41] *See Carnahan v. Argon Med. Devices, Inc.*, No. 6:22-CV-080-JDK, 2022 WL 2392312, at *4 (E.D. Tex. July 1, 2022).

[42] *See* Dkt. 59 at 16–17.

[43] *See, e.g.*, *Amin v. NBCUniversal Media, LLC*, No. 5:21-CV-56, 2022 WL 16964770, at *4 n.5 (S.D. Ga. Nov. 16, 2022) (document relied upon to show defendant's statement was false was central to plaintiff's defamation claims and properly considered); *Moore v. Cecil*, 488 F. Supp. 3d 1144, 1150 (N.D. Ala. 2020) (documents relating to efforts to prove actual malice were central to the defamation claim" and thus properly considered).

[44] *See* Dkt. 63 at 8.

[45] The remaining exhibits may also be considered: the November 2017 Letter (Exhibit 1) is referenced in the Amended Complaint and Second ESPN Article and Plaintiff previously acknowledged that the Letter could be considered at this stage. *See* Dkt. 42 at 52:12–24. The First Davis Lawsuit Petition, Plea to the Jurisdiction, Motion for Nonsuit, Order of Nonsuit, and Second Davis Lawsuit Petition (Exhibits 3–7, respectively) are all referenced in the Amended Complaint, and are court filings ripe for judicial notice. *See Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020). The Preservation Letter, Jack Affidavit, First ESPN Article, and Pre-Suit Letter (Exhibits 8–10 and 12, respectively) may be considered because Plaintiff still alleges defamation claims based on these publications. *See* Amended Compl. at ¶¶ 68, 73.

[46] Dkt. 63 at 17.

arguments in successive motions to dismiss.[47] Indeed, the Court's dismissal order was based on allegations that have been "superseded and replaced" by the Amended Complaint.[48] And Plaintiff cannot seriously argue that "[n]othing has changed" in her Amended Complaint, which includes thirteen pages of additional allegations.[49] Even if the law-of-the-case doctrine applied, it does not "prevent a district court from reconsidering prior rulings."[50] The Court may thus address dismissal on all grounds, including truth and opinion.

### D.     Plaintiff waived grounds concerning truth, substantial truth, and opinion.

Dismissal is also warranted on the grounds that the complained-of-statements in the Second ESPN Article are true, substantially true, or nonactionable opinion. But Plaintiff's briefing on these issues consists entirely of one conclusory, eight-sentence paragraph that cites no authority and is wholly non-responsive.[51] As this Court has held, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bone."[52] Thus, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."[53] Plaintiff's failure to respond to Defendants' arguments thus constitutes waiver as to the grounds of truth, substantial truth, and opinion.[54]

Even without waiver, the threadbare Response confirms that dismissal on these grounds is proper. As to Defendants' truth/substantial truth arguments, Plaintiff does not even address the

---

[47] *See, e.g.*, *Villegas v. City of El Paso*, No. EP-15-CV-00386-FM, 2020 WL 981878, at *4 (W.D. Tex. Feb. 28, 2020) (rejecting similar law-of-the-case argument and concluding that "the court has authority to rule on all grounds for dismissal presented in the" motions to dismiss); *Wetherbe v. Nail*, No. 5:15-CV-119-Y, 2019 WL 13240902, at *2 n.3 (N.D. Tex. Dec. 3, 2019) (court's prior ruling that plaintiff's original complaint sufficiently pleaded an element of a claim that was ultimately dismissed did not prevent defendant from arguing in a successive motion to dismiss that plaintiff failed to plead the same element of that claim in her amended complaint).
[48] *McZeal v. Deutsche Bank Nat'l Tr. Co.*, 726 F. App'x 968, 971 (5th Cir. 2018).
[49] Dkt. 63 at 17.
[50] *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010).
[51] *See* Dkt. 63 at 17–18.
[52] *Mann v. Choate*, No. 6:16-CV-1315, 2018 WL 1400945, at *8 (E.D. Tex. Mar. 19, 2018).
[53] *Id.*
[54] *Id.*

critical text messages (save for a plea that the Court ignore her own admissions) or dispute that they show her continuously demanding money from Jones through his attorney for years. Nor does she dispute that the messages conclusively refute any temporal distinction between her monetary motives in writing the November 2017 Letter and her motives in suing Jones in 2022, an argument Plaintiff has apparently discarded despite it being the sole basis for the Court affording her leave to amend as to the Second ESPN Article.[55]

Plaintiff fails to respond to the opinion ground as well. Plaintiff does not explain how Wilkinson's subjective assertion regarding Plaintiff's monetary motivations—qualified by the phrase "I think"—is anything other than classic opinion.[56] Nor does she address that Wilkinson's statements were made during a contentious lawsuit and in response to statements made by Plaintiff (through her attorneys) in the press, including the First ESPN Article.[57] Viewed in this context, a reasonable reader would understand Wilkinson's statements to be opinion.[58] Thus, Plaintiff's claim may be dismissed on truth, substantially truth, or nonactionable opinion.

### III.   CONCLUSION

The Court should dismiss Plaintiff's remaining claims with prejudice.

---

[55] *See* Dkt. 50 at 30.
[56] *See Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 87 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("[A] statement speculating about [a party's] motive for its decision is not defamatory as a matter of law.").
[57] Dkt. 59 at 26–28.
[58] *See, e.g., Jacobs v. The Oath for La., Inc.*, 221 So.3d 241, 248 (La. App. 2017) (statement "speculat[ing]" that plaintiff filed lawsuit to obtain a settlement is the type of statement "commonly made in the context of litigation between parties on opposite sides of a controversy" and "clearly recognizable by an ordinary person as expressing an opinion"); *Gentile v. Grand St. Med. Assoc.*, 79 A.D.3d 1351, 1353 (N.Y. 4th Dept. 2010) (defendant's statement regarding plaintiffs' desire "to make easy money" was nonactionable opinion—a civil lawsuit "is by its nature contentious and an average reader would recognize that statements made by the alleged wrongdoer . . . published under such circumstances are likely to be the product of passionate advocacy").

Dated: January 5, 2024

FOLSOM ADR PLLC

*/s/ David Folsom*
David Folsom
State Bar No. 07210800
david@folsomadr.com
6002-B Summerfield Dr.
Texarkana, TX 75503
(903) 277-7303

JACKSON WALKER LLP

*/s/ Charles L. Babcock*
Charles L. Babcock
State Bar No. 01479500
cbabcock@jw.com
Nancy W. Hamilton
State Bar No. 11587925
nhamilton@jw.com
1401 McKinney Street
Suite 1900
Houston, TX 77010
(713) 752-4210
(713) 752-4221 - Fax

David T. Moran
State Bar No. 14419400
dmoran@jw.com
Edwin Buffmire
State Bar No. 24078283
ebuffmire@jw.com
Cody Martinez
State Bar No. 24102146
cmartinez@jw.com
2323 Ross Avenue
Suite 600
Dallas, TX 75201
(214) 953-6000
(214) 953-5822 – Fax

**ATTORNEYS FOR DEFENDANTS JERRAL W. JONES, DALLAS COWBOYS FOOTBALL CLUB, LTD., JAMES WILKINSON, TRAILRUNNER INTERNATIONAL, LLC AND DONALD JACK, JR.**

**<u>CERTIFICATE OF SERVICE</u>**

On January 5, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  I hereby certify that I will serve all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

<u>*/s/ Edwin Buffmire*   </u>
Edwin Buffmire