**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| ALEXANDRA DAVIS,<br>　　　*Plaintiff*<br><br>vs.<br><br>JERRAL W. JONES, DALLAS COWBOYS<br>FOOTBALL CLUB, LTD., JAMES<br>WILKINSON, TRAILRUNNER<br>INTERNATIONAL, LLC, and DONALD<br>JACK, JR.,<br>　　　*Defendants* | CIVIL ACTION No.  5:23-cv-00032-RWS |

**DEFENDANTS' CORRECTED REPLY IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants file this reply in support of their Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion") as follows:

## I.     SUMMARY

In an attempt to show the First Amended Complaint ("Amended Complaint") plausibly demonstrates "actual malice," Plaintiff argues that she "included fifty-three paragraphs in the Factual Background section of her First Amended Complaint," which, she claims, "easily surpasses this [Rule 12(b)(6)] hurdle under "the liberal" federal pleading standard.[1] But not since the "retired" *Conley v. Gibson* case, fifteen years ago, has federal pleading been liberal,[2] and certainly not in the context of alleging "actual malice"—a constitutionally compelled element of a public figure libel suit like this one. *Iqbal and Twombly* require that Plaintiff's allegations must be plausible.

---

[1] Dkt. 63 at 3.
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

Review of the Amended Complaint reveals that the allegations of "actual malice" are conclusory and, in the end, highly *implausible*. The first thirty-six paragraphs relate to the four publications that have been dismissed with prejudice and therefore do not allege anything concerning "actual malice" of the only remaining publication, the Second ESPN Article. The remaining paragraphs contain only conclusory language regarding "actual malice" and that will not do.[3]

As the Fifth Circuit held in *Walker*, these "scant assertions are insufficient to allow the court to infer more than the mere possibility of misconduct" affirming dismissal on the "actual malice" requirement under Rule 12(b)(6).[4] But Plaintiff argues that she has pled more, claiming that Defendants "conceived a storyline in direct contrast to the evidence and facts in Defendants' possession" and "the specific evidence possessed by Defendants prior to their defamatory statements establish not only that the statements issued by Defendants were false, but also that Defendants knew" so.[5]

Plaintiff fails to identify this "specific evidence," which is itself a fatal pleading failure, but when Defendants' Motion *specifically* attached the very evidence referenced in the Amended Complaint which *disproves* actual malice, Plaintiff changed her story. Now, she argues that Defendants "mischaracterize and misquote information and quotations" in the Amended Complaint[6] and she meant only that Defendants "[have] copies of all pleadings" referencing paragraph 73(n) of the Amended Complaint.[7] This may be true as to that sub-paragraph, but

---

[3] *See* Amended Compl. at ¶ 69 ("The above statements were published with actual malice by Defendants without privilege or authorization."); *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 744–45 (5th Cir. 2019) (dismissing complaint "alleg[ing] only that [defendants] making the defamatory statements acted with actual malice and/or recklessness as to the truth of those statements").

[4] *Walker*, 938 F.3d at 745.

[5] Amended Compl. at ¶¶ 73(b),73(c).

[6] Dkt. 63 at 5

[7] *Id.* at 6 (citing Amended Compl. at ¶ 73(n)).

paragraphs 73(b) , 73(c) , 82(b) and 82(c) were not limited to pleadings, but rather, referred to "specific evidence possessed by Defendants."[8] And if the Court reviews that evidence attached to the Motion and central to Plaintiff's claim of "actual malice", as it must, the opposite of "actual malice" is demonstrated: Plaintiff continued to demand money until a few months before she filed her first lawsuit.

