## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

JERRAL W. JONES

     *Plaintiff,*

vs.

ALEXANDRA DAVIS and CYNTHIA
DAVIS f/k/a CYNTHIA DAVIS-SPENCER,
     *Defendants.*

CIVIL ACTION No.  5:23-cv-00032-RWS

## PARTIALLY OPPOSED MOTION TO TRANSFER VENUE

This Motion to Transfer Venue is brought by Cynthia Davis f/k/a Cynthia Davis-Spencer, Third-Party Defendant, who requests transfer of this proceeding.

### *Grounds for Transfer*

Plaintiff has recently amended his pleading in this matter and realigned the parties. Pursuant to 28 USCA 1404 (a), Defendant Cynthia Davis ("Davis") requests that this matter be transferred to a more convenient federal court. This request is proper when the original and requested venues are proper venues; See *Atlantic Mar. Constr. Co. V. U.S. Dist. Ct. for the W. Dist. Of Tex.*, 571 U.S. 49, 59 (2013).  Both Plaintiff and Cynthia Davis reside in the Dallas/Ft. Worth Metroplex. Defendant, Alexandra Davis resides in the State of Washington. No diversity jurisdiction exists any longer. Plaintiff in this action did not select the forum and the agreement the basis of Plaintiff's claim(s) does not contact a forum-selection clause.

### Ability to Compel Witness Attendance

Each of the parties have served their anticipated Trial Witness List in this matter. The vast majority of the witnesses, if not all essential witnesses, reside in Dallas/Ft. Worth Metroplex, well over 100 miles from the Texarkana Division court. It is believed that many of

the material witnesses, including the wife and other children of Plaintiff, will be unwilling to testify voluntarily and will need to be subpoenaed to trial. It is believed that these witnesses have knowledge of the prior disclosures by Plaintiff regarding his paternal relationship to Alexandra Davis.  A trial in Texarkana would possibly hinder the presentation of a proper defense if the Defendants were unable to subpoena the respective witnesses to Texarkana. A court with absolute subpoena power will be essential in this case; *See In re Hoffmann-La Roche Inc.* 587 F.3d 1333, 1337-38 (Fed. Cir.2009).

### The Venue is Inconvenient for the Witnesses and Parties

A trial in Texarkana would significantly inconvenience almost all of the witnesses in the case. Witnesses are more inconvenienced the farther they must travel; See *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed.Cir.2008). A transfer to the Sherman Division of the Eastern District or the Northern District of Texas would reduce the travel for all but two of the dozen witnesses to a distance of under 100 miles. This transfer would significantly reduce the burden on the Plaintiff, Defendants and the witnesses, and eliminate the need for local lodging and additional travel expenses. While Plaintiff may have access to private planes and endless funds, the Defendants do not, and the trial would be a significant expense.

Conducting trials and hearings in the Texarkana Division is inconvenient for all parties involved and even more inconvenience for Cynthia Davis with her ongoing health struggles. A transfer of this matter to either the Northern District of Texas or Sherman Division of the Eastern District would afford Davis the ability to have future hearings conducted locally in the Dallas or Plano area. A transfer would not harm nor injure Plaintiff in any way.

### *Prayer*

Cynthia Davis prays that this Court consider the information contained herein and

thereafter order the transfer of this proceeding to either the Northern District of Texas or the Eastern District of Texas- Sherman Division. Cynthia Davis-Spencer prays for other general relief to which she is entitled.

Respectfully submitted,

BALEKIAN HAYES, PLLC

 /s/ Kris Hayes          .
KRIS HAYES
State Bar No. 24031719
kris@bh-pllc.com
4144 N. Central Expy., Suite 1200
Dallas, Texas 75204
Telephone: (214) 828-2800
Facsimile: (214) 827-9671
**ATTORNEY FOR DEFENDANT**
**CYNTHIA DAVIS f/k/a CYNTHIA DAVIS-SPENCER**

## CERTIFICATE OF SERVICE

On May 2, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Eastern District of Texas, using the CM/ECF filing system. I hereby certify that I have served all counsel of record electronically or by another manner authorized by the Federal Rules of Civil Procedure

 /s/ Kris Hayes          .
KRIS HAYES

## CERTIFICATE OF CONFERENCE

On May 1, 2024, I received an email from counsel for Plaintiff, Chip Babcock regarding the above Motion to Transfer Venue and Plaintiff has indicated that he is opposed to the transfer.

On May 1, 2024, I contacted counsel for Defendant, Jay Gray regarding the above Motion to Transfer Venue and Defendant has indicated that she is NOT opposed to the transfer.

<i>/s/ Kris Hayes</i><br>KRIS HAYES

---

PARTIALLY OPPOSED MOTION TO TRANSFER VENUE