**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| ALEXANDRA DAVIS, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:23-CV-00032-RWS |
| | § | |
| JERRAL W. JONES, DALLAS COWBOYS | § | |
| FOOTBALL CLUB, LTD., JAMES | § | |
| WILKINSON, TRAILRUNNER | § | |
| INTERNATIONAL, LLC, DONALD JACK, | § | |
| JR**.,** | § | |
| | § | |
| Defendants/Counter-Plaintiffs, | § | |
| & | § | |
| | § | |
| CYNTHIA DAVIS-SPENCER, | § | |
| | § | |
| Third-Party Defendant. | § | |

## <u>ORDER</u>

Before the Court is Non-Party Movant Lisa Duffee, Esq.'s Objections, Amended Motion to Quash, and Amended Request for Protection. Docket No. 79.[1] Counter-Plaintiff[2] Jerral W. Jones filed a response in opposition (Docket No. 81) to which Duffee replied (Docket No. 82). The Court held a hearing on this matter, where Duffee tendered allegedly privileged documents for *in camera* review. Docket No. 85. After the hearing, Third-Party Defendant Cynthia Davis-Spencer joined Duffee's motion. Docket No. 86. For the reasons stated below, Duffee's motion to quash is **DENIED** and Duffee's motion for protection is **GRANTED-IN-PART**.

---

[1] The Court denied Duffee's original motion without prejudice to refiling (Docket No. 77) and Duffee filed the present motion.

[2] The Court recognizes that Counter-Plaintiff Jones has filed an unopposed motion to realign the parties. Docket No. 88. The Court will address Jones's motion in a separate order, and until then, Jones remains the Counter-Plaintiff.

## LEGAL STANDARD

### I.        Motion to Quash

Under Federal Rule of Civil Procedure 45(d), a court "must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A). To determine whether a subpoena is overbroad, the court may consider: "(1) relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed." *Bavely, Tr. of AAA Sports, Inc. v. Panini Am., Inc.*, No. 4:22-CV-093, 2023 WL 3686806, at *2 (E.D. Tex. Jan. 27, 2023) (quoting *RYH Props., L.L.C. v. West*, No. 5:08-CV-172, 2011 WL 13196550, at *2 (E.D. Tex. Feb. 3, 2011)). "[I]f the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Modification of "a subpoena is preferable to quashing it outright." *Id.*

### II.       Motion for Protection

Pursuant to Federal Rule of Civil Procedure 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "[A] protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection." *Bavely*, 2023 WL 3686806, at *2. "Rule 26(c) offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring other confidential commercial information not to be revealed or revealed in a certain way." *Dexon Comput., Inc. v. Cisco Sys., Inc.*, No. 5:22-CV-53-RWS-JBB, 2023 WL

9283972, at *7 (E.D. Tex. Sept. 20, 2023) (citation omitted). "A trial court has wide discretion to determine whether to grant a motion for protective order." *Id.* (citation omitted).

## DISCUSSION

Duffee states that Jones served her with a subpoena to produce documents relating to "all communications . . . with or concerning Alexandra Davis" and "Cynthia Davis." *See* Docket No. 79 at 1; *see also* Docket No. 79-1.[3] Duffee asks the Court to quash the subpoena, or in the alternative, to issue a protective order. Docket No. 79 at 5. Duffee characterizes the categories of documents sought by the subpoena as overbroad and protected by attorney-client privilege. *Id.* at 3–5. Jones alleges that Duffee's communications with Davis and Davis-Spencer are relevant to his breach of contract claim. Docket No. 81 at 1. Specifically, Jones asserts that Duffee possesses communications relating "to the confidential settlement agreement" that Davis and Davis-Spencer allegedly breached. *Id.* Jones further alleges that Duffee coordinated communications between Davis-Spencer and Shy Anderson—Duffee's client whom she represents (or represented) in a divorce proceeding against Jones's daughter. *Id.* at 2–3.[4]

Relevancy is "broadly construed" and includes "any matter that bears on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case." *Bavely*, 2023 WL 3686806, at *1 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Jones persuasively argues the documents sought from Duffee are relevant to the breach of contract claims. The communications attached to Jones's response, as well as Duffee's

---

[3] Jones also served Duffee with a notice to take deposition. Docket No. 79 at 1. As indicated by the parties at the hearing, Jones no longer intends to take Duffee's deposition so her objection to the notice of deposition is now moot.

[4] Jones provides communications between Davis-Spencer and Anderson referencing, among other things, statements made by Anderson's lawyer regarding the paternity filing and the Settlement Agreement. Docket No. 81 at 2; *see also* Docket No. 81-1 at 6.

own admissions, demonstrate that Duffee possesses communications and information relating to the paternity action and the alleged breach of the Settlement Agreement. *See* Docket Nos. 79, 81-1, 81-2. Jones has therefore met the low bar for relevancy under Rule 26(b)(1). Accordingly, the Court finds that quashing the subpoena "outright" is inappropriate. Not only is the information relevant, but the breadth of the documents and burden on Duffee is minimal.[5] *See Bavely*, 2023 WL 3686806, at *2.

