**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| JERRAL W. JONES<br>　　*Plaintiff*<br><br>VS.<br><br>ALEXANDER DAVIS and CYNTHIA DAVIS<br>f/k/a CYNTHIA DAVIS-SPENCER<br>　　*Defendants*, | CIVIL ACTION NO. 5:23-CV-00032-RWS<br><br>JURY TRIAL DEMANDED |

**DAVIS'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO JERRAL W. JONES' AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

　　COMES NOW, Alexandra Davis, Defendant ("Davis"), and files this her Amended Answer and Affirmative Defenses to Jerral W. Jones' Amended Complaint (the "Jones Complaint") and would respectfully show the Court the following:

1.　　Davis denies the allegations contained in paragraph 1 of the Jones Complaint.

2.　　Davis denies the allegations contained in paragraph 2 of the Jones Complaint.

3.　　Davis admits the allegations contained in paragraph 3 of the Jones Complaint.

4.　　Davis admits the allegations contained in paragraph 4 of the Jones Complaint.

5.　　Davis admits the allegations contained in paragraph 5 of the Jones Complaint.

6.　　Davis denies that there is complete diversity among the parties as the lawsuit currently exist. Davis admits that when she filed her lawsuit diversity existed.

7.　　Davis admits the allegations contained in paragraph 7 of the Jones Complaint.

8.　　Davis admits the allegations contained in paragraph 8 of the Jones Complaint.

9. Davis is without actual knowledge or information sufficient upon which to base a reasonable belief as to the accuracy of the allegations in paragraph 9 and, therefore, Davis is unable to admit or deny the allegations at this time.

10. Davis denies the allegations contained in paragraph 10 of the Jones Complaint.

11. Davis denies the allegations contained in paragraph 11 of the Jones Complaint.

12. Davis denies the allegations contained in paragraph 12 of the Jones Complaint.

13. Davis denies the allegations in paragraph 13 of the Jones Complaint.

14. Davis is without actual knowledge or information sufficient upon which to base a reasonable belief as to the accuracy of the allegations in paragraph 14 and, therefore, Davis is unable to admit or deny the allegations at this time.

15. Davis admits the allegations in paragraph 15 of the Jones Complaint that the Settlement Agreement[1] established two trusts- the Funding Trust and the Distribution Trust (collectively the "Trusts"). Davis admits that the Funding Trust provided monthly, annual, and special contributions to the Distribution Trust. Davis denies the allegation in paragraph 15 of the Jones Complaint that the Distribution Trust provided the same payment and funding to Davis from childhood until she attained the age of 21 years of age. Davis admits that there were also distribution payments of the Trust to be paid upon Davis attaining the ages of 24, 26, and 28. Davis denies the remaining allegations in paragraph 15 of the Jones Complaint.

16. Davis denies the allegations in paragraph 16 of the Jones Complaint.

17. Davis denies the allegations in paragraph 17 of the Jones Complaint.

---

[1] The term "Settlement Agreement" as used in this Answer refers specifically to the Settlement, Release, and Covenant Not to Sue Agreement that Jones alleges Davis and Defendant Davis-Spencer breached. Jones refers to that document as "Settlement Agreement" in the Jones Amended Complaint, and, for the convenience of the Court, Davis also uses the term in reference to the same document. For the Court's reference, Davis refers to the "Settlement Agreement" as the "Settlement Documents," in her Amended Complaint. *See* Docket No. 88-1, p. 1, ¶ 1.

18.     Davis admits the language quoted from the Settlement Agreement in paragraph 18 is language from the Settlement Agreement. Davis denies the remaining allegations in paragraph 18 of the Jones Complaint.

19.     Davis admits the Settlement Agreement also included the language that is quoted in paragraph 19. To the extent, Jones references that there was a "confidentiality obligation whereby the parties promised to refrain from disclosing the facts and terms of the settlement," Davis denies that she was a party to the Settlement Agreement or that she had any obligation under the Settlement Agreement. Davis denies the remaining allegations in paragraph 19 of the Jones Complaint.

20.     Davis denies the allegations in paragraph 20 of the Jones Complaint.

21.     Davis denies the allegations in paragraph 21 of the Jones Complaint.

22.     Davis denies the allegations in paragraph 22 of the Jones Complaint.

23.     Davis admits the allegation in paragraph 23 of the Jones Complaint that she filed a declaratory action against Jones that sought to declare that she was not bound to a settlement agreement that was entered into when she was one-year old without court approval. Davis denies the remaining allegations in paragraph 23 of the Jones Complaint.

24.     Davis admits that she dismissed the declaratory action.[2] Davis denies the remaining allegations in paragraph 24 of the Jones Complaint.

25.     Davis admits the allegation in paragraph 25 that Davis then filed a Parentage Action against Jones to establish the parent-child relationship. Davis denies the remaining allegations in paragraph 25 of the Jones Complaint.

---

[2] For the convenience of the Court, Plaintiff notes the declaratory action referenced above is referred to as the "Lawsuit" in Plaintiff's Original Complaint and the "First Lawsuit," in Jones' Complaint.

26.  Davis admits the allegation in paragraph 26 of the Jones Complaint that Cynthia Davis-Spencer provided an affidavit to Davis during the Parentage Action.[3] Davis denies the remainder of the allegations in paragraph 26 of the Jones Complaint.

27.  Davis admits the allegation in paragraph 27 of the Jones Complaint that she filed the instant action in March 2023. Davis denies the remaining allegations in paragraph 27 of the Jones Complaint.

28.  Davis reincorporates her responses to all the preceding allegations.

29.  Davis denies the allegations in paragraph 29 of the Jones Complaint.

30.  Davis denies the allegations in paragraph 30 of the Jones Complaint.

31.  Davis denies the allegations in paragraph 31 of the Jones Complaint.

32.  Davis denies the allegations in paragraph 32 of the Jones Complaint.

33.   Davis reincorporates her responses to all the preceding allegations.

34.  Davis denies the allegations contained in paragraph 34 of the Jones Complaint.

35.  Davis admits the allegation in paragraph 35 that Jones is seeking a declaration by the Court. Davis denies that Jones is entitled to any such relief and also denies any remaining allegations contained in paragraph 35 of the Jones Complaint.

36.  Davis is without actual knowledge or information sufficient upon which to base a reasonable belief as to the accuracy of the allegations in paragraphs 36-43 of the Jones Complaint as the paragraphs do not relate to claims against her; therefore, Davis is not able to admit or deny the allegations in paragraphs 36-43 of the Jones Complaint.

37.  Davis admits the allegation contained in paragraph 44 of the Jones Complaint that Jones is seeking costs, expenses, and attorney's fees, but she denies that Jones is entitled to such relief.

---

[3] The "Parentage Action" discussed above is also referred to as the "Second Lawsuit," in Jones' Complaint.

38.     Davis admits the allegation contained in paragraph 45 of the Jones Complaint that Jones is seeking costs, expenses, and attorney's fees, but she denies that Jones is entitled to such relief.

39.     Davis denies the allegations contained in paragraph 46 of the Jones Complaint.

40.     Davis admits the allegation contained in paragraph 47 of the Jones Complaint and concurs in the demand for a jury trial.

41.     Davis denies all allegations not specifically admitted herein.

42.     Davis denies that Jones is entitled to any of the relief prayed for in the Jones Complaint.

## AFFIRMATIVE DEFENSES

43.     Davis pleads that she was a minor at the time the Settlement Agreement was entered into by Jones and her mother. There was not an *ad litem* appointed to protect Davis' interest, nor was there any review by a court of the Settlement Agreement to ensure Davis' interest were protected. The Settlement Agreement is not enforceable against Davis who did not have the capacity at one-year of age to enter a contract.

44.     Davis pleads that she is excused from performance of the confidentiality provisions of the Settlement Agreement as Jones breached the confidentiality provisions prior to any alleged breach by Davis, thereby, excusing any performance by Davis.

45.     Davis pleads that the Settlement Agreement was against public policy. It is against public policy to allow a biological father to avoid his parentage through the entering of a "hush money" agreement with the child's mother. It is the public policy to establish parentage for any child. It is against public policy for a biological father to be allowed to buy his way out of parentage. Public policy is always "in the best interest of the child."  Public policy is not "in the best interest of the parent" as Jones seeks.  The confidentiality clause that Jones seeks to enforce against Davis is against public policy.

46. Davis pleads there was fraud by Jones in the inducement of the Settlement Agreement. Jones knew at the time that he entered into the Settlement Agreement that entering into a contract that attempted to bind a one-year old minor without having an *ad litem* appointed to protect the minor's interest and without having a court approve the agreement was not enforceable.

47. Davis pleads the doctrine of unclean hands. Jones attempts to enforce a confidentiality clause against Davis that is contained in an agreement entered into when Davis was one-year old. Jones rather than providing for someone to protect Davis' interest such as an *ad litem* or seeking a court's review choose to enter into a secret agreement with Davis' mother to protect his own interest in keeping his paternity out of the public forum.

48. Davis pleads that Jones does not have capacity or standing to pursue enforcement of the Settlement Agreement. Jones was not a party to the contract he seeks to enforce.

49. Davis reserves the right to raise all affirmative defenses available to her under the Texas Rules of Civil Procedure, Texas law, the Federal Rules of Civil Procedure, federal law, the Rules of this Court, or otherwise in law or equity, whether now existing or arising later, as may be discovered throughout litigation.

WHEREFORE, PREMISES CONSIDERED, Davis prays that on final trial of this matter that Jerral W. Jones take nothing on his Complaint against Davis, that Davis be awarded costs of court including attorney's fees, and such other and further relief for which Davis may be entitled.

    Respectfully submitted,

| | |
|---|---|
| */s/ Matt Keil* | */s/ Jay K. Gray* |
| **KEIL LAW FIRM, PLLC** | **BERGMANGRAY LLP** |
| Matt Keil | Jay K. Gray |
| State Bar No. 11181750 | State Bar No. 08324050 |
| Erin Keil | Andrew A. Bergman |
| State Bar No. 24120462 | State Bar No. 02196300 |
| Hailee Amox | 4514 Travis Street |
| State Bar No. 24085176 | Travis Walk, Suite 300 |
| 406 Walnut Street | Dallas, Texas 75205 |
| Texarkana, Arkansas 71854 | 214-528-2444 |
| 870-772-4113 | 214-599-0602 [fax] |
| 870-773-2967 [fax] | gray@bergmangray.com |
| mkeil@kglawfirm.com | bergman@bergmangray.com |
| ekeil@kglaqwfirm.com | **LEAD COUNSEL** |
| hamox@kglawfirm.com | |

**ATTORNEYS FOR ALEXANDRA DAVIS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 29, 2024.

    */s/ Jay K. Gray*
    Jay K. Gray