IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | |
|---|---|
| JERRAL W. JONES<br><br>    *Plaintiff,*<br><br>VS.<br><br>ALEXANDRA DAVIS and CYNTHIA DAVIS f/k/a CYNTHIA DAVIS-SPENCER<br><br>    *Defendants.* | CIVIL ACTION NO. 5:23-CV-00032-RWS<br><br>JURY TRIAL DEMANDED |

### DEFENDANT CYNTHIA DAVIS f/k/a CYNTHIA DAVIS SPENCER'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO JONES' AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cynthia Davis f/k/a Cynthia Davis-Spencer, Defendant ("Cynthia"), and files this her First Amended Answer and Affirmative Defenses to Jerral W. Jones's ("Jones") Amended Complaint Against Alexandra Davis and Cynthia (the "Jones Complaint") and would respectfully show the Court the following:

1. Cynthia denies the allegations contained in paragraph 1 of the Jones Complaint.

2. Cynthia denies the allegations contained in paragraph 2 of the Jones Complaint.

3. Cynthia admits the allegations contained in paragraph 3 of the Jones Complaint.

4. Cynthia admits the allegations contained in paragraph 4 of the Jones Complaint.

5. Cynthia admits the allegations contained in paragraph 5 of the Jones Complaint.

6. Cynthia denies the allegations contained in paragraph 6 of the Jones Complaint.

7. Cynthia admits the allegations contained in paragraph 7 of the Jones Complaint.

8. Cynthia admits the allegations contained in paragraph 8 of the Jones Complaint.

9. Cynthia is without actual knowledge or information sufficient upon which to base a reasonable belief as to the accuracy of the allegation in paragraph 9 that Cynthia and Husband stated under oath that Husband was Alexandra's biological father" and, therefore, is unable to admit or deny the allegation at this time. Defendant Cynthia admits the allegation that "both Mrs. Spencer and Husband began claiming that Husband was not Alexandra's father." Defendant Cynthia admits the allegation that she began "contending that Jones was Alexandra's biological father. Defendant Cynthia denies that "Jones denied and continues to deny" that Jones is Alexandra's biological father.

10. Cynthia admits the allegation in paragraph 10 that on August 14, 1998 that she entered into the Settlement Agreement individually, and on behalf of Alexandra. Cynthia denies that the agreement was a binding contract or that there was really a "paternity dispute" or that Jones was a party to the Settlement Agreement.

11. Cynthia denies the allegations in paragraph 11 of the Jones Complaint.

12. Cynthia denies the allegations in paragraph 12 of the Jones Complaint.

13. Cynthia denies the allegations in paragraph 13 of the Jones Complaint.

14. Cynthia admits that a lump sum payment of $375,000 was made to her upon execution of the Settlement Agreement as set forth in paragraph 14 of the Jones Complaint. Cynthia admits the "the funds were to reimburse Mother for medical expenses incurred during and after the pregnancy (including the birth and support of Alexandra). Cynthia is unable to speculate as to Jones' reason for the lump sum payment or that the funds were paid "to ensure Alexandra had shelter" or to

provide for "Alexandra's' well-being" and she is therefore., unable to admit or deny those specific allegations.

15. Cynthia admits the allegations in paragraph 15 of the Jones Complaint that the Settlement Agreement established two trusts- the Funding Trusts and the Distribution Trusts (collectively the "Trusts"). Cynthia admits that the Funding Trust provided monthly, annual, and special contributions to the Distribution Trust. Cynthia denies the allegation in paragraph 15 of the Jones Complaint that the Distribution Trust provided the same payment and funding to Alexandra from childhood until she attained the age of 21 years of age. Cynthia admits that there were also distribution payments of the Trust to be paid upon Alexandra attaining the ages of 24, 26 and 28. Cynthia denies the remaining allegations in paragraph 15 of the Jones Complaint.

16. Cynthia denies the allegations in paragraph 16 of the Jones Complaint.

17. Cynthia denies the allegations in paragraph 17 of the Jones Complaint.

18. Cynthia admits the language quoted from the Settlement Agreement in the paragraph is language from the Settlement Agreement. Cynthia denies the remaining allegations in paragraph 18 of the Jones Complaint.

19. Cynthia admits the Settlement Agreement also included the language that is quoted in paragraph 19. To the extent that Jones references that there was a "confidentiality obligation" whereby the parties promised to refrain from disclosing the facts and terms of the settlement, Cynthia denies that there was any obligation upon Alexandra.

20. Cynthia denies the allegations in paragraph 20 of the Jones Complaint.

21. Cynthia denies the allegations in paragraph 21 of the Jones Complaint.

22. Cynthia denies the allegations in paragraph 22 of the Jones Complaint.

23. Cynthia denies the allegations in paragraph 23 of the Jones Complaint.

24. Cynthia denies the allegations in paragraph 24 of the Jones Complaint.

25. Cynthia denies the allegations in paragraph 25 of the Jones Complaint.

26. Cynthia admits the allegations in paragraph 26 of the Jones Complaint that she provided an affidavit to Alexandra. Cynthia denies the remainder of the allegations in paragraph 26 of the Jones Complaint.

27. Cynthia denies the allegations in paragraph 27 of the Jones Complaint.

28. Cynthia is without actual knowledge or information sufficient upon which to base a reasonable belief as to the accuracy of the allegations in paragraphs 28-35 of the Jones Complaint as the paragraphs do not relate to claims against her; therefore, Cynthia is unable to admit or deny the allegations in paragraphs 28-35 in the Jones Complaint.

29. Cynthia incorporates her responses to all the preceding allegations above in paragraph 36.

30. Cynthia denies the allegations in paragraph 37 of the Jones Complaint.

31. Cynthia admits the allegation in paragraph 38 of the Jones Complaint that the Settlement Agreement that she entered contains a clause that the parties would not disclose that Jones was Alexandra's biological father and that Cynthia would use her best efforts to prevent Alexandra from making any claim or demand on Jones.

32. Cynthia denies the allegations contained in paragraph 39 of the Jones Complaint.

33. Cynthia denies the allegations contained in paragraph 40 of the Jones Complaint.

34. Cynthia reincorporates her responses to all the preceding allegations in paragraph 41.

35. Cynthia denies the allegations contained in paragraph 42 of the Jones Complaint.

36. Cynthia admits that the allegations contained in paragraph 43 of the Jones Complaint is seeking a declaration but Cynthia denies that Jones is entitled to such relief.

37. Cynthia denies the allegations contained in paragraph 44 of the Jones Complaint.

38. Cynthia is without actual knowledge or information sufficient upon which to base a reasonable belief as to the accuracy of the allegations in paragraphs 45 of the Jones Complaint.

39. Cynthia denies the allegations contained in paragraph 46 of the Jones Complaint.

40. Cynthia admits the allegation contained in paragraph 47 of the Jones Complaint.

41. Cynthia denies that Jones is entitled to any of the relief prayed for in the Jones Complaint.

## AFFIRMATIVE DEFENSES

42. Cynthia pleads that Jones lacks contractual standing to sue on the alleged breach as he was not a party to the agreement under which he sues;

43. Cynthia pleads that she is excused from performance of the confidentiality provisions of the Settlement Agreement as Jones breached the confidentiality provisions prior to any alleged breach by Cynthia, thereby, excusing any performance by Cynthia.

44. Cynthia pleads that Settlement Agreement is void by statute and is against public policy.

45. Cynthia pleads that Settlement Agreement was entered under duress.

46. Cynthia pleads that Jones is estopped from suing on the Settlement Agreement.

47. Cynthia pleads that Jones has waived performance under the Settlement Agreement.

48. Cynthia pleads that Jones repudiated the Settlement Agreement.

49. Cynthia pleads that Jones' claims are barred by Res Judicata.

50. Cynthia pleads that Jones has unclean hands.

51. Cynthia pleads that the Settlement Agreement is ambiguous.

52. Cynthia pleads that any the agreement is barred by the Statute of Frauds.

53. Cynthia denies that all conditions precedent have been performed.

Respectfully submitted,

BALEKIAN HAYES, PLLC

*/s/ Kris Hayes* .

KRIS HAYES
State Bar No. 24031719
kris@bh-pllc.com
4144 N. Central Expy., Suite 1200
Dallas, Texas 75204
Telephone: (214) 828-2800
Facsimile: (214) 827-9671
**ATTORNEYS FOR DEFENDANT
CYNTHIA DAVIS f/k/a CYNTHIA DAVIS-SPENCER**

## CERTIFICATE OF SERVICE

On May 30, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Eastern District of Texas, using the CM/ECF filing system. I hereby certify that I have served all counsel of record electronically or by another manner authorized by the Federal Rules of Civil Procedure

*/s/ Kris Hayes* .

KRIS HAYES

.