## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

JERRAL W. JONES
    *Plaintiff*

VS.

ALEXANDER DAVIS and CYNTHIA DAVIS
f/k/a CYNTHIA DAVIS-SPENCER
    *Defendants,*

CIVIL ACTION NO. 5:23-CV-00032-RWS

JURY TRIAL DEMANDED

### DEFENDANT ALEXANDRA DAVIS'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes , Defendant Alexandra Davis ("Defendant") in the above styled and numbered cause, and, before commencement of the *voir dire* examination of the jury panel, respectfully moves that counsel for Plaintiff, and all Plaintiff's witnesses, be instructed by this Honorable Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters hereinafter set forth without first approaching the Bench and obtaining a ruling of the Court outside the presence and outside the hearing of all prospective jurors or jurors ultimately selected in this case, in regard to any alleged theory of admissibility of such matters, because the injection of such matters in the trial of this cause would result in irreparable prejudice and harm to Defendant's case, which no instruction by the Court could cure, to-wit:

I.

The matters set forth in Exhibit "A" attached hereto and incorporated herein by reference, would not be admissible evidence for any purpose on proper and timely objection because they have no rational relationship to any provable or controlling fact issue in dispute nor do they have a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

II.

Permitting interrogation of witnesses, comments to jurors, or prospective jurors, or offers of evidence concerning matters set forth in Exhibit "A" would prejudice the jury and sustaining objections to questions, introduced by counsel or witnesses will not prevent prejudice, but will reinforce the development of questionable evidence.

III.

Further, the probative value of the matters set forth in Exhibit "A" is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury and as such, should not be admissible for any purpose the cause and to permit the mentioning of such matters would prejudice the jury even with sustaining of any objection to such matters.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this Motion *in Limine* be granted and an appropriate Order be entered by the Court consistent with this Motion.

Respectfully submitted,

BY: */s/ Matt Keil* _____      */s/ Jay K. Gray* _____

**KEIL LAW FIRM, PLLC**                 **BERGMANGRAY LLP**
Matt Keil                               Jay K. Gray
TX State Bar No. 11181750               TX State Bar No. 08324050
mkeil@kglawfirm.com                     gray@bergmangray.com
Erin Keil                               Andrew A. Bergman
TX State Bar No. 24120462               TX State Bar No. 02196300
ekeil@kglawfirm.com                     bergman@bergmangray.com
Hailee Amox                             4514 Travis Street
TX State Bar No. 24085176               Travis Walk, Suite 300
hamox@kglawfirm.com                     Dallas, Texas 75205
406 Walnut Street                       Telephone: (214) 528-2444
Texarkana, Arkansas 71854               Facsimile: (214) 599-0602
Telephone: (870) 772-4113               **LEAD COUNSEL**
Facsimile: (870) 773-2967
**ATTORNEYS FOR ALEXANDRA DAVIS**

**<u>CERTIFICATE OF SERVICE</u>**

This will certify that a true and correct copy of the foregoing Defendant Alexandra Davis's Motion *In Limine* was served on this 18th day of June 2024, *via* the EFM server upon counsel of record:

*/s/ Jay K. Gray*

**<u>CERTIFICATE OF CONFERENCE</u>**

On the 18th day of June 2024 the parties conferred regarding the issues presented in this motion and were unable to come to an agreement on the matters therein.

*/s/ Jay K. Gray*

**EXHIBIT "A"**
1.
<u>Monetary Demands</u>

Any reference to alleged monetary demands upon Plaintiff as being the reason for breaching the contract. Motive is not an element of a breach of contract claim and is not relevant to the determination of breach of contract.

Sustained _____    Overruled _____

2.
<u>Jerry Jones as the Putative Father</u>

Any reference that Jones is the Putative Father under the Settlement, Release and Covenant Not to Sue Agreement sued upon as Jerry Jones testified that he did not know if he was the "Putative Father" in the Settlement, Release and Covenant Not to Sue Agreement.

(*Jones Depo.* at 26:23-25). (*Jones Depo.* at 106:22-24).

Sustained _____    Overruled _____

3.
<u>Jerry Jones as a Party to the Agreement</u>

Any reference that Jones is a party to the Settlement, Release and Covenant Not to Sue Agreement as Jones testified that he did not enter into the Settlement, Release and Covenant Not to Sue Agreement and did not know if he was a party to the agreement.

(Jones Depo at 26:2-8). (*Jones Depo.* at 38:14-17).

Sustained _____    Overruled _____

4.
<u>Alleged Payments By Jones</u>

Any alleged payment of Jones that were not pursuant to the Settlement, Release and Covenant Not to Sue Agreement as evidence of such payments are irrelevant and not likely to prove any element of the breach of contract claimed.

Sustained _____    Overruled _____

5.
<u>Any Reference that Donald Jack Represented Jones in the Agreement</u>

Any reference that Donald Jack represented Jones' interest in the Settlement, Release and Covenant Not to Sue Agreement because when asked this question at his deposition Jones

asserted the attorney/client privilege as a shield. Jones should not be able to rely upon information that Jones protected during discovery as attorney/client privilege.

(*Jones depo.* at 28:20-29:5).

Sustained _____    Overruled _____

6.

Damages of Jones

Any reference, to damages other than attorney's fees as Jones has entered into a stipulation with Defendants that he had no other damages.

Sustained _____    Overruled _____

7.

Disclosure of Terms by Defendant

Any reference to the fact that Defendant has disclosed the terms of the Settlement, Release and Covenant Not to Sue Agreement because when asked in his deposition if Defendant had disclosed the terms he testified he was not aware of any disclosure by Defendant.

(Jones Dep., Ex. 3, 66:7-10).

Sustained _____    Overruled _____

8.

Disclosure of Mother's Belief Jones is Father

Any reference to the fact that Defendant has disclosed her mother's belief that Jones is her father because when asked in his deposition Jones responded that he was not aware of any such disclosure.

Sustained _____    Overruled _____

9.

Breach By Defendant

Reference to the fact that Breached the Settlement, Release and Covenant Not to Sue Agreement by any means other than when Jones was provided the documents during a deposition in his daughter's divorce. Jones asserted attorney/client privilege with regard to any other possible breaches by Defendant.

(*Jones Depo.* at 29:14-30:3).

Sustained _____    Overruled _____

10.

Extortion

Any reference that Defendant has attempted to extort or similar type language Jones as such as not relevant to any element of a breach of contract claim.

Sustained _____    Overruled _____

11.

The Donald Jack Letter

Any reference to the notes provided to Donald Jack wherein he claims that Defendant demanded $20 millio0n dollars. Such is not relevant to any element of a breach of contract claim.

Sustained _____    Overruled _____

12.

Motive

Any reference to any alleged motive of Defendant in why Defendant allegedly breached the Settlement, Release and Covenant Not to Sue Agreement as motive or underlying rationale is not an element of a breach of contract claim.

Sustained _____    Overruled _____

13.

Defamation Lawsuit

Any reference to the defamation lawsuit that was filed and its dismissal by the Court as such is not relevant for this breach of contract claim.

Sustained_____    Overruled_____

14.

Media Articles

Any reference to media articles that do not form the basis of any alleged breach of contract or defense to the breach of contract claim.

Sustained_____    Overruled_____

15.

Opinions by Late Designated Experts

Any opinions from experts that were not timely designated pursuant to the Court's Docketing Schedule Order.

Sustained_____          Overruled_____

16.

Legal Opinions by Donald Jack

Any legal opinions from Donald Jack as Donald Jack was not timely designated as an expert pursuant to the Court's Docketing Schedule Order.

Sustained_____          Overruled_____

17.

Dismissed Parties

Any reference that certain people were at one time parties and are no longer a party.

Sustained_____          Overruled_____


IT IS SO ORDERED.


SIGNED this _____ day of _____, 2024.


_____

Judge Presiding