IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JERRAL W. JONES,<br>  *Plaintiff,*<br><br>vs.<br><br>ALEXANDRA DAVIS and CYNTHIA DAVIS<br>f/k/a CYNTHIA DAVIS-SPENCER,<br>  *Defendants.* | CIVIL ACTION No.  5:23-cv-00032-RWS |

**PLAINTIFF JERRAL W. JONES'S RESPONSES
TO DEFENDANTS' MOTIONS IN LIMINE**

As a preliminary matter, Jones objects to Defendants' respective Motions in Limine (*see* Dkt. 148; Dkt. 149) in their entirety because they violate the Court's Docket Control Order. (Dkt. 38) That Order requires "each side" to file "one (1) motion *in limine* addressing no more than ten (10) disputed issues. (*Id.* at 5) Instead Defendants each submitted a different Motion in Limine, each of which raised more than 10 disputed issues—Davis raised 17 and Spencer raised 14. Despite multiple conferences on June 18, 2024, Defendants never represented that they would be filing separate motions in limine, nor did they seek Jones's agreement that they could collectively raise *31* disputed issues. Because Defendants each raise issues that the other also seems to raise similarly, Jones herein tries to synthesize his response to both in one filing as Jones believes is required by the Docket Control Order.

**1.**   **Plaintiff's Response to Davis's Motion in Limine No. 1 and Spencer's Motion in Limine No. 2: "Monetary Demands." (Dkt. 148 at 1; Dkt. 149 at 5)**

Defendants seeks to exclude reference to any monetary motives they had for breaching the Settlement Agreement as irrelevant to Jones's breach-of-contract claim. Contrary to Defendants'

contentions, however, a "significant" factor in determining the materiality of a breach is "the extent to which the behavior of the party failing to perform . . . comports with standards of good faith and fair dealing." *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004); *Restatement (Second) of Contracts* § 241 (1981). Defendants' reasons for breaching the Settlement Agreement, including their desire to obtain money from Jones beyond that which they were owed under the Agreement, bear heavily on this good-faith factor. *See Casarez v. Alltec Const. Co., Inc.*, No. 14-07-00068-CV, 2007 WL 3287933, at *5 (Tex. App.—Houston [14th Dist.] Nov. 6, 2007, no pet.) (predicating finding of materiality based in part on fact that defendant's demand for "more money than the contract required" and refusal to complete work until extracontractual payments were made "did not comport with standards of good faith and fair dealing"); *Hooker v. Nguyen*, No. 14-04-00238-CV, 2005 WL 2675018, at *9 (Tex. App.—Houston [14th Dist.] Oct. 20, 2005, pet. denied) (predicating finding of materiality on fact that breaching party's behavior did not comport with standards of good faith and fair dealing). Defendants' motions should thus be denied.

2. **Plaintiff's Response to Spencer's Motion in Limine No. 1: "Documents Not Produced" (Dkt. 149 at 5).**

Spencer seeks to exclude any reference to "any document or communication not produced by Plaintiff in this action." This request is entirely improper. Jones's now-dismissed co-defendants, Defendants, and several third parties have all produced relevant documents in this lawsuit. Spencer cannot set forth any legitimate basis upon which to prevent Plaintiff from utilizing these other sources of information at trial. Her motion should thus be denied.

3. **Plaintiff's Response to Davis's Motion in Limine No. 2 and Spencer's Motion in Limine No. 3: "Jerry Jones as the Putative Father" (Dkt. 148 at 4; Dkt. 149 at 5).**

Defendants seek to exclude any reference that Jones is the "Putative Father" referred to in the Settlement Agreement. In doing so, Defendants intend to argue that Jones was not a party to

the Settlement Agreement and therefore cannot prevail on his breach-of-contract claims. As set forth in Jones's responses and sur-replies in opposition to Defendants' motions for summary judgment, Jones indisputably is the "Putative Father" referred to in the Settlement Agreement. (*See* Dkt. 125 at 5 n.3; Dkt. 126 at 14 n.5; Dkt. 157 at 4 n.2; Dkt. 158 at 3) This evidence is material and relevant. To the extent Defendants actually contests this issue, they can attempt to impeach Jones with the deposition testimony upon which they predicate their argument. Otherwise, Defendants may not use a motion in limine "to resolve factual disputes or to weigh evidence." *McGinley v. Luv n' care, Ltd.*, No. 3:17-CV-00821, 2023 WL 6143507, at *1 (W.D. La. Sept. 20, 2023).

4.  **Plaintiff's Response to Davis's Motion in Limine No. 3 and Spencer's Motion in Limine No. 4: "Jerry Jones as a Party to the Agreement"  (Dkt. 148 at 4; Dkt. 149 at 5–6).**

    Defendants seek to exclude any reference that Jones is a party to the Settlement Agreement. As set forth in Jones's responses and sur-replies in opposition to Defendants' motions for summary judgment, however, Jones indisputably is a party to the Settlement Agreement. (*See* Dkt. 125 at 5 n.3; Dkt. 126 at 14 n.5; Dkt. 157 at 4 n.2; Dkt. 158 at 3) To the extent Defendants actually contest this issue, they can attempt to impeach Jones with the deposition testimony upon which they predicates their argument. Otherwise, Defendants may not use a motion in limine "to resolve factual disputes or to weigh evidence." *McGinley*, 2023 WL 6143507, at *1.

5.  **Plaintiff's Response to Davis's Motion in Limine No. 4: "Alleged Payments by Jones" (Dkt. 148 at 4).**

    Davis seeks to exclude any reference that payments made by Jones were made pursuant to the Settlement Agreement as irrelevant. As shown in Jones's responses in opposition to Defendants' motions for summary judgment, Jones's payments to Defendants *were* made pursuant to the Settlement Agreement. (*See* Dkt. 125 at 15; Dkt. 126 at 14–15) Further, Jones's compliance

with his payment obligations under the Settlement Agreement goes directly to an essential element of his breach of contract—performance as the contract required. *See Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 216 (5th Cir. 2023). At most, this is an alleged fact dispute that is not appropriate for a motion in limine. *See McGinley*, 2023 WL 6143507, at *1.

6. **Plaintiff's Response to Davis's Motion in Limine No. 5: "Any Reference that Donald Jack Represented Jones in the Agreement" (Dkt. 148 at 4–5).**

In another attempt to prevent Jones from establishing that he is a party to the Settlement Agreement, an essential element of his breach-of-contract claim, Davis seeks to exclude evidence that Donald Jack, Jr. executed the Settlement Agreement on Jones's behalf. (Dkt. 148 at 4–5) Ample evidence establishes, however, that Jack signed the Settlement Agreement on Jones's behalf as his duly authorized agent. (*See* Dkt. 125 at 5, 11–12; Dkt. 126 at 6, 14; Dkt. 127 at 16) Regardless, this is at most a factual dispute that is not appropriate for a motion in limine. *See McGinley*, 2023 WL 6143507, at *1.

7. **Plaintiff's Response to Spencer's Motion in Limine No. 5: "Threats by Defendant." (Dkt. 149 at 6).**

Spencer seeks to exclude any reference that she threatened to breach the Settlement Agreement. As explained above, evidence regarding a breaching party's behavior is directly relevant to the materiality of a breach. *See Mustang Pipeline*, 134 S.W.3d at 196; *Restatement (Second) of Contracts* § 241 (1981). Further, as set forth in Jones's Response in Opposition to Spencer's Motion for Summary Judgment, Spencer's threats to breach the Settlement Agreement are directly tied to her actual breach of the Settlement Agreement. (*See* Dkt. 126 at 8) Additionally, Spencer has argued that Jones's alleged prior breach of the Settlement Agreement in 2019 excused her from future performance. (*See* Dkt. 103 at 18–19) However, if a non-breaching party "treat[s] the contract as continuing," "the previous breach constitutes no excuse for nonperformance on the

part of the party not in default and the contract continues in force for the benefit of both parties." *Red Hook Commc'ns I, L.P. v. On-Site Manager, Inc.*, 700 F. App'x 329, 332 (5th Cir. 2017). Evidence that Spencer threatened to breach the Settlement Agreement after 2019 is indisputably relevant to whether she treated the contract as continuing; indeed, the threat to breach a contract reflects an understanding that the contract is still in effect. Thus, evidence of Spencer's threats to breach the Settlement Agreement are relevant and Spencer's motion should be denied.

8.  **Plaintiff's Response to Davis's and Spencer's Motions in Limine No. 6: "Damages of Jones" (Dkt. 148 at 5; Dkt. 149 at 6).**

Jones is only seeking as actual damages the attorneys' fees and costs he incurred defending against lawsuits filed by Davis and supported by Spencer in material breach of their obligations under the Settlement Agreement. Jones further seeks to recover the reasonable and necessary attorneys' fees and costs incurred in bringing his counterclaims, as provided by the Settlement Agreement and the Texas Civil Practice and Remedies Code, but agrees that reference to these fees and costs are properly submitted to the Court, not jury, under Rule 54(d).

9.  **Plaintiff's Response to Davis's Motion in Limine No. 7: "Disclosure of Terms by Defendant" (Dkt. 148 at 5).**

Davis seeks to exclude any evidence that she breached the Settlement Agreement by disclosing its terms. (Dkt. 148 at 5) Ample evidence conclusively establishes that Davis breached the Settlement Agreement by disclosing its terms in multiple lawsuits and to the media. (*See* Dkt. 125 at 10–12, 17–18) To the extent Davis disputes her breach on this ground, that is an alleged factual dispute to be resolved by the jury, not on a motion in limine. *See McGinley*, 2023 WL 6143507, at *1.

10. **Plaintiff's Response to Davis's Motion in Limine No. 8: "Disclosure of Mother's Belief Jones is Father" (Dkt. 148 at 5).**

Davis seeks to exclude any evidence that she breached the Settlement Agreement by disclosing Spencer's belief that Jones is Davis's father. (Dkt. 148 at 5) This is a factual dispute to

be resolved by the jury, not by the Court on a motion in limine. *See McGinley*, 2023 WL 6143507, at *1.

11. **Plaintiff's Response to Davis's Motion in Limine No. 9 and Spencer's Motion in Limine No. 7: "Breach By Defendant" (Dkt. 148 at 5; Dkt. 149 at 7).**

An apparent typo in Davis's motion makes it difficult to understand exactly what ruling she seeks. Suffice it to say, Davis appears to be attempting to limit the ways in which Jones can establish that Davis breached the Settlement Agreement. Similarly, Spencer's motion seeks to exclude any reference that Spencer breached the Settlement Agreement at all. These are, once again, improper attempts to resolve a factual disputes via a motion in limine. *See McGinley*, 2023 WL 6143507, at *1.

12. **Plaintiff's Response to Davis's Motion in Limine No. 10 and Spencer's Motion in Limine No. 8: "Extortion" (Dkt. 148 at 6; Dkt. 149 at 7).**

Defendants seek to exclude any reference that they attempted to extort Jones. To the extent this motion seeks to exclude references to Defendants' monetary motives or other motives, it should be denied for the reasons set forth in Plaintiff's Responses to Davis's Motions in Limine Nos. 1 and 12 and Spencer's Motions in Limine Nos. 2 and 9. Indeed, Defendants' demands for money from Jones are an essential link in the factual chain undergirding Jones's breach of contract claims, and constitute relevant and material evidence of Defendants' breach of the Settlement Agreement.

13. **Plaintiff's Response to Davis's Motion in Limine No. 11: "The Donald Jack Letter" (Dkt. 148 at 6).**

Davis seeks to exclude the handwritten letter she read to Don Jack in November 2017 (the "Letter") claiming it is not relevant to Jones's breach of contract claim. (Dkt. 148 at 6; *see* Dkt. 127 at 82) Davis, however, has asserted a defense to ratification based on her purported lack of knowledge of the terms of the Settlement Agreement, which she claims she first learned in January

2022. (*See* Dkt. 101 at 13–15) Yet, in the Letter Davis specifically refers to "the agreement that was made with [her] mom," which demonstrates her knowledge of the Agreement long before January 2022. (Dkt. 127 at 82) The Letter is thus entirely relevant to the issue of ratification and Davis's motion should be denied.

14. **Plaintiff's Response to Spencer's Motion in Limine No. 11: "Opinions by Non-Designated Experts" (Dkt. 149 at 8).**

To the extent this motion seeks to exclude the testimony of Lance Watson, Jones objects for the reasons set forth *infra* in his response to Davis's Motion in Limine No. 15 and Spencer's Motion in Limine No. 10. Otherwise, Jones agrees that neither party should be permitted to present the testimony of experts who have not been properly designated.

15. **Plaintiff's Response to Davis's Motion in Limine No. 12 and Spencer's Motion in Limine No. 9: "Motive" (Dkt. 148 at 6; Dkt. 149 at 7)**

Defendants seek to exclude any reference to their motives for breaching the Settlement Agreement. As explained above, however, evidence regarding a breaching party's behavior is directly relevant to the materiality of a breach. *See Mustang Pipeline*, 134 S.W.3d at 196; *Restatement (Second) of Contracts* § 241 (1981). Indeed, evidence of Defendants' reasons for breaching the Settlement Agreement would allow the jury to determine "the extent to which the behavior of the party failing to perform . . . comports with standards of good faith and fair dealing." *Mustang Pipeline*, 134 S.W.3d at 196; *see also Casarez*, 2007 WL 3287933, at *5; *Hooker*, 2005 WL 2675018, at *9. Accordingly, Davis's and Spencer's motions should be denied.

16. **Plaintiff's Response to Spencer's Motion in Limine No. 12: "References to Former Judiciary Position" (Dkt. 149 at 8).**

Plaintiff agrees not to reference the prior judicial position of his counsel.

17. **Plaintiff's Response to Davis's Motion in Limine No. 13: "Defamation Lawsuit" (Dkt. 148 at 6).**

Davis seeks to prevent the jury from learning that she initiated this lawsuit. For the same reasons set forth *infra* in Plaintiff's Response to Davis's Motion in Limine No. 17 and Spencer's Motion in Limine No. 14, this motion should be denied. Indeed, as alleged in Jones's Amended Complaint, Davis filing the defamation lawsuit was a breach of the Settlement Agreement. (*See* Dkt. 107 at 9 ["In March 2023, Alexandra filed the [defamation lawsuit] and once more materially breached the Settlement Agreement."])

18. **Plaintiff's Response to Spencer's Motion in Limine No. 13: "Character Evidence of Defendant" (Dkt. 149 at 8).**

During the meet-and-confer on pretrial matters, Jones properly suggested that based on the deposition conduct of Defendants, which included making frequent pejorative, false, and unsupportable statements about Plaintiff, that all witnesses should be instructed that character evidence cannot be introduced or referenced in front of the jury. Spencer did not agree, yet later filed this motion in limine contending that character evidence of Spencer only, should be excluded. Of course, Jones agrees that Rule 404 and 405 apply and should be followed. This is a straightforward breach of contract case, no character evidence is relevant to any claim or defense and would only serve to unfairly inflame the jury based on pure speculation, hearsay, and false allegations regarding Plaintiff. Certainly the same ruling Spencer seeks should also apply to Plaintiff.

19. **Plaintiff's Response to Davis's Motion in Limine No. 14: "Media Articles" (Dkt. 148 at 6)**

Jones agrees not to reference media articles that do not form the basis of any alleged breach of contract or defense to breach of contract.

20. **Plaintiff's Response to Davis's Motion in Limine No. 15 and Spencer's Motion in Limine No. 10: "Opinions by Late Designated Experts" (Dkt. 148 at 7; Dkt. 149 at 8).**

Jones presumes this is an attempt to exclude the testimony of Lance Watson, the forensic expert who investigated Defendants' destruction of evidence. Watson, however, is not an expert that was retained to testify regarding Jones's claims; he was retained for the limited purpose of investigating Defendants' spoliation of evidence. Further, as explained in Jones's Motion for Sanctions (Dkt. 120) and Response in Opposition to Cynthia Davis-Spencer's Motion to Exclude Expert Witness (Dkt. 164), to the extent Jones was supposedly required to disclose Watson prior to expert disclosure deadline, the evidence irrefutably shows that Watson's alleged late designation was caused by Defendants' efforts to conceal their destruction of evidence. Accordingly, this motion should be denied.

21. **Plaintiff's Response to Davis's Motion in Limine No. 16: "Legal Opinions by Donald Jack" (Dkt. 148 at 7).**

Davis move to exclude "legal opinions" from Donald Jack, but Mr. Jack has not offered any legal opinions. And of course, only the Court should determine or instruct the jury on what the law is as applied to this case. Defendants, however, have indicated they intend to make the legal characterization of the Settlement Agreement as a "hush money" agreement, which Plaintiff has moved *in limine* to exclude as improper on various grounds. (*See* Dkt. 101 at 1) If Davis is permitted to cast legal aspersions on the binding and enforceable Settlement Agreement, Plaintiff, through his longtime attorney Donald T. Jack, should be entitled to rebut any such characterization with testimony about the purpose and numerous benefits that he and Plaintiff provided Defendants pursuant to the Settlement Agreement under which Defendants were generously supported throughout Davis's life including into adulthood. Mr. Jack's anticipated testimony is also relevant to the credibility of Defendants anticipated characterization of the Settlement Agreement.

22.     **Plaintiff's Response to Davis's Motion in Limine No. 17 and Spencer's Motion in Limine No. 14: "Dismissed Parties" and "Dismissed Claims," respectively (Dkt. 148 at 7; Dkt. 149 at 8).**

Defendants seek to exclude any reference to Davis's now-dismissed defamation claims and the now-dismissed parties that Davis sued. The defamation claim was a further breach of the Settlement Agreement. Further, it is important for the jury to understand that it was Davis and Spencer that started this lawsuit, not Jones. *See* Fed. R. Evid. 401 advisory committee's note to 1972 proposed rule ("Evidence which is essentially background in nature . . . is universally offered and admitted as an aid to understanding."). Additionally, as discussed above, the overall context of the breaches goes to the materiality element of Jones's breach of contract claims.

| | |
|---|---|
| FOLSOM ADR PLLC | JACKSON WALKER LLP |
| */s/ David Folsom* | */s/Charles L. Babcock* |
| David Folsom | Charles L. Babcock |
| State Bar No. 07210800 | State Bar No. 01479500 |
| david@folsomadr.com | cbabcock@jw.com |
| 6002-B Summerfield Dr. | Nancy W. Hamilton |
| Texarkana, TX 75503 | State Bar No. 11587925 |
| (903) 277-7303 | nhamilton@jw.com |
| | 1401 McKinney Street |
| | Suite 1900 |
| | Houston, TX 77010 |
| | (713) 752-4210 |
| | (713) 752-4221 - Fax |
| | |
| | David T. Moran |
| | State Bar No. 14419400 |
| | dmoran@jw.com |
| | Edwin Buffmire |
| | State Bar No. 24078283 |
| | ebuffmire@jw.com |
| | Cody Martinez |
| | State Bar No. 24102146 |
| | cmartinez@jw.com |
| | 2323 Ross Avenue |
| | Suite 600 |
| | Dallas, TX 75201 |
| | (214) 953-6000 |
| | (214) 953-5822 – Fax |

**ATTORNEYS FOR JERRAL W. JONES**

### CERTIFICATE OF SERVICE

On June 25, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I will serve all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Edwin Buffmire*
Edwin Buffmire