## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | |
|---|---|
| JERRAL W. JONES<br>*Plaintiff* | |
| VS. | CIVIL ACTION NO. 5:23-CV-00032-RWS |
| ALEXANDER DAVIS and CYNTHIA DAVIS<br>f/k/a CYNTHIA DAVIS-SPENCER<br>*Defendants,* | JURY TRIAL DEMANDED |

### CYNTHIA DAVIS' OPPOSED MOTION TO EXCLUDE EVIDENCE

COMES NOW Defendant Cynthia Davis f/k/a Cynthia Davis Spencer ("Cynthia") and files this her Opposed Motion to Exclude Evidence improperly and/or illegally obtained ("Motion") and would show the Court the following:

### FACTS

Defendant has previously filed a Motion to Exclude Plaintiff's Expert Witness (Dkt 141), this motion is filed requesting an alternative remedy and is not intended to waive any objections set forth in that Motion to Exclude.

Plaintiff, Jerral W. Jones ("Jones"), despite having not participated in discovery in any way, requested an image of Cynthia's phone. Cynthia complied with the request and entered into an agreement with Plaintiff regarding the content of the image, See Exhibit 1. At no time has that agreement been revoked.

On May 16, 2024, the parties appeared before this Court on Plaintiff's Motion for Show Cause for Cynthia Davis-Spencer's Spoliated Evidence. During the proceedings, the Court took a break so the parties could discuss the next steps that were required on their request. The parties announced on the record of the Court their agreement as follows:

MR. BUFFMIRE:  We have an agreement to review the content of the messages exchanged between Ms. Davis-Spencer and Ms. Davis, so mother and daughter, and Ms. Hayes will send us certain terms for medical information or account numbers or anything that should be excluded from the content of that review. And we'll otherwise review those messages for relevant evidence and provide that relevant evidence to -- that set of relevant evidence to all parties here to review to be sure if there's anything that needs to remain redacted or attorneys eyes only will remain under seal.

MS. HAYES:  We concur that's our agreement.  We'll submit a list of terms that will be excluded.

See Exhibit 2, Page 38.

The parties only received the "relevant evidence" when it was attached to the Plaintiff and Dismissed Party's Motion for Sanctions for Destruction of Evidence Against Alexandra Davis and Cynthia Davis (Dkt 120), filed by Jones.

On May 17, 2024, Plaintiff expressed a desire to expand that review. Defendant's counsel stated her concerns and objections and asked for additional information to assist the parties in establishing that scope. In fact, counsel requested a call with the Plaintiff's expert to discuss the scope. A few hours later, Plaintiff indicated that they disagreed with Defendant and would provide a complete response, See Exhibit 3. A list of excluded terms was also tendered to Plaintiff with words that should be excluded from any future review, See Exhibit 4.

To date, Defendant has not received a formal response from Jones regarding the scope of review. In addition, Defendant has not received a full detail of all "relevant evidence" located on

the phone of Defendant. Despite that, it appears that the Plaintiff has proceeded to review content in violation of their agreement with counsel and Cynthia's right to privacy.

## LEGAL STANDARD

Texas recognizes several forms of invasion of privacy, including intrusion upon a person's seclusion and public disclosure of private facts. *Cain v. Hearst Corp.,* 878 S.W.2d 577, 578 (Tex.1994); *Blanche v. First Nationwide Mortg. Corp.,* 74 S.W.3d 444, 454 (Tex.App.—Dallas 2002, no pet). *Miller v. Talley Dunn Gallery, LLC,* No. 05-15-00444-CV, 2016 WL 836775, at *9 (Tex. App.—Dallas Mar. 3, 2016, no pet.) Texas courts have long recognized a common law right to privacy. *See Valenzuela v. Aquino,* 853 S.W.2d 512, 513 (Tex. 1993); *Doe v. Partridge,* No. A-08-CA-261 LY, 2008 WL 11411234, at *4 (W.D. Tex. May 28, 2008), report and recommendation adopted, No. A-08-CA-261-LY, 2008 WL 11411263 (W.D. Tex. June 20, 2008).

The Computer Fraud and Abuse Act (CFAA) The CFAA provides that "whoever ... intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains ... information from any protected computer if the conduct involved an interstate or foreign communication" or "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value ... shall be punished as provided in subsection (c) of this section." 18 U.S.C. § 1030(a)(2)(C) & (a)(4*); Sw. Airlines Co. v. Farechase, Inc.,* 318 F. Supp. 2d 435, 438 (N.D. Tex. 2004).

The CFAA defines a "computer" as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but ... does not include an automated typewriter or typesetter, a

portable hand held calculator, or other similar device ...." 18 U.S.C. § 1030(e)(1). A "protected computer" is one "which is used in or affecting interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B). *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.,* No. 4:15-CV-00627, 2016 WL 8648927, at *14 (S.D. Tex. Mar. 29, 2016), modified on reconsideration, No. 4:15-CV-00627, 2017 WL 1177966 (S.D. Tex. Mar. 29, 2017). In reality, 'a modern cell phone is a computer....' " (quoting *United States v. Wurie,* 728 F.3d 1, 8 (1st Cir.2013), *aff'd by Riley v. California,* 134 S.Ct. 2473 (2014)).

Under the Harmful Access by Computer Claim (HACA), the Texas Civil Practices and Remedies Code § 143.001(a) creates a civil cause of action for "a person who is injured or whose property has been injured as a result of a violation under Chapter 33, Penal Code, ... if the conduct constituting the violation was committed knowingly or intentionally." TEX. CIV PRAC. & REM.CODE ANN. § 143.001(a) (Vernon 1997). The Texas Penal Code § 33.02(a) reads: "A person commits an offense if the person knowingly accesses a computer, computer network, or computer system without the effective consent of the owner." TEX. PENAL CODE ANN. § 33.02(a) (Vernon 2003). Id at 443.

## ARGUMENT

In the declaration of Lance Watson, filed with this Court Plaintiff and Dismissed Party's Motion for Sanctions for Destruction of Evidence Against Alexandra Davis and Cynthia Davis (Dkt 120), Watson asserts "For Cynthia Davis, there are two sources of messages that contain communications to or from her, Alex Davis and Don Jack,  See Dkt 120, 001) Additionally in his deposition, he stated that the focus of his "review focused on communications involving Alex Davis, Cynthia Davis, Don Jack, Shy Anderson and Lisa Duffy[sic]." (See Exhibit 5, page 31:21-

24). By his own admission, the review of the data was specifically in violation of the agreement on the record.

Additionally, when asked about the exclusionary terms, Mr. Watson did "not recall seeing one." (See Exhibit 5, page 145:24-page 146: 1-4). He went on to explain that his colleague would have been responsible for ensuring the absence of those words. However, upon review of the images attached to the report of Lance Watson, IMG_9501, 5005_1008 and 5005_1007 all contained terms that were specifically on the list of words to be excluded. Plaintiff completely disregarded the agreement of the parties and far exceeded the scope of the investigation in violation of both HACA and CFAA. (See See Dkt 120, 001 EX C and D).

Watson testified that he was not given search terms by which he should review content from Plaintiff.

> Q.      Okay. Who was responsible for determining those search terms?
>
> A.      Probably Sandy.

(See Exhibit 5, page 126:21-23)

Plaintiff's expert has testified that a colleague of the expert determined the search terms and the parameters of that search were never limited in time, scope or relevancy by the Plaintiff. Essentially, Plaintiff dug through the personal, private affairs of Plaintiff with no constraints on their fishing expedition in an effort to locate information that may be harmful to Cynthia. Plaintiff then attempts to use those ill-begotten images and messages as a means to seek sanctions against Defendant. Plaintiff has not even produced the entire catalog of information removed from Defendant's device. The plaintiff has severely violated Cynthia's rights and caused her harm.

Furthermore, Mr. Watson stated in both his declaration and his deposition that he reviewed images of Defendant. In his deposition he stated, "So these are -- we used the process to look at the -- all the images on the -- on the device, and it did -- does a categorization and gave us approximately 17,000 things that look like screenshots. (See Exhibit 5, page 32:13-16). At no time was any consent given for review of any images of Defendant. In fact, the agreement on the May 16, 2024 transcript was clear that the agreement only extended to "messages". Mr. Watson reviewed all of the images of Cynthia without her permission or consent and violated her rights to privacy in doing so. The actions of Plaintiff have caused harm to Defendant and the review was wrongful.

Additionally, in paragraph 61 of his Declaration, Watson attests to a review of messages produced by Lisa Duffee and makes assertions about his inability to locate those messages on Cynthia's phone. Here, Watson unequivocally testified that he had accessed content on Cynthia's phone outside the limited "agreement" of the parties without express consent to do so. (See Dkt 120, 001).

In paragraph 74 of his Declaration, Watson testifies "I am still reviewing the material **and content** for Cynthia Davis…." (See Dkt 120, 001). As such, Watson has admitted to this Court that he has accessed the content of the image of Cynthia. The plaintiff did not have express consent to do so and as a result has violated the CFAA and HACA.

Watson in his declaration also opined on the Facebook messages between Shy Anderson and Cynthia Davis. (See Dkt 120, 001). Knowing full well that the representation made to this court was that only messages between Cynthia and Davis would be reviewed, Plaintiff attaches to its motion, messages between Shy Anderson and Cynthia Davis, and Watson false makes incorrect

statements about their origin. The invasion and improper search was intentional and deliberate and entitled to Cynthia to damages under HACA and CFAA.

Further, the messages referenced by Watson for review in this action were messages from 12/26/2020 to 05/01/2024. Some of the communications were after the litigation was filed and long after Jones alleges the breach occurred. These messages would be in no way relevant to the proceeding.  In fact, due to the fact that Cynthia and Davis are both defendants in this action, their communications regarding this lawsuit could be privileged communications under the joint defense theory and not subject to review.

At no time did Defendant consent to allow a review of communications after the lawsuit commenced and outside the relevant time period. However, on numerous occasions, Watson references communications between Jones and Cynthia in the Spring of 2023, well after the lawsuit was pending against both Defendants and without the authority or consent to do so. Under no circumstances are communications between Mother and Daughter in late 2023 relevant to Jones' breach of contract claim in this action Watson has far exceeded any limited "agreement" that *may* have been established. The communications between Plaintiff and Defendant's counsel on May 17, 2024, clearly sets forth that there was no meeting of the minds on an agreement as to time limits and that terms were still being "hashed out". Despite that, Plaintiff proceeded to do as it saw fit with total disregard for the requisite consent under the law.

### Harm Analysis

The plaintiff has undoubtedly accessed material from a computer without the effective consent of the owner in violation of TEX. CIV PRAC. & REM.CODE ANN. § 143.001(a) (Vernon 1997) and the Texas Penal Code § 33.02(a). Plaintiff has now attempted to use those "poisonous fruits" as a means to seek sanctions against Cynthia. Because the expert for Plaintiff was either not

informed of the agreed restriction(s) during his review or disregarded the bounds of consent, an invasion of privacy occurred and Plaintiff has trampled on Cynthia's constitutional rights.

## STRIKE EVIDENCE

Plaintiff cannot articulate a good faith basis for accessing the content of messages between Cynthia and third parties in violation of the agreement on which Defendant relies. Plaintiff cannot also explain why each and every facet of the agreement read into the record was ignored. The plaintiff cannot articulate a good faith basis for exceeding the scope, ignoring the exclusionary list, reviewing images, etc. in violation of TEX. CIV PRAC. & REM.CODE ANN. § 143.001(a) and Texas Penal Code § 33.02(a). At a minimum, any illegally or improperly obtained evidence should be struck and not admissible in any action in this Court.

## ATTORNEYS FEES

Defendant, Cynthia Davis has had to utilize the services of an attorney to prosecute and file this motion. Cynthia Davis is entitled to recover attorney fees under the Harmful Access by Computer Claim and seeks recovery of her fees in this action.

## CONCLUSION

As a result of the violation discussed above, Defendant has been harmed and requests that the illegally and/or improperly obtained material be excluded and Defendant be awarded her attorney's fees and to all other relief to which she is entitled.


Respectfully Submitted,


**BALEKIAN HAYES, PLLC**


*/s/ Kris Hayes* .

**KRIS HAYES**
State Bar No. 24031719
kris@bh-pllc.com
4144 N. Central Expressway, Suite 1200
Dallas, Texas 75204
(214) 828-2800 Telephone
(214) 827-9671 Facsimile
**ATTORNEYS FOR DEFENDANT**
**CYNTHIA DAVIS f/k/a CYNTHIA DAVIS**
**SPENCER**

### CERTIFICATE OF SERVICE

On June 27, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I will serve all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_/s/ Kris Hayes_ .

KRIS HAYES

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant has complied with the meet and confer requirement in Local Rule CV-7(h). Kris Hayes attempted to contact Edwin Buffmire by telephone on June 21, 2024 regarding the above motion. Despite a message being left, no return call was received. Kris Hayes sent an email to Edwin Buffmire on the same issue on June 26, 2024. He stated that the motion is opposed. The conference required by Local Rule CV-7(h) was thus held via email on June 26, 2024 with the following participants: Jay Gray, Kris Hayes, Chip Babcock, David Moran, Edwin Buffmire, Andrew Bergman, Matt Keil, Erin Keil, and the undersigned counsel. Edwin Buffmire, on behalf Plaintiff, responded to said email and confirmed Jones is opposed to the Motion to Exclude Evidence.

/s/ Kris Hayes                .
KRIS HAYES

# EXHIBIT 1

**Balekian Hayes, PLLC**
*For your family law needs*

ATTORNEYS AT LAW
4144 N. Central Expressway, Suite 1200
Dallas, Texas 75204
Telephone: (214) 828-2800/Facsimile: (214) 827-9671
*Attorneys licensed in TX, OK, GA, MO

Kris Balekian Hayes                www.bh-pllc.com                Telephone: (214) 828-2800
kris@bh-pllc.com                                                  Telecopy: (214) 827-9671

April 30, 2024

Edwin Buffmire
JaCkson Walker LLP
2323 Ross Ave, Suite 600
Dallas, Texas 75201

Re:   *In Re: Alexandra Davis vs. Jerral W. Jones, Dallas Cowboys Football
      Club Ltd., James Wilkinson, Trailrunner International, LLC, and Donald
      Jack, Jr.* ; Civil Action No. 5:23-cv-00032-RWS; In the United States
      District Court for the Eastern District of Texas Texarkana Division

Mr. Buffmire,

    Pursuant to our discussion, the parties have agreed that Cynthia Davis will deliver
her phone for imaging by your preferred vendor. It is my understanding that the digital
image (and metadata contained therein) will be maintained in the form they are retrieved
until further court order or agreement of the parties.

    The parties also agree that the content of the messages themselves will not be
reviewed from the image until such time that the parties either reach an agreement on the
scope for reviewing the contents of the messages or until further court order.

    Additionally, Cynthia Davis will agree to disclose her login and password to her
icloud account for the purpose of creating a digital image of the data contained with the
icloud account and will be maintained in the format it is retrieved in. The parties also
agree that the content of the messages themselves will not be reviewed from the image
until such time that the parties either reach an agreement on the scope for reviewing the
contents of the messages or until further court order.

    If this accurately sets forth our agreement, please indicate so below.

Sincerely Yours,

BALEKIAN HAYES, PLLC

_____

KRIS HAYES


AGREED BY:

_____

EDWIN BUFFMIRE

# EXHIBIT 2

```
 1              IN THE UNITED STATES DISTRICT COURT

 2             FOR THE EASTERN DISTRICT OF TEXAS

 3                     TEXARKANA DIVISION

 4   JERRAL W. JONES,            ) (
           PLAINTIFF,           ) (    CIVIL ACTION NO.
 5                              ) (    5:23-CV-32-RWS
     VS.                        ) (    TEXARKANA, TEXAS
 6                              ) (
     ALEXANDRA DAVIS, CYNTHIA    ) (
 7   DAVIS f/k/a CYNTHIA        ) (    MAY 16, 2024
     DAVIS-SPENCER,             ) (    2:04 P.M.
 8        DEFENDANTS.           ) (

 9                     MOTIONS HEARING

10       BEFORE THE HONORABLE ROBERT W. SCHROEDER III

11            UNITED STATES DISTRICT JUDGE

12

13   FOR THE PLAINTIFF:      Mr. Charles L. Babcock
                             Jackson Walker LLP
14                           1401 McKinney
                             Suite 1900
15                           Houston, TX 77010

16                           Mr. David Folsom
                             Folsom ADR PLLC
17                           6002 Summerfield Drive
                             Suite B
18                           Texarkana, TX 75503

19                           Mr. Edwin M. Buffmire
                             Mr. Cody A. Martinez
20                           Jackson Walker LLP
                             2323 Ross Avenue
21                           Suite 600
                             Dallas, TX 75201

22

23   FOR ALEXANDRA DAVIS:    Mr. Jay K. Gray
                             Bergman Gray LLP
24                           4514 Travis Street
                             Suite 300
25                           Dallas, TX 75205
```

```
 1  FOR ALEXANDRA DAVIS:      Mr. Kyle Keil
                              Ms. Erin M. Keil
 2                            Ms. Hailee M. Amox
                              Keil Law Firm PLLC
 3                            406 Walnut Street
                              Texarkana, AR 71854
 4
    FOR CYNTHIA
 5  DAVIS-SPENCER:            Ms. Krista Hayes
                              Balekian Hayes, PLLC
 6                            4144 N. Central Expressway
                              Suite 1200
 7                            Dallas, TX 75204

 8
    COURT REPORTER:           Ms. Shelly Holmes, CSR, TCRR
 9                            Official Court Reporter
                              Honorable Robert W. Schroeder III
10                            United States District Judge
                              Eastern District of Texas
11                            Texarkana Division
                              500 North State Line Avenue
12                            Texarkana, Texas 75501
                              shelly_holmes@txed.uscourts.gov
13

14  (Proceedings recorded by mechanical stenography, transcript
    produced on a CAT system.)
15

16

17

18

19

20

21

22

23

24

25
```

03:14:33   1          MR. BUFFMIRE:  -- state our agreement with

03:14:39   2   Ms. Davis-Spencer, and Ms. Hayes will correct or refine

03:14:42   3   anything that I misstate.

03:14:43   4          THE COURT:  Okay.

03:14:44   5          MR. BUFFMIRE:  We have an agreement to review the

03:14:47   6   content of the messages exchanged between Ms. Davis-Spencer

03:14:51   7   and Ms. Davis, so mother and daughter, and Ms. Hayes will

03:14:55   8   send us certain terms for medical information or account

03:15:01   9   numbers or anything that should be excluded from the

03:15:05  10   content of that review.

03:15:06  11          And we'll otherwise review those messages for

03:15:08  12   relevant evidence and provide that relevant evidence to --

03:15:15  13   that set of relevant evidence to all parties here to review

03:15:18  14   to be sure if there's anything that needs to remain

03:15:23  15   redacted or attorneys eyes only will remain under seal.

03:15:23  16          THE COURT:  Okay.  And do you have a timeline for

03:15:25  17   doing that?

03:15:25  18          MR. BUFFMIRE:  I believe our same 10-day timeline

03:15:29  19   in terms of updating the Court.  We'll do that right away

03:15:32  20   and be able to update the Court and inform the Court of the

03:15:35  21   progress there as soon as possible.

03:15:37  22          THE COURT:  Okay.  Ms. Hayes?

03:15:40  23          MS. HAYES:  We concur that's our agreement.  We'll

03:15:43  24   submit a list of terms that will be excluded.

03:15:44  25          THE COURT:  Okay.  All right.  Good enough.

# EXHIBIT 3

6/11/24, 3:54 PM                                   Balekian Hayes, PLLC Mail - Re: Email and Exclusion Terms

 Gmail                                                    Kris Balekian Hayes <kris@bh-pllc.com>

## Re: Email and Exclusion Terms
1 message

**Buffmire, Edwin** <ebuffmire@jw.com>                                    Fri, May 17, 2024 at 2:05 PM
To: Kris Balekian Hayes <kris@bh-pllc.com>
Cc: "Jay K. Gray" <gray@bergmangray.com>, Andrew Bergman <bergman@bergmangray.com>, "Babcock, Chip"
<cbabcock@jw.com>, "Martinez, Cody" <CMartinez@jw.com>, David Folsom <david@folsomadr.com>, "Moran, David"
<dmoran@jw.com>

Thanks, Kris. As to your argument on the emails, we respectfully disagree and will provide a complete response. Suffice
for now to say that as officers of the Court, we simply believe that Judge Schroeder should receive as complete a picture
of Cindy's and Alex's destruction of evidence here as we can provide on this expedited basis.

Thank you for the list nonetheless. Some of the terms are puzzling and we may need to revisit if they impede the
spoliation analysis but we'll just send this along to the experts as is and reserve all rights to take those issues up with you
and Cindy later as needed.

All the best,
Edwin

Get Outlook for iOS

---

**From:** Kris Balekian Hayes <kris@bh-pllc.com>
**Sent:** Friday, May 17, 2024 11:44:36 AM
**To:** Buffmire, Edwin <ebuffmire@jw.com>
**Cc:** Jay K. Gray <gray@bergmangray.com>; Andrew Bergman <bergman@bergmangray.com>; Babcock, Chip
<cbabcock@jw.com>; Martinez, Cody <CMartinez@jw.com>; David Folsom <david@folsomadr.com>; Moran,
David <dmoran@jw.com>
**Subject:** Re: Email and Exclusion Terms

  **Caution: **External Email.**

Edwin
I have concerns about the scope of this review and giving you unfettered access to her current email. I have teh same
concerns with privilege, both legal and medical with teh additional concern about her work emails. How far back
would you like to review? Is your expert only reviewing deleted messages? Perhaps we need to schedule a call with your
expert to discuss this so I can better understand. Again, there is no reason to give you full access to my client's emails. I
agreed to text messages. They contain work information, trade secret information, etc. It is a complete invasion of her
privacy to demand all of her email communications. What specifically are you looking for in email (other than the Shy
email), that we can narrow this to?

I am happy to work with you on this, but it needs to be much more narrow than "give me her password and I am
reviewing all of her emails".

Please see attached list and advise as to any issues.



KRIS BALEKIAN HAYES
MANAGING PARTNER
(LICENSED IN TX, OK, GA & MO)
BOARD CERTIFIED

☎ 214.828.2800
📞 214.827.9671
✉ KRIS@BH-PLLC.COM
🏢 4144 N CENTRAL EXPRESSWAY
   STE. 1200
   DALLAS, TX 75204

BH-PLLC.COM
BH-PLLC.COM/SHARE-REVIEW/

CONFIDENTIALITY This email message and any attachments hereto are intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email message, you are hereby notified that any dissemination, distribution or copying of this email message, and/or any attachments hereto, is strictly prohibited. If you have received this email message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any attachments hereto and any printout hereof.

On Fri, May 17, 2024 at 10:24 AM Buffmire, Edwin <ebuffmire@jw.com> wrote:

> Thanks. The forensic analysts are looking for evidence of spoliation. Like Jay, I thought that the images would have captured emails too but apparently iPhone security now won't allow that so they just need the passwords and email addresses. It currently looks like much of the spoliation is Alex and Cindy communications yes that's the focus. But for example I think they also need to look for spoliation with respect to Cindy's communications with Shy Anderson. You'll recall she testified that she emailed him the confidential settlement agreements which is one basis of the breach of contract claim against her, and that email apparently has been deleted by both her and Mr. Anderson because Cindy didn't produce it nor did Mr. Anderson. So we need to know the details of that if they can find anything forensically.
>
> We can apply the same filters to the emails for further comfort.

---

**From:** Kris Balekian Hayes <kris@bh-pllc.com>
**Sent:** Friday, May 17, 2024 10:10 AM
**To:** Buffmire, Edwin <ebuffmire@jw.com>
**Cc:** Jay K. Gray <gray@bergmangray.com>; Andrew Bergman <bergman@bergmangray.com>; Babcock, Chip <cbabcock@jw.com>; Martinez, Cody <CMartinez@jw.com>; David Folsom <david@folsomadr.com>; Moran, David <dmoran@jw.com>
**Subject:** Re: Email and Exclusion Terms

**Caution:** **External Email.

I am currently working on the list. Can you explain to me the situation with email? Are you just reviewing emails between Cindy and Alex?



KRIS BALEKIAN HAYES
MANAGING PARTNER
(LICENSED IN TX, OK, GA & MO)

BOARD
CERTIFIED
Texas Board of Legal Specialization

☎ 214.828.2800
🖨 214.827.9671
✉ KRIS@BH-PLLC.COM
📍 4144 N CENTRAL EXPRESSWAY
STE. 1200
DALLAS, TX 75204

BH-PLLC.COM

BH-PLLC-COM/SHARE-REVIEW/

CONFIDENTIALITY This email message and any attachments hereto are intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email message, you are hereby notified that any dissemination, distribution or copying of this email message, and/or any attachments hereto, is strictly prohibited. If you have received

this email message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any attachments hereto and any printout hereof.

On Fri, May 17, 2024 at 10:07 AM Buffmire, Edwin <ebuffmire@jw.com> wrote:

Good morning — Friendly reminder to get us this morning please any email addresses and passwords as well as the list of terms for the filter on health and financial information. We of course need to get underway to update the Court expeditiously.

All the best,

Edwin

**Edwin Buffmire**
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201
V: (214) 953-5939 | F: (214) 661-6839 | ebuffmire@jw.com



 **Gmail**

Kris Balekian Hayes <kris@bh-pllc.com>

---

## Re: Email and Exclusion Terms
1 message

---

**Kris Balekian Hayes** <kris@bh-pllc.com>                                    Fri, May 17, 2024 at 11:44 AM
To: "Buffmire, Edwin" <ebuffmire@jw.com>
Cc: "Jay K. Gray" <gray@bergmangray.com>, Andrew Bergman <bergman@bergmangray.com>, "Babcock, Chip"
<cbabcock@jw.com>, "Martinez, Cody" <CMartinez@jw.com>, David Folsom <david@folsomadr.com>, "Moran, David"
<dmoran@jw.com>

Edwin
I have concerns about the scope of this review and giving you unfettered access to her current email. I have teh same
concerns with privilege, both legal and medical with teh additional concern about her work emails. How far back
would you like to review? Is your expert only reviewing deleted messages? Perhaps we need to schedule a call with your
expert to discuss this so I can better understand. Again, there is no reason to give you full access to my client's emails. I
agreed to text messages. They contain work information, trade secret information, etc. It is a complete invasion of her
privacy to demand all of her email communications. What specifically are you looking for in email (other than the Shy
email), that we can narrow this to?

I am happy to work with you on this, but it needs to be much more narrow than "give me her password and I am
reviewing all of her emails".

Please see attached list and advise as to any issues.



BH-PLLC.COM
BH-PLLC-COM/SHARE-REVIEW/

CONFIDENTIALITY This email message and any attachments hereto are intended only for use by the addressee(s) named herein and may
contain legally privileged and/or confidential information. If you are not the intended recipient of this email message, you are hereby notified that
any dissemination, distribution or copying of this email message, and/or any attachments hereto, is strictly prohibited. If you have received this
email message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any
attachments hereto and any printout hereof.

On Fri, May 17, 2024 at 10:24 AM Buffmire, Edwin <ebuffmire@jw.com> wrote:

> Thanks. The forensic analysts are looking for evidence of spoliation. Like Jay, I thought that the
> images would have captured emails too but apparently iPhone security now won't allow that so they
> just need the passwords and email addresses. It currently looks like much of the spoliation is Alex
> and Cindy communications yes that's the focus. But for example I think they also need to look for
> spoliation with respect to Cindy's communications with Shy Anderson. You'll recall she testified that
> she emailed him the confidential settlement agreements which is one basis of the breach of contract
> claim against her, and that email apparently has been deleted by both her and Mr. Anderson because
> Cindy didn't produce it nor did Mr. Anderson. So we need to know the details of that if they can find
> anything forensically.
>
>
> We can apply the same filters to the emails for further comfort.

**From:** Kris Balekian Hayes <kris@bh-pllc.com>
**Sent:** Friday, May 17, 2024 10:10 AM
**To:** Buffmire, Edwin <ebuffmire@jw.com>
**Cc:** Jay K. Gray <gray@bergmangray.com>; Andrew Bergman <bergman@bergmangray.com>; Babcock, Chip <cbabcock@jw.com>; Martinez, Cody <CMartinez@jw.com>; David Folsom <david@folsomadr.com>; Moran, David <dmoran@jw.com>
**Subject:** Re: Email and Exclusion Terms

**Caution:** **External Email.

I am currently working on the list. Can you explain to me the situation with email? Are you just reviewing emails between Cindy and Alex?



KRIS BALEKIAN HAYES
MANAGING PARTNER
(LICENSED IN TX, OK, GA & MO)

☎ 214.828.2800
📠 214.827.9671
✉ KRIS@BH-PLLC.COM
📍 4144 N CENTRAL EXPRESSWAY
STE. 1200
DALLAS, TX 75204

BH-PLLC.COM

BH-PLLC-COM/SHARE-REVIEW/

CONFIDENTIALITY This email message and any attachments hereto are intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email message, you are hereby notified that any dissemination, distribution or copying of this email message, and/or any attachments hereto, is strictly prohibited. If you have received this email message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any attachments hereto and any printout hereof.

On Fri, May 17, 2024 at 10:07 AM Buffmire, Edwin <ebuffmire@jw.com> wrote:

Good morning – Friendly reminder to get us this morning please any email addresses and passwords as well as the list of terms for the filter on health and financial information. We of course need to get underway to update the Court expeditiously.

All the best,

Edwin

**Edwin Buffmire**
2323 Ross Avenue, Suite 600 | Dallas, TX | 75201

V: (214) 953-5939 | F: (214) 661-6839 | ebuffmire@jw.com



 **Terms to be excluded.docx**
15K

# EXHIBIT 4

Terms to be excluded:

1. Cancer
2. Chemo
3. Chemotherapy
4. CT
5. CT scan
6. UT Southwestern
7. Lymphoma
8. Large B Cell
9. Stage 4
10. Testing
11. PET
12. scan
13. Diagnosis
14. Diffuse
15. Any account number
16. CHOP
17. R CHOP
18. Medication
19. Dosage
20. Prescription
21. Prescribed
22. Treatment
23. Therapy
24. Surgery
25. Cure
26. Hospital
27. Regimen
28. Doctor
29. Therapeutic
30. Malignant
31. Malignancy
32. Timor
33. Sickness
34. Disease
35. Carcinoma
36. Radiation
37. Preventative
38. Restorative
39. Surgery
40. Medicinal
41. Pharmaceutical
42. Pharmacy
43. Lymph

44. Concentrated
45. Radiated
46. Side effects
47. Nausea
48. Diffusion
49. protocol

# EXHIBIT 5

LANCE WATSON June 20, 2024

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

JERRAL W. JONES                    *
    Plaintiff,                     *
                            *
VS.          * CIVIL ACTION NO.
                        * 5:23-cv-00032-RWS
ALEXANDER DAVIS and CYNTHIA        *
DAVIS f/k/a CYNTHIA                *
DAVIS-SPENCER                      * JURY TRIAL DEMANDED
                            *
    Defendants.                    *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CONFIDENTIAL
ORAL DEPOSITION OF
LANCE WATSON
JUNE 20, 2024
VOLUME 1 OF 1
(Reported remotely via Zoom)
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIAL ORAL DEPOSITION OF LANCE WATSON, produced
as a witness at the instance of the Defendant, Alexandra
Davis, and duly sworn, was taken in the above-styled and
-numbered cause on the 20th day of June, 2024, from
1:37 p.m. to 5:49 p.m., before Amy Massey, CSR in and for
the State of Texas, reported by machine shorthand remotely
via Zoom pursuant to the Federal Rules of Civil Procedure
and the provisions stated on the record or attached hereto.

Amy Massey & Associates

LANCE WATSON June 20, 2024

Page 2

```
 1                    A P P E A R A N C E S
 2    FOR THE PLAINTIFF, JERRAL W. JONES:
 3         MR. EDWIN BUFFMIRE
           MR. CODY MARTINEZ
 4         Jackson Walker, LLP
           1401 McKinney Street
 5         Suite 1900
           Houston, Texas   77010
 6         713-752-4210
           ebuffmire@jw.com
 7         cmartinez@jw.com
 8    FOR THE DEFENDANT, ALEXANDRA DAVIS:
 9         MR. JAY K. GRAY
           MR. ANDREW A. BERGMAN
10         BergmanGray LLP
           4514 Travis Street
11         Travis Walk
           Suite 300
12         Dallas, Texas   75205
           214-528-2444
13         gray@bergmangray.com
           bergman@bergmangray.com
14
           MR. MATT KEIL
15         MS. HAILEE AMOX
           Keil Law Firm, PLLC
16         406 Walnut Street
           Texarkana, Arkansas 71854
17         870-772-4113
           mkeil@kglawfirm.com
18         hailee.amox@gmail.com
19    FOR THE DEFENDANT, CYNTHIA DAVIS-SPENCER:
20         MS. KRISTA BALEKIAN HAYES
           Balekian Hayes, PLLC
21         4144 North Central Expressway
           Suite 1200
22         Dallas, Texas   75204
           214-828-2800
23         kris@bh-pllc.com
24
25
```

Amy Massey & Associates

LANCE WATSON June 20, 2024

Page 31

1    to collect and analyze data regarding communications

2    between parties in the Jerral Jones versus Alexandra Davis

3    and Cynthia Davis matter.

4                    Is that a correct statement?

5        A.   Yes.

6        Q.   All right.  And then Page -- and then

7    Paragraph 11 it says you reviewed data from Alex Davis's

8    phone, Alex Davis's phone backups, Alex Davis's computer.

9                    Do you see that?

10       A.   Yes.

11       Q.   And I'm stopping, and I'm not going into Cynthia's

12   right now.

13                   But you say Alex Davis's phone and Alex

14   Davis's phone backups.  What do you mean by "Alex Davis's

15   phone backups"?

16       A.   It's the data we got from iCloud.

17       Q.   Okay.  So when you say "Alex Davis's phone

18   backups" in this paragraph, you're referring to the iCloud

19   account?

20       A.   Yes.

21       Q.   Now, you say this review only focused on

22   communications involving Alex Davis, Cynthia Davis,

23   Don Jack, Shy Anderson, and limited communications with

24   Lisa Duffy, correct?

25       A.   Yes.

Amy Massey & Associates

LANCE WATSON June 20, 2024

Page 32

1    Q.   All right.  Now, I'm trying to -- we're going to

2   go to Paragraph -- the next page, and we're going to go to

3   Paragraph 14, which is on Page 2.

4    A.   Okay.

5    Q.   I believe we're talking -- we're still talking in

6   General Background.  You talk about, in the middle of this

7   where my highlighter is, if you can see that, "examples of

8   screenshots from this process are attached as Exhibit C."

9             Do you see that?

10    A.   Yes.

11    Q.   All right.  What are you talking about, examples

12   of screenshots?

13    A.   So these are -- we used the process to look at

14   the -- all the images on the -- on the device, and it

15   did -- does a categorization and gave us approximately

16   7,000 things that look like screenshots.

17    Q.   Okay.  You mentioned up here "imaged files were

18   then sent through an OCR, optical character recognition,

19   process.

20             Do you see that?

21    A.   Yes.

22    Q.   And so am I to understand that you actually sent

23   the image file through on OCR program?

24    A.   Yes.

25    Q.   And how did you -- what OCR program did you use?

Amy Massey & Associates

LANCE WATSON June 20, 2024

Page 126

1     Q.   Okay.  So, again, we're just talking about

2     messages deleted in general?

3     A.   Yes.

4     Q.   In Paragraph 22 of your declaration, you talked

5     about how you were only able to locate 2 of the 14

6     unredacted messages from the conversation between Cynthia

7     and Lisa Duffy.  Do you see that information in your --

8     A.   Yes.

9     Q.   Explain to me the process of how to match that up.

10    How do you get the message that is delivered to you by

11    Ms. Duffy in a physical format, I presume, and then ensure

12    that same message is not on Cynthia's phone?

13    A.   So in looking at those mess- -- that image, we

14    search for the -- the message -- words out of the messages.

15    Q.   Okay.  So if Lisa Duffy had used the word "I have

16    an apple tree," you would therefore go and search Cindy's

17    phone for "apple" or something along that lines in order to

18    see if they -- that identical message is there?

19    A.   Yes.  And if we know a date because a date is

20    present, we would look for something in that date range.

21    Q.   Okay.  Who was responsible for determining those

22    search terms?

23    A.   Probably Sandy.

24    Q.   Okay.  And Sandy's the person that collected the

25    image initially; is that right?

Amy Massey & Associates

LANCE WATSON June 20, 2024

Page 145

1    data, do you often ask law firms to provide you with

2    additional documentation or documents produced in the case

3    to compare?

4        A.    Yeah, that is a -- that is something we do.

5        Q.    And is that something you did in this case?

6        A.    Ask for additional data review?

7        Q.    Well, did you ask -- you know, if you're trying to

8    specifically see if these -- these particular images are on

9    these phones, you need to let us know what you're looking

10   at, right?  Did you say, Can we see what's been produced so

11   we can compare those?

12       A.    We were provided with -- with the productions.

13   That's how we -- how we did the search, is to find the

14   items based on the screenshots.

15       Q.    Okay.  But you weren't provided a specific scope

16   for review; you indicated Sandy kind of pulls together the

17   search terms, right?

18       A.    It's -- it's -- she would have put the search

19   terms in.  She will frequently ask us to look over a set of

20   search terms:  Do you think these are sufficient, do you

21   think these are good, or whatever.

22              And that's something I specialize in, is

23   writing good search terms.  So...

24       Q.    Do you -- do you recall ever seeing a list of

25   words that would specifically be excluded from search in

Amy Massey & Associates

LANCE WATSON June 20, 2024

Page 146

1    these -- in these devices?

2         A.    I believe one existed.  Otherwise there wouldn't

3    have been a need to search the report to make sure there

4    were things that I didn't see.

5         Q.    Okay.  Well, who would have been --

6         A.    I don't recall seeing the -- the list myself.

7         Q.    I'm sorry to interrupt you.

8               Who would have been responsible for ensuring

9    that those words were excluded?

10        A.    That probably ultimately would have been Gavin.

11        Q.    Okay.  And so Gavin performed some of the work,

12   and Gavin wrote some of this declaration.  Is -- does

13   Gavin -- or have -- are you aware of whether or not Gavin

14   has given his deposition in other cases?

15        A.    Yeah, he's been deposed.

16        Q.    Okay.  You both offer testimony in cases like

17   this?

18        A.    Yes.

19        Q.    What's a -- well, strike that.

20               Is there any way -- and this -- this may

21   sound like a dumb question, so if it is just tell me it's

22   dumb.  But you talk about a screenshot is on the phone and

23   it shows up in the gallery.  Would it be possible for

24   someone to text you a screenshot and you download it and it

25   becomes part of your gallery?

Amy Massey & Associates

LANCE WATSON June 20, 2024

Page 169

1      That $_____ is the deposition officer's charges to

2   the Defendant, Alexandra Davis, for preparing the original

3   deposition transcript and any copies of exhibits;

4           I further certify that I am neither counsel for,

5   related to, nor employed by any of the parties or attorneys

6   in the action in which this proceeding was taken, and

7   further that I am not financially or otherwise interested

8   in the outcome of the action.

9           Certified to by me this 26th day of June, 2024.

10

11                              Amy Massey, Texas CSR 6254
                                Expiration Date:  1/31/25
12                              Amy Massey & Assoc., Inc.
                                Firm Registration Number 404
13                              6724 Kirk Lane
                                Burleson, Texas  76028
14                              Phone:  817-447-6721
                                amymasseyassociates@gmail.com
15

16

17

18

19

20

21

22

23

24

25

Amy Massey & Associates