**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| JERRAL W. JONES,<br>*Plaintiff,*<br><br>vs.<br><br>ALEXANDRA DAVIS and CYNTHIA DAVIS f/k/a CYNTHIA DAVIS-SPENCER,<br>*Defendants.* | CIVIL ACTION No. 5:23-cv-00032-RWS |

**PLAINTIFF JERRAL W. JONES'S RESPONSE**
**TO DEFENDANTS' JOINT MOTION IN LIMINE**

Plaintiff Jerral W. Jones files this Response to Defendants' Joint Motion in Limine (Dkt. 176), as follows:

**1. Plaintiff's Response to Defendants' Joint Motion in Limine No. 1: "Monetary Demands." (Dkt. 176 at 4)**

Defendants seeks to exclude reference to any monetary motives they had for breaching the Settlement Agreement as irrelevant to Jones's breach-of-contract claim. Contrary to Defendants' contentions, however, a "significant" factor in determining the materiality of a breach is "the extent to which the behavior of the party failing to perform . . . comports with standards of good faith and fair dealing." *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004); *Restatement (Second) of Contracts* § 241 (1981). Defendants' reasons for breaching the Settlement Agreement, including their desire to obtain money from Jones beyond that which they were owed under the Agreement, bear heavily on this good-faith factor. *See Casarez v. Alltec Const. Co., Inc.*, No. 14-07-00068-CV, 2007 WL 3287933, at *5 (Tex. App.—Houston [14th Dist.] Nov. 6, 2007, no pet.) (predicating finding of materiality based in part on fact that defendant's demand for "more

money than the contract required" and refusal to complete work until extracontractual payments were made "did not comport with standards of good faith and fair dealing"); *Hooker v. Nguyen*, No. 14-04-00238-CV, 2005 WL 2675018, at *9 (Tex. App.—Houston [14th Dist.] Oct. 20, 2005, pet. denied) (predicating finding of materiality on fact that breaching party's behavior did not comport with standards of good faith and fair dealing). Defendants' motions should thus be denied.

**2. Plaintiff's Response to Defendants' Joint Motion in Limine No. 2: "Jerry Jones as the Putative Father" (Dkt. 176 at 4).**

Defendants seek to exclude any reference that Jones is the "Putative Father" referred to in the Settlement Agreement. In doing so, Defendants intend to argue that Jones was not a party to the Settlement Agreement and therefore cannot prevail on his breach-of-contract claims. As set forth in Jones's responses and sur-replies in opposition to Defendants' motions for summary judgment, Jones indisputably is the "Putative Father" referred to in the Settlement Agreement. (*See* Dkt. 125 at 5 n.3; Dkt. 126 at 14 n.5; Dkt. 157 at 4 n.2; Dkt. 158 at 3) This evidence is material and relevant. To the extent Defendants actually contests this issue, they can attempt to impeach Jones with the deposition testimony upon which they predicate their argument. Otherwise, Defendants may not use a motion in limine "to resolve factual disputes or to weigh evidence." *McGinley v. Luv n' care, Ltd.*, No. 3:17-CV-00821, 2023 WL 6143507, at *1 (W.D. La. Sept. 20, 2023).

**3. Plaintiff's Response to Defendants' Joint Motion in Limine No. 3: "Jerry Jones as a Party to the Agreement" (Dkt. 176 at 4).**

Defendants seek to exclude any reference that Jones is a party to the Settlement Agreement. As set forth in Jones's responses and sur-replies in opposition to Defendants' motions for summary judgment, however, Jones indisputably is a party to the Settlement Agreement. (*See* Dkt. 125 at 5 n.3; Dkt. 126 at 14 n.5; Dkt. 157 at 4 n.2; Dkt. 158 at 3) To the extent Defendants actually contest

this issue, they can attempt to impeach Jones with the deposition testimony upon which they predicates their argument. Otherwise, Defendants may not use a motion in limine "to resolve factual disputes or to weigh evidence." *McGinley*, 2023 WL 6143507, at *1.

**4. Plaintiff's Response to Defendants' Joint Motion in Limine No. 4: "Alleged Payments by Jones" (Dkt. 176 at 4).**

Defendants seeks to exclude any reference that payments made by Jones were made pursuant to the Settlement Agreement as irrelevant. As shown in Jones's responses in opposition to Defendants' motions for summary judgment, Jones's payments to Defendants *were* made pursuant to the Settlement Agreement. (*See* Dkt. 125 at 15; Dkt. 126 at 14–15) Further, Jones's compliance with his payment obligations under the Settlement Agreement goes directly to an essential element of his breach of contract—performance as the contract required. *See Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 216 (5th Cir. 2023). At most, this is an alleged fact dispute that is not appropriate for a motion in limine. *See McGinley*, 2023 WL 6143507, at *1.

**5. Plaintiff's Response to Defendants' Joint Motion in Limine No. 5: "Any Reference that Donald Jack Represented Jones in the Agreement" (Dkt. 176 at 4–5).**

In another attempt to prevent Jones from establishing that he is a party to the Settlement Agreement, an essential element of his breach-of-contract claim, Defendants seeks to exclude evidence that Donald Jack, Jr. executed the Settlement Agreement on Jones's behalf. (Dkt. 148 at 4–5) Ample evidence establishes, however, that Jack signed the Settlement Agreement on Jones's behalf as his duly authorized agent. (*See* Dkt. 125 at 5, 11–12; Dkt. 126 at 6, 14; Dkt. 127 at 16) Regardless, this is at most a factual dispute that is not appropriate for a motion in limine. *See McGinley*, 2023 WL 6143507, at *1.

**6. Plaintiff's Response to Defendants' Motion in Limine No. 6: "Damages of Jones" (Dkt. 176 at 5).**

Jones is only seeking as actual damages the attorneys' fees and costs he incurred defending against lawsuits filed by Davis and supported by Spencer in material breach of their obligations under the Settlement Agreement. Jones further seeks to recover the reasonable and necessary attorneys' fees and costs incurred in bringing his counterclaims, as provided by the Settlement Agreement and the Texas Civil Practice and Remedies Code, but agrees that reference to these fees and costs are properly submitted to the Court, not jury, under Rule 54(d).

**7. Plaintiff's Response to Defendants' Joint Motion in Limine No. 7: "Disclosure of Terms by Defendant" (Dkt. 176 at 5).**

Defendants seeks to exclude any evidence that Davis breached the Settlement Agreement by disclosing its terms. Ample evidence conclusively establishes that Davis breached the Settlement Agreement by disclosing its terms in multiple lawsuits and to the media. (*See* Dkt. 125 at 10–12, 17–18) To the extent Davis disputes her breach on this ground, that is an alleged factual dispute to be resolved by the jury, not on a motion in limine. *See McGinley*, 2023 WL 6143507, at *1.

**8. Plaintiff's Response to Defendants' Joint Motion in Limine No. 8: "Breach By Defendant" (Dkt. 176 at 5).**

Defendants seek to limit the ways in which Jones can establish that Davis breached the Settlement Agreement. This is, once again, an improper attempt to resolve a factual dispute via a motion in limine. *See McGinley*, 2023 WL 6143507, at *1.

**9. Plaintiff's Response to Defendants' Joint Motion in Limine No. 9: "Defamation Lawsuit" (Dkt. 176 at 5).**

Defendants seek to prevent the jury from learning that Davis initiated and ultimately lost her defamation lawsuit. The lawsuit, however, was a further breach of the Settlement Agreement. (*See* Dkt. 107 at 9 ["In March 2023, Alexandra filed the [defamation lawsuit] and once more

materially breached the Settlement Agreement."]) Further, it is important for the jury to understand that it was Davis that started this lawsuit, not Jones. *See* Fed. R. Evid. 401 advisory committee's note to 1972 proposed rule ("Evidence which is essentially background in nature . . . is universally offered and admitted as an aid to understanding."). Additionally, as discussed above, the overall context of the breaches goes to the materiality element of Jones's breach of contract claims.

**10. Plaintiff's Response to Defendants' Joint Motion in Limine No. 10: "Expert Opinions from Person Not Timely Designated" (Dkt. 176 at 6).**

Defendants seek to exclude "experts not timely designated," specifically Lance Watson, the forensic expert who investigated and uncovered Defendants' destruction of evidence, and "legal opinions from Donald Jack." As to Watson, he is not an expert that was retained to testify regarding Jones's claims; he was retained for the limited purpose of investigating Defendants' spoliation of evidence. Further, as explained in Jones's Motion for Sanctions (Dkt. 120) and Response in Opposition to Cynthia Davis-Spencer's Motion to Exclude Expert Witness (Dkt. 164), to the extent Jones was supposedly required to disclose Watson prior to expert disclosure deadline, the evidence irrefutably shows that Watson's alleged late designation was caused by Defendants' efforts to conceal their destruction of evidence.

Additionally Jack has not offered any legal opinions to exclude. And of course, only the Court should determine or instruct the jury on what the law is as applied to this case. Defendants, however, have indicated they intend to make the legal characterization of the Settlement Agreement as a "hush money" agreement, which Plaintiff has moved *in limine* to exclude as improper on various grounds. (*See* Dkt. 101 at 1) If Davis is permitted to cast legal aspersions on the binding and enforceable Settlement Agreement, Plaintiff, through his longtime attorney Donald T. Jack, should be entitled to rebut any such characterization with testimony about the purpose and numerous benefits that he and Plaintiff provided Defendants pursuant to the Settlement Agreement

under which Defendants were generously supported throughout Davis's life including into adulthood. Mr. Jack's anticipated testimony is also relevant to the credibility of Defendants anticipated characterization of the Settlement Agreement. This motion should thus be denied.

**11. Plaintiff's Response to Defendants' Joint Motion in Limine No. 11: "Documents Not Produced" (Dkt. 176 at 6).**

Defendants seek to exclude any reference to "any document or communication not produced by Plaintiff in this action." This request is entirely improper. Jones's now-dismissed co-defendants, Defendants, and several third parties have all produced relevant documents in this lawsuit. Defendants cannot set forth any legitimate basis upon which to prevent Plaintiff from utilizing these other sources of information at trial. This motion should thus be denied.

**12. Plaintiff's Response to Defendants' Joint Motion in Limine No. 12: "Threats by Defendant." (Dkt. 176 at 6).**

Defendants seek to exclude any reference that they threatened to breach the Settlement Agreement. As explained above, evidence regarding a breaching party's behavior is directly relevant to the materiality of a breach. *See Mustang Pipeline*, 134 S.W.3d at 196; *Restatement (Second) of Contracts* § 241 (1981). Further, as set forth in Jones's Response in Opposition to Spencer's Motion for Summary Judgment, Spencer's threats to breach the Settlement Agreement are directly tied to her actual breach of the Settlement Agreement. (*See* Dkt. 126 at 8) Additionally, Spencer has argued that Jones's alleged prior breach of the Settlement Agreement in 2019 excused her from future performance. (*See* Dkt. 103 at 18–19) However, if a non-breaching party "treat[s] the contract as continuing," "the previous breach constitutes no excuse for nonperformance on the part of the party not in default and the contract continues in force for the benefit of both parties." *Red Hook Commc'ns I, L.P. v. On-Site Manager, Inc.*, 700 F. App'x 329, 332 (5th Cir. 2017). Evidence that Spencer threatened to breach the Settlement Agreement after 2019 is indisputably

relevant to whether she treated the contract as continuing; indeed, the threat to breach a contract reflects an understanding that the contract is still in effect. Thus, evidence of threats to breach the Settlement Agreement are relevant and the motion should be denied.

**13. Plaintiff's Response to Defendants' Joint Motion in Limine No. 13: "Character Evidence of Defendant" (Dkt. 176 at 6).**

During the meet-and-confer on pretrial matters, Jones properly suggested that based on the deposition conduct of Defendants, which included making frequent pejorative, false, and unsupportable statements about Plaintiff, that all witnesses should be instructed that character evidence cannot be introduced or referenced in front of the jury. Defendants did not agree, yet later filed this motion in limine contending that character evidence of Defendants only, should be excluded. Of course, Jones agrees that Rule 404 and 405 apply and should be followed. This is a straightforward breach of contract case, no character evidence is relevant to any claim or defense and would only serve to unfairly inflame the jury based on pure speculation, hearsay, and false allegations regarding Plaintiff. Certainly the same ruling Defendants seek should also apply to Plaintiff.

**14. Plaintiff's Response to Defendants' Joint Motion in Limine No. 14: "Motive" (Dkt. 176 at 6)**

Defendants seek to exclude any reference to their motives for breaching the Settlement Agreement. As explained above, however, evidence regarding a breaching party's behavior is directly relevant to the materiality of a breach. *See Mustang Pipeline*, 134 S.W.3d at 196; *Restatement (Second) of Contracts* § 241 (1981). Indeed, evidence of Defendants' reasons for breaching the Settlement Agreement would allow the jury to determine "the extent to which the behavior of the party failing to perform . . . comports with standards of good faith and fair dealing."

*Mustang Pipeline*, 134 S.W.3d at 196; *see also Casarez*, 2007 WL 3287933, at *5; *Hooker*, 2005 WL 2675018, at *9. Accordingly, this motion should be denied.

FOLSOM ADR PLLC

*/s/ David Folsom*
David Folsom
State Bar No. 07210800
david@folsomadr.com
6002-B Summerfield Dr.
Texarkana, TX 75503
(903) 277-7303

JACKSON WALKER LLP

*/s/Charles L. Babcock*
Charles L. Babcock
State Bar No. 01479500
cbabcock@jw.com
Nancy W. Hamilton
State Bar No. 11587925
nhamilton@jw.com
1401 McKinney Street
Suite 1900
Houston, TX 77010
(713) 752-4210
(713) 752-4221 - Fax

David T. Moran
State Bar No. 14419400
dmoran@jw.com
Edwin Buffmire
State Bar No. 24078283
ebuffmire@jw.com
Cody Martinez
State Bar No. 24102146
cmartinez@jw.com
2323 Ross Avenue
Suite 600
Dallas, TX 75201
(214) 953-6000
(214) 953-5822 – Fax

**ATTORNEYS FOR JERRAL W. JONES**

**CERTIFICATE OF SERVICE**

On July 1, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I will serve all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Edwin Buffmire*
Edwin Buffmire