IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JERRAL W. JONES,<br>    *Plaintiff,*<br><br>vs.<br><br>ALEXANDRA DAVIS and CYNTHIA<br>DAVIS f/k/a CYNTHIA DAVIS-SPENCER,<br>    *Defendants.* | CIVIL ACTION No. 5:23-cv-00032-RWS |

**JERRAL W. JONES'S RESPONSE IN OPPOSITION TO
CYNTHIA DAVIS-SPENCER'S MOTION TO EXCLUDE EVIDENCE**

Plaintiff Jerral W. Jones ("Jones") files this Response in Opposition to the Motion to Exclude Evidence (Dkt. 174) ("Motion") filed by Defendant Cynthia Davis f/k/a Cynthia Davis-Spencer ("Spencer"), as follows:

### I.  INTRODUCTION

The judicial system and the adjudicatory process serve a "truth-seeking function." *Castano v. Wal-Mart Stores Tex., LLC*, No. H-14-1450, 2015 WL 2180573, at *2 (S.D. Tex. May 7, 2015). That function was indisputably obstructed by Spencer's intentional destruction of evidence during the pendency of this lawsuit. (*See* Dkt. 120) Rather than dispute the actual facts of her destruction, Spencer tellingly seeks to further impede that function by asking the Court (again) to exclude the opinions Lance Watson, the forensic expert who uncovered Defendants' intentional spoliation.[1] (*See* Dkt. 174) But the entire basis of Spencer's Motion—that Watson reviewed the substance of messages on her phone in violation of an alleged agreement between the parties—is false. Watson did not search or review the substance of any improper messages on Spencer's phone. The Motion also contains numerous misrepresentations that further warrant denial. Moreover, even if Watson

---

[1] Most of Watson's declaration is not even dependent on Spencer's phone at all.

**JERRAL W. JONES'S RESPONSE IN OPPOSITION TO
CYNTHIA DAVIS-SPENCER'S MOTION TO EXCLUDE EVIDENCE – Page 1**

had reviewed the content of Spencer's messages, he would have been entitled to do so under 26(a)(2)(B)(ii) because Spencer's own forensic expert considered and relied upon those messages in formulating his opinion, vitiating any alleged privilege. The Motion should thus be denied.

## II. ARGUMENT

**A.  The Motion is moot—Jones's expert never reviewed the content of messages on Spencer's phone.**

Spencer's Motion is premised on her speculation that it "appears" Jones's forensic expert reviewed Spencer's phone for the substance of messages, in violation of an alleged agreement not to do so. (Dkt. 174 at 3) In actuality, however, Watson never searched the substance of Spencer's phone and never received her email data. (Ex. 1, L. Watson Supp. Dec. at ¶¶ 8–11) Watson only reviewed that which Spencer agreed he could review: metadata and the absence of messages on Spencer's phone. (*Id.*) Indeed, the discussion of Spencer's devices in Watson's declaration only concerns the absence of messages on her phone, and merely compares the screenshots *she produced* against her phone's metadata of those messages. (*See* Dkt. 120, Ex. 1 at ¶¶ 32–38, 53–59). This could have been explained to Spencer's counsel had she complied with the substantive and procedural requirements of Local Rule CV-7(h) and (i). The Court should deny the Motion on this ground alone.

**B.  Unlike Jones's counsel, Spencer's counsel was provided with the entire forensic image of Spencer's phone.**

Spencer claims that she "has not received a full detail of all 'relevant evidence' located on [Spencer's] phone" is false. (Dkt. 174 at 2) On June 14, 2024, in an effort to "ensure [Spencer's counsel] and [Spencer] have the same data . . . that Avansic imaged from the devices," and despite the fact that this data was already in Spencer's possession,[2] Jones's counsel sent Spencer's counsel

---

[2] Indeed, the data was contained in Spencer's phone.

**JERRAL W. JONES'S RESPONSE IN OPPOSITION TO
CYNTHIA DAVIS-SPENCER'S MOTION TO EXCLUDE EVIDENCE – Page 2**

the "raw data" collected from Spencer's phone. (Ex. 2, 6/14/2024 Buffmire Email) Spencer's counsel was also informed that Jones's counsel did not have access to this data. (*Id.*) And contrary to Spencer's assertion that exclusionary terms were not applied to the review of her phone (Dkt. 174 at 5),[3] Jones's counsel further informed Spencer's counsel that "Avansic previously ran the exclusion terms you requested." (Ex. 2, 6/14/2024 Buffmire Email) Two days later, Jones's counsel reiterated to Spencer's counsel that "the image of [Spencer's] phone" was already sent to her. (Ex. 3, 6/17/2024 Buffmire Email) Spencer's assertions of informational asymmetry are thus entirely backward—Spencer and her counsel had more information than (and were obligated to produce it to) Jones's counsel.

C.  **Spencer's allegations of statutory violations are false and do not warrant excluding Watson's opinions.**

Spencer's contentions that Watson somehow violated the Computer Fraud and Abuse Act ("CFAA") and that his actions give rise to a "Harmful Access by Computer" ("HAC") claim are meritless. (*See* Dkt. 174 at 6–7) As explained, Watson did not exceed the scope of his review because he never reviewed any improper substantive messages from Spencer's phone. (L. Watson Supp. Dec. at ¶¶ 8–11) The fact that Watson checked to see if messages produced in discovery by Lisa Duffee and Shy Anderson existed on Spencer's phone, which Spencer complains about (*see* Dkt. 174 at 6), was merely done to determine whether those messages had been deleted—*the entire purpose of Watson's examination*. And, unsurprisingly, Spencer fails to cite a single case where a

---

[3] As supposed proof that exclusionary terms were not applied, Spencer points to three images attached as Exhibit C to Watson's declaration that purportedly "contained terms that were specifically on the list of words to be excluded." (Dkt. 174 at 5) The first referenced image, however, clearly came from Davis's phone; and Davis never requested that any exclusionary terms be applied to the examination of *her* device. (*See* Dkt. 120, Ex. C at IMG_9501.png) The second and third referenced images (*see id.* at 5005_1007 & 5005_1008) were actually produced by Spencer. (Ex. 1, L. Watson Supp. Dec. at ¶ 11) Regardless, the idea that relevant messages can be withheld simply because they contain terms that Spencer unilaterally selected is contrary to Rule 26 and Local Rule CV-26. *See* Fed. R. Civ. P. 26 ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party claim or defense."); LR CV-26(d) (setting forth categories of relevant documents). Further, Spencer cannot explain why, in light of the Court's Protective Order, such terms even need to be excluded.

court found a tenable CFAA or HAC claim predicated on a forensic examination conducted to uncover or confirm evidence of spoliation.

**D.      Spencer waived any right to withhold the data on Spencer's phone.**

Even assuming *arguendo* that Watson reviewed the content of the messages on Spencer's phone, he would have been entitled to do so. Indeed, Rule 26 requires expert witnesses to disclose 'the facts or data considered by the witness in forming'" the opinions to be offered. *SB IP Holdings, LLC v. Vivint, Inc.*, No. 4:20-CV-00886, 2023 WL 6601415, at *10 (E.D. Tex. Oct. 10, 2023) (quoting Fed. R. Civ. P. 26(a)(2)(B)(ii)). The term "facts or data" is to be "interpreted broadly to require disclosure of *any material* considered by the expert, from whatever source, that contains factual ingredients." Fed. R. Civ. P. 26(a)(2)(B) advisory committee's note to 2010 amendment (emphasis added). Given this disclosure obligation, litigants cannot "argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." *Id.* advisory committee's note to 1993 amendment. Thus, the Fifth Circuit has held that even privileged documents must be disclosed if considered by an expert. *See Ecuadorian Plaintiffs v. Chevron Corp.,* 619 F.3d 373, 378 n.8 (5th Cir. 2010) (holding that work product privilege was waived over documents considered by testifying experts in forming opinions).[4]

It is indisputable that *Spencer's expert* considered all of the data pulled from Spencer's phone in forming his opinions. Indeed, his report specifically identifies "the forensic image that Avansic obtained from the Spencer iPhone" as one of the items he ""[r]elied [u]pon and

---

[4] *See also Calsep A/S v. Intelligent Petroleum Software Sols., LLC*, No. 4:19-CV-1118, 2020 WL 1321521, at *3 (S.D. Tex. Mar. 17, 2020) ("privilege is waived when work product is provided to a testifying expert who considers it in forming opinions, and the material must be disclosed"); *Antero Res. Corp. v. C&R Downhole Drilling Inc.*, No. 4:16-CV-668-Y, 2017 WL 11685172, at *3 (N.D. Tex. Feb. 24, 2017) (Rule 26(a)(2)(B)(ii) required plaintiff to produce to defendants otherwise privileged materials considered by plaintiff's expert); *Deal v. Louisiana ex rel. Dep't of Just.*, No. 11-743-JJB, 2013 WL 4546772, at *5–6 (M.D. La. Aug. 28, 2013) (same).

[r]eviewed." (Ex. 4, Excerpts of S. Watson Report) Thus, Spencer had a duty to disclose the data to Jones. Accordingly, Watson, on Jones's behalf, was entitled review the entirety of Spencer's phone, including the contents of her messages, pursuant to Rule 26(a)(2)(B)(ii).

### III.    CONCLUSION

Plaintiff Jerral W. Jones respectfully requests that the Court deny the Motion and grant further relief, in law or in equity, to which Jones is entitled.

| FOLSOM ADR PLLC | JACKSON WALKER LLP |
|---|---|
| */s/ David Folsom* | */s/Charles L. Babcock* |
| David Folsom | Charles L. Babcock |
| State Bar No. 07210800 | State Bar No. 01479500 |
| david@folsomadr.com | cbabcock@jw.com |
| 6002-B Summerfield Dr. | Nancy W. Hamilton |
| Texarkana, TX 75503 | State Bar No. 11587925 |
| (903) 277-7303 | nhamilton@jw.com |
| | 1401 McKinney Street |
| | Suite 1900 |
| | Houston, TX 77010 |
| | (713) 752-4210 |
| | (713) 752-4221 - Fax |
| | |
| | David T. Moran |
| | State Bar No. 14419400 |
| | dmoran@jw.com |
| | Edwin Buffmire |
| | State Bar No. 24078283 |
| | ebuffmire@jw.com |
| | Cody Martinez |
| | State Bar No. 24102146 |
| | cmartinez@jw.com |
| | 2323 Ross Avenue |
| | Suite 600 |
| | Dallas, TX 75201 |
| | (214) 953-6000 |
| | (214) 953-5822 – Fax |

**ATTORNEYS FOR JERRAL W. JONES**

**CERTIFICATE OF SERVICE**

On July 1, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I will serve all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Edwin Buffmire*
Edwin Buffmire