Defendants disagree with Plaintiff's statement that "every single argument made is based on outside evidence."[9] Not true. First, the Second ESPN Article, the only remaining publication at issue, never quoted Jones or the Dallas Cowboys Football Club, Ltd. ("DCFC"). And there are no specific allegations or legal response as to actual malice against them. The Court can determine that  from the face of the article and the Amended Complaint

Second, Jack is never quoted as saying "extortion" or "shakedown," or any derivation of those words. True, as paraphrased by ESPN, Jack said he got a far different impression of Plaintiff's motives "when he met with her and her mother at a Dallas steakhouse several years ago," than her attorney's assertion that Plaintiff was "not seeking money." But as *Walker* held, citing many Texas cases, "an understandable misinterpretation of ambiguous facts [does not] constitute actual malice."[10] Given the undisputed communications showing Plaintiff's continuous monetary pursuit, Jack characterizing her motives as a "different impression" is charitable not defamatory.

Third, Wilkinson never uses the word "extortion" although he is quoted as saying "a $20 million shakedown attempt." But whether it is $2 million or $200 million, the gist is the same. As Wilkinson also said, "the facts clearly show that millions of dollars have been paid" (Plaintiff does

---

[8] Amended Compl. at ¶¶ 73(c), 82(c).
[9] Dkt. 63 at 3.
[10] *Walker*, 938 F.3d at 744.

3

not and could not challenge the truth of this statement) and "on top of that" additional money was demanded.[11] The November 2017 Letter indisputably demonstrates the truth of that statement, to say nothing of "the evidence in Defendants' possession," including the January 24, 2021 text where Plaintiff writes Jack that "she has been thinking about the letter I wrote to my dad that I gave to you."[12] Her continuous written and oral demands for money do not allow for a plausible pleading of actual malice.[13] Once again there can hardly be a good faith pleading of "actual malice," much less a plausible one.

Finally, Plaintiff's Response fails to engage Defendants' arguments that the complained-of statements are true, substantially true, or non-actionable opinion.

Plaintiff's failure to set forth anything beyond conclusory allegations of actual malice and her inability to address truth or opinion provides the Court ample basis to dismiss Plaintiff's lawsuit again—this final time with prejudice. And this result would follow substantial Circuit precedent.[14]

## II.     ARGUMENT

**A.     Plaintiff does not plausibly allege that any Defendant acted with constitutional actual malice.**

**1.     Plaintiff cannot predicate her actual malice allegations on vague references to "communications" purportedly in Defendants' possession.**

To satisfy her burden of pleading actual malice, the Court's order requires Plaintiff to "allege *specific* facts to demonstrate that Defendants knew the statements were false or that they acted with reckless disregard for the truth when they made them."[15] This burden has been described

---

[11] Dkt. 59-13 at 3.
[12] Dkt. 59-4 at 17.
[13] Amended Compl. at ¶ 73(b).
[14] *See, e.g.*, *Immanuel v. CNN, Inc.*, 618 F. Supp. 3d 557, 566 (S.D. Tex. 2022).
[15] *Id.* at 34 (emphasis added).

as "onerous"[16] and "demanding."[17] Thus, courts in this Circuit do not hesitate to dismiss defamation complaints that fail to include specific allegations supporting a conclusion that a defendant acted with actual malice.[18] The Amended Complaint falls far short.

Plaintiff alleges that Defendants knew the complained-of-statements were false because they had in their possession "all [of her] communications" with Jones.[19] Yet this is simply an allegation that Defendants failed to review their own files, which is inadequate to allege actual malice.[20] Further, Plaintiff fails to allege any specific facts showing how those communications actually demonstrate the falsity of any complained-of-statement, much less any Defendant's knowledge of falsity—two independent essential elements of defamation.[21]

In *Couch v. Verizon Communications, Inc.*, plaintiff Matthew Couch alleged that Michael Isikoff made statements with actual malice by claiming that two information sources—statements made by a journalist and a *Washington Post* article—should have alerted Isikoff that his statements were false.[22] The court held that even if Isikoff was aware of that information prior to publishing the complained-of-statements, Couch's attempt to use that information to show Isikoff knew his statements were false was "a bridge to nowhere" because Couch did not "show how either piece of information **shows the falsity** of any of the statements underpinning" his suit.[23] The court held

---

[16] *See, e.g.*, *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 278 (S.D.N.Y. 2013).

[17] *See, e.g.*, *Fairfax v. New York Pub. Radio*, No. CR-122-CV-895-AJT-IDD, 2023 WL 3303125, at *3 (E.D. Va. Apr. 4, 2023); *Z.F. v. Ripon Unified Sch. Dist.*, 482 F. App'x 239, 241 (9th Cir. 2012).

[18] *See, e.g.*, *Walker*, 938 F.3d at 745; *Immanuel*, 618 F. Supp. 3d at 566; *Corsi v. Infowars*, LLC, No. A-20-CV-298-LY, 2021 WL 2115272, at *1 (W.D. Tex. May 25, 2021), *adopted by*, 2021 WL 4955914 (W.D. Tex. June 25, 2021); *Shaunfield v. Experian Info. Sols., Inc.*, No. 3:12-CV-4686-M (BH), 2013 WL 12354439, at *4 (N.D. Tex. Dec. 20, 2013); *Borninski v. Williamson*, No. 3:02-CV-1014-L, 2003 WL 22952571, at *7 (N.D. Tex. July 31, 2003).

[19] Amended Compl. at ¶¶ 73(c), 82(c).

[20] *See, e.g.*, *Dongguk Univ. v. Yale Univ.*, 734 F.3d 113, 126 (2d Cir. 2013) ("Even the failure to review one's own files is inadequate to demonstrate malice by the party responsible for publishing a statement.")

[21] *See Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 513 (1991) (the actual malice "inquiry in turn requires us to consider the concept of falsity; for we cannot discuss the standards for knowledge or reckless disregard without some understanding of the acts required for liability").

[22] No. CV 20-2151 (RJL), 2022 WL 3016755, *5 (D.D.C. July 29, 2022).

[23] *Id.* (emphasis added).

the complaint lacked allegations of actual malice.[24]

In the same way, Plaintiff claims that "all [of her] communications" with Jones demonstrate that Wilkinson knew his statements were false.[25] But, like Couch, Plaintiff fails to "show how [those communications] show[] the falsity of any" complained-of-statement.[26] Critically, she does not even cite any specific communications with Jones, or explain how such communications evince the falsity of any statement in the Second ESPN Article, much less how such communications show that Wilkinson made a statement with knowledge of falsity. Absent specific allegations—*e.g.*, allegations concerning "the existence or contents of *specific* discussions"—Plaintiff merely presents "scant assertions" insufficient to allege actual malice.[27]

### 2.   Plaintiff's perfunctory Response is inadequate.

Plaintiff must do more than merely repeat conclusory allegations from the Amended Complaint.[28] But she does not. Instead, Plaintiff suggests that the Court craft her argument. For example, Plaintiff claims "the Court can easily see specific factual allegations regarding actual malice"[29] and implores the Court to "look[] at the multitude of pages filled with facts regarding specific events and occurrences involving Defendants," but does not direct the Court to any such allegations, much less explain how they show knowing falsity.[30] Nor does Plaintiff explain how Jones or DCFC, neither of whom were quoted in the Second ESPN Article, could have acted with actual malice based on the utterances of their alleged agents.[31]

---

[24] *Id.*

[25] *See* Amended Compl. at ¶¶ 73(c), 82(c).

[26] *Couch*, 2022 WL 3016755, at *5 (emphasis added).

[27] *Walker*, 938 F.3d at 745.

[28] *See, e.g.*, *Knutson v. Harris*, No. 3:17-CV-2618-BK, 2018 WL 4281557, at *6 (N.D. Tex. Sept. 6, 2018) (granting motion to dismiss where plaintiffs "fail[ed] to demonstrate how the allegations in their [amended complaint] satisf[ied] the applicable pleading standards" and "merely repeat[ed] the allegations in their [amended complaint] in bullet-point format and blithely" concluded that those allegations satisfied their pleading burden).

[29] Dkt. 63 at 14.

[30] Dkt. 63 at 16.

[31] *See Masson v. New Yorker Mag., Inc.*, 832 F. Supp. 1350, 1373 (N.D. Cal. 1993), *aff'd*, 85 F.3d 1394 (9th

As this Court has held, if judges "are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."[32] It is thus Plaintiff's—not the Court's—responsibility to respond to Defendants' arguments. And despite two opportunities to do so. Despite two chances to do so, Plaintiff still has "not pled facts sufficient to suggest [s]he can meet the heavy, and often insurmountable burden of proving that [Defendants] acted with actual malice."[33] This failure warrants dismissal.

**B.      The Court may consider Plaintiff's communications attached to the Motion.**

Rather than explain how "all [of her] communications" with Jones show actual malice, Plaintiff attempts to misdirect the Court.[34] Tellingly, however, Plaintiff does not dispute the facts: from November 2017 right up until she decided to sue Jones in 2022, Plaintiff continuously demanded money and other things of value (as we have been saying, a paternity test is a thing of value to Plaintiff) from Jones. Instead, Plaintiff claims that she did not refer to "all communications," that Defendants purportedly "misquote[d]" allegations in the Amended Complaint to show otherwise, and that the text messages are not central to her defamation claim. Plaintiff is wrong on all counts.

In explaining the Court's ability to consider Plaintiff's communications, Defendants quoted language from paragraphs 73(b)–(c), 73(n), 82(b)–(c), and 82(n) of the Amended Complaint.[35] While Defendants abbreviated those paragraphs for conciseness, the entire passages confirm the accuracy and that Plaintiff referred to—without limitation—"all communications"

---

Cir. 1996) ("[T]he constitutional mandate of *New York Times v. Sullivan* prohibits liability based solely upon an agency relationship.").

[32] *Scott v. Liberty Cnty., Tex.*, No. 1:10-CV-609-TH, 2012 WL 6000405, at *8 (E.D. Tex. Nov. 30, 2012).

[33] *Ayyadurai v. Walsh*, No. 20-CV-11531-ADB, 2021 WL 3374915, at *11 (D. Mass. Aug. 3, 2021).

[34] *See* Dkt. 63 at 5–8.

[35] *See* Dkt. 59 at 16 n.45–47.

between herself and Jones.

Plaintiff now claims that she only referred to "communications made about the filing of the First Lawsuit, not all communications for all time between the parties."[36] But that is not what Plaintiff alleged when she unmistakably referenced *all* communications between Jones and herself. Plaintiff's *post hoc* explanation of what she actually meant or intended are irrelevant and amount to an improper attempt to amend her complaint through a response brief.[37]

Equally meritless is the argument that "all [of Plaintiff's] communications" with Jones's agent are not central to her defamation claim. As explained, Plaintiff *relies on* these communications to allege both elements of falsity and actual malice.[38] The communications are thus central to her claim, referenced in the Amended Complaint, and properly considered.[39] Beyond the conclusory (and baseless) assertion that the Second ESPN Article is the only document central to her claim,[40] Plaintiff offers no substantive rebuttal.[41] The Court may thus consider the communications.[42]

## C.    The Court may consider all grounds for dismissal raised in the Motion.

Plaintiff claims (without citing authority) that Defendants are precluded from arguing that

---

[36] Dkt. 63 at 6; *see also id.* at 7 (quoting Amended Compl. at ¶ 61).

[37] *See Carnahan v. Argon Med. Devices, Inc.*, No. 6:22-CV-080-JDK, 2022 WL 2392312, at *4 (E.D. Tex. July 1, 2022) ("[I]t is well settled that a plaintiff cannot amend her complaint through a response brief.").

[38] *See* Dkt. 59 at 16–17.

[39] *See, e.g.*, *Amin v. NBCUniversal Media, LLC*, No. 5:21-CV-56, 2022 WL 16964770, at *4 n.5 (S.D. Ga. Nov. 16, 2022) (document relied upon to show defendant's statement was false was central to plaintiff's defamation claims and properly considered); *Moore v. Cecil*, 488 F. Supp. 3d 1144, 1150 (N.D. Ala. 2020) (documents relating to efforts to prove actual malice were central to the defamation claim" and thus properly considered).

[40] Despite admitting the centrality of the Second ESPN Article, Plaintiff inexplicably objects to the Court's consideration of the article. *See* Dkt. 63 at 4 (objecting to Exhibit 11). That baseless objection should be overruled.

[41] *See* Dkt. 63 at 8.

[42] The remaining exhibits may also be considered: the November 2017 Letter (Exhibit 1) is referenced in the Amended Complaint and Second ESPN Article and Plaintiff previously acknowledged that the Letter could be considered at this stage. *See* Dkt. 42 at 52:12–24. The First Davis Lawsuit Petition, Plea to the Jurisdiction, Motion for Nonsuit, Order of Nonsuit, and Second Davis Lawsuit Petition (Exhibits 3–7, respectively) are all referenced in the Amended Complaint, and are court filings ripe for judicial notice. *See Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020). The Preservation Letter, Jack Affidavit, First ESPN Article, and Pre-Suit Letter (Exhibits 8–10 and 12, respectively) may be considered because Plaintiff still alleges defamation claims based on these publications. *See* Amended Compl. at ¶¶ 68, 73.

statements in the Second ESPN Article are true, substantially true, or non-actionable opinion because "the Court already determined in its prior order" that the Second ESPN Article "could be defamatory."[43] Plaintiff is incorrect, as courts in the Fifth Circuit routinely hold.[44] Indeed, the Court's dismissal order was based on allegations that have been "superseded and replaced" by the Amended Complaint.[45] The Court may and should address dismissal on all grounds, including truth and opinion.

**D.      Plaintiff's failure to meaningfully respond to Defendants' grounds concerning truth, substantial truth, and opinion constitutes waiver of those issues.**

Dismissal is also warranted because the complained-of-statements in the Second ESPN Article are true, substantially true, or non-actionable opinion. But Plaintiff's briefing on these issues consists entirely of one conclusory, eight-sentence paragraph that cites no authority and is wholly non-responsive.[46] As this Court has held, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bone."[47] Plaintiff's failure to respond to Defendants' arguments thus constitutes waiver as to the grounds of truth, substantial truth, and opinion.[48]

---

[43] Dkt. 63 at 17.

[44] *See, e.g.*, *Rotstain v. Trustmark Nat'l Bank*, No. 3:09-CV-2384-N, 2021 WL 3372249, at *3 (N.D. Tex. Aug. 3, 2021) (holding law-of-the-case doctrine did not prevent consideration of motion to dismiss amended complaint even where plaintiff claimed "the operative facts are the same"); *Villegas v. City of El Paso*, No. EP-15-CV-00386-FM, 2020 WL 981878, at *4 (W.D. Tex. Feb. 28, 2020) (rejecting similar law-of-the-case argument and concluding that "the court has authority to rule on all grounds for dismissal presented in the" motions to dismiss); *Wetherbe v. Nail*, No. 5:15-CV-119-Y, 2019 WL 13240902, at *2 n.3 (N.D. Tex. Dec. 3, 2019) (court's prior ruling that plaintiff's original complaint sufficiently pleaded an element of a claim that was ultimately dismissed did not prevent defendant from arguing in a successive motion to dismiss that plaintiff failed to plead the same element of that claim in her amended complaint); *Hernandez v. Frazier*, No. CV SA-11-CA-9-FB, 2012 WL 12895761, at *7 (W.D. Tex. Sept. 14, 2012), *adopted by*, 2013 WL 12142682 (W.D. Tex. Jan. 31, 2013) (rejecting argument that court's prior ruling on motion dismiss "barred" defendants from raising certain arguments in a successive motion to dismiss).

[45] *McZeal v. Deutsche Bank Nat'l Tr. Co.*, 726 F. App'x 968, 971 (5th Cir. 2018); *see* Dkt. 50 at 30 ("*Taking Plaintiff's allegations as true*, the Second ESPN Article could plausible have defamatory meaning.") (emphasis added).

[46] *See* Dkt. 63 at 17–18.

[47] *Mann v. Choate*, No. 6:16-CV-1315, 2018 WL 1400945, at *8 (E.D. Tex. Mar. 19, 2018).

[48] *Id.*

Plaintiff fails to respond to the opinion ground as well. Plaintiff does not explain how Wilkinson's subjective assertion regarding Plaintiff's monetary motivations—qualified by the phrase "I think"—is anything other than classic opinion.[49] Nor does she address that Wilkinson's statements were made during a contentious lawsuit and in response to statements made by Plaintiff (through her attorneys) in the press, including the First ESPN Article.[50] Viewed in this context, a reasonable reader would understand Wilkinson's statements to be opinion.[51]

### III.   CONCLUSION

Defendants respectfully request that the Court grant the Motion, dismiss Plaintiff's remaining claim with prejudice, and award such other and further relief, at law or in equity, to which Defendants may be justly entitled.

---

[49] *See Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 639–40 (Tex. 2018) (finding statements made in article that used the "first-person, informal style [*e.g.,* 'I think'] indicates that the format is subjective rather than objective" and thus that "the statement is an opinion"); *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 87 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("[A] statement speculating about [a party's] motive for its decision is not defamatory as a matter of law.").

[50] Dkt. 59 at 26–28.

[51] *See, e.g.*, *Control Corp. v. Genesis One Computer Corp.*, 611 F.2d 781, 784 (9th Cir. 1980) (in the midst of a lawsuit, "the audience may anticipate efforts by the parties to persuade others to their positions by use of epithets, fiery rhetoric or hyperbole, (and thus) language which generally might be considered as statements of fact may well assume the character of statements of opinion"); *Jacobs v. The Oath for La., Inc.*, 221 So.3d 241, 248 (La. App. 2017) (statement "speculat[ing]" that plaintiff filed lawsuit to obtain a settlement is the type of statement "commonly made in the context of litigation between parties on opposite sides of a controversy" and "clearly recognizable by an ordinary person as expressing an opinion"); *Gentile v. Grand St. Med. Assoc.*, 79 A.D.3d 1351, 1353 (N.Y. 4th Dept. 2010) (defendant's statement regarding plaintiffs' desire "to make easy money" was non-actionable opinion—a civil lawsuit "is by its nature contentious and an average reader would recognize that statements made by the alleged wrongdoer . . . published under such circumstances are likely to be the product of passionate advocacy").

Dated: January 5, 2024

FOLSOM ADR PLLC                          JACKSON WALKER LLP

*/s/ David Folsom*                       */s/ Charles L. Babcock*
David Folsom                             Charles L. Babcock
State Bar No. 07210800                   State Bar No. 01479500
david@folsomadr.com                      cbabcock@jw.com
6002-B Summerfield Dr.                   Nancy W. Hamilton
Texarkana, TX 75503                      State Bar No. 11587925
(903) 277-7303                           nhamilton@jw.com
                                         1401 McKinney Street
                                         Suite 1900
                                         Houston, TX 77010
                                         (713) 752-4210
                                         (713) 752-4221 - Fax

                                         David T. Moran
                                         State Bar No. 14419400
                                         dmoran@jw.com
                                         Edwin Buffmire
                                         State Bar No. 24078283
                                         ebuffmire@jw.com
                                         Cody Martinez
                                         State Bar No. 24102146
                                         cmartinez@jw.com
                                         2323 Ross Avenue
                                         Suite 600
                                         Dallas, TX 75201
                                         (214) 953-6000
                                         (214) 953-5822 – Fax

**ATTORNEYS FOR DEFENDANTS JERRAL W. JONES, DALLAS COWBOYS
FOOTBALL CLUB, LTD., JAMES WILKINSON, TRAILRUNNER
INTERNATIONAL, LLC AND DONALD JACK, JR.**

**CERTIFICATE OF SERVICE**

On January 5, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  I hereby certify that I will serve all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Edwin Buffmire*
Edwin Buffmire