Duffee's request for protection, however, raises valid attorney-client privilege concerns. To assert privilege, a party must show "(1) that he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017) (quoting *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)). When a party "withholds information otherwise discoverable by claiming that the information is privileged or subject to protection" the party must "expressly make the claim" and "describe the nature of the documents [and] communications, . . . and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5).

Although Duffee and Davis-Spencer may not have had a formal attorney-client relationship, Davis-Spencer communicated with Duffee, an attorney, on multiple occasions for the purpose of seeking legal advice and with the intention that the communication was confidential or privileged. *See BDO USA, L.L.P.*, 876 F.3d at 695; *see also* Docket Nos. 86, 82-1, 82-2. Jones responds that Duffee fails to establish an attorney-client relationship between herself

---

[5] Indeed, Duffee has already tendered the documents to the Court for *in camera* review. Docket No. 85.

and Davis-Spencer, but even if that relationship existed, Davis-Spencer waived any privilege by conveying Duffee's advice to Anderson. *See* Docket No. 81 at 7–8.

Duffee, however, provides an affidavit declaring under penalty of perjury that Davis-Spencer initially approached her seeking legal advice with respect to the paternity action. Docket No. 79 at 2, 7. While Duffee declined to represent Davis-Spencer, Davis-Spencer continued to sporadically seek legal advice from Duffee between approximately June of 2021 and June of 2023. *Id.*[6] In addition, the text message communication where Davis-Spencer tells Anderson that his lawyer said Davis "could get a great payday" is not sufficient to waive the entirety of Davis-Spencer or Duffee's privilege assertion. Mere discussion about the potential outcome of a lawsuit or the fact that Davis-Spencer visited with an attorney does not disclose the details of their conversations, specific legal strategy, or advice given. *See In re Microvast, Inc.*, No. 01-18-00049-CV, 2018 WL 4131068, at *3 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018) (explaining that disclosure of allegedly privileged information is statement-specific and disclosure of one privileged statement does not "result in wholesale subject-matter waiver of the attorney-client privilege"). Davis-Spencer did not waive privilege beyond the statement itself. *Id.*

In addition, Duffee provided a privilege log to the Court at the hearing that identifies the parties involved, dates of communication, brief descriptions of the communications, and the basis for asserting privilege in accordance with Rule 26(b). *See generally* Docket No. 86-2. Duffee also tendered the subpoenaed documents to the Court for an *in camera* review to assess privilege. Docket No. 85. Accordingly, Duffee and Davis-Spencer sufficiently established and asserted attorney-client privilege.

---

[6] In her motion, Duffee explains that she responded to Davis-Spencer's "continual requests for legal counsel through June 1, 2023." Docket No. 79 at 2. Duffee clarified at the hearing that those requests began in approximately June of 2021.

Considering the parties' briefing and having reviewed the tendered documents, it is

**ORDERED** that Duffee's motion to quash Jones's subpoena in its entirety (Docket No. 79) is **DENIED**. It is further

**ORDERED** that Duffee's motion for protection (Docket No. 79) is **GRANTED-IN-PART**. The Court addresses Duffee's request for protection on a document-by-document basis below, granting Duffee's request where the Court believes privilege has been asserted appropriately and denying the request where it has not:

| | |
|---|---|
| LD000001–000002 | **GRANTED**<br>Attorney-Client Communication and Attorney Work Product |
| LD000003 | **DENIED** |
| LD000004 | **DENIED** |
| LD000005–000006 | **DENIED** |
| LD000007–000008 | **DENIED** |
| LD000009–000010 | **GRANTED**<br>Attorney-Client Communication |
| LD000011–000012 | **GRANTED**<br>Attorney-Client Communication |
| LD000013–000021 | **GRANTED**<br>Attorney-Client Communication |
| LD000022 | **GRANTED**<br>Attorney-Client Communication |
| LD000023 | **DENIED** |
| LD000025–000026 | **GRANTED for the designated portions only**<br>Attorney-Client Communication |
| LD000036–000037 | **GRANTED for the designated portions only**<br>Attorney-Client Communication |
| LD000038–000041 | **GRANTED**<br>Attorney-Client Communication |
| LD000051–000052 | **GRANTED**<br>Attorney-Client Communication |
| LD000053 | **GRANTED**<br>Attorney-Client Communication |
| LD000060–000067 | **GRANTED**<br>Attorney-Client Communication and Attorney Work Product |
| LD000068 | **GRANTED**<br>Attorney-Client Communication and Attorney Work Product |

It is further **ORDERED** that Non-Party Movant Lisa Duffee **PRODUCE** any non-privileged information subject to the subpoena, including documents containing both privileged and non-privileged information with the privileged information redacted, within **seven (7) days** of the date of this Order.

**So ORDERED and SIGNED this 10th day of May, 2024.**


ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE