IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JERRAL W. JONES,<br>    *Plaintiff,*<br><br>vs.<br><br>ALEXANDRA DAVIS and CYNTHIA<br>DAVIS f/k/a CYNTHIA DAVIS-SPENCER,<br>    *Defendants,* | CIVIL ACTION No.  5:23-cv-00032-RWS<br><br>JURY TRIAL DEMANDED |

### REPLY IN SUPPORT OF DAVIS' MOTION TO STRIKE

Defendant Alexandra Davis ("Davis") respectfully submits this reply memorandum in support of her Motion to Partially Strike Docket No. 125 and Strike Docket No. 128.

### I. ARGUMENT

**A.    Jones' "Response" is an inappropriate motion for summary jugdment.**

According to Jones, he was notifying the Court that summary judgment was proper in his favor, not *moving* for summary judgment. (Dkt. No. 179 at p. 1). If the Court examines a motion for summary judgment and compares it to Jones' portion of his "Response" dedicated to requesting summary judgment, it will find the two are the same. A motion for summary judgment requests judgment on a claim and supports that motion with law or facts showing entitlement to judgment. *See* Fed. R. Civ. P. 56. In his "Response," Jones requested summary judgment, presented argument alleging he was entitled to judgment, and attached evidence purporting to establish there were no genuine issues of material fact:

- "A. The Court should grant summary judgment in Jones's favor." (Dkt. No. 125 at p.10).
- "...granting summary judgment in Jones's favor …" (*Id.* at p.11).
- "…Jones requests that…the Court grant summary judgment in his favor." (*Id.*).

Davis' Reply In Support of Motion to Strike      1

- "B. Jones is entitled to summary judgment on his claim for breach of contract." (*Id.*).

- "…Jones is entitled to summary judgment based on Davis suing Jones…" (*Id.* at p.14).

- "C. Jones is entitled to summary judgment on his claim for declaratory relief." (*Id.* at 17).

- "Plaintiff Jerral W. Jones respectfully requests that the Court…grant partial summary judgment to Jones on his claims for breach of contract and declaratory relief." (*Id.* at p. 28).

The title of Jones' proposed order to his "Response" is "ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF JERRAL W. JONES." (Dkt. No. 125, Attachment 1). No proposed order *granting* summary judgment would be needed for a mere notice.

Jones affirmatively spends eight pages of his Response *arguing* and providing evidence to support his request for summary judgment on his behalf. There is a difference in the Court *sua sponte* granting summary judgment after the Court provides notice under Rule 56(f)(1) and what Jones did. Here, Jones introduced his own alleged evidence and requested the Court grant summary judgment in his favor.

**B.   Jones' non-precedential case law is distinguishable.[1]**

The three cases cited by Jones to support his argument are all distinguishable as follows (and none are from this court or this circuit):

- *Abreu v. EB & JB Corp.*, No. 14-23266-CIV, 2015 WL 12570946 (S.D. Fla. Dec. 8, 2015): Unlike our case, the plaintiff attached non-verified and non-admissible evidence to solely support the motion for summary judgment.

- *Wells Fargo Bank, N.A. v. SFPD II, LLC*, No. 1:11-CV-04001-JEC, 2013 WL 541410, at *7 n.10 (N.D. Ga. Feb. 12, 2013): The defendants did not formally move for summary judgment, but they also did not ask the Court to grant summary judgment pursuant to Rule 56(f)(1). *Id.* at 3-4. They merely set out an alternative calculation of damages. *Id.*

---

[1] While Jones argues Davis' cited case affirms his arguments, he misconstrues the purpose Davis cited that case for. Davis has never denied the *Court's* inherent power to *sua sponte* grant summary judgment under Rule 56(f)(1). Instead, Davis' objections and basis for her motion are to Jones improperly exceeding his authority and trying to supplant the role of the Court.

**Davis' Reply In Support of Motion to Strike**                                                                                              2

- *Lomree, Inc. v. Pan Gas Storage, LLC*, No. 10-14425, 2011 WL 3498131, at *10 (E.D. Mich. Aug. 10, 2011): First, the moving party in this case did not appear to contest the ability of the nonmovant to request summary judgment in its response. A later case in this same district rejected allowing a non-movant to argue for summary judgment in a Response and appropriately struck the portion of the Response dedicated to arguing for summary judgment under Rule 56(f). *See Hartford Fire Ins. Co. v. Trynex, Inc.*, 2013 U.S. Dist. LEXIS 200897, *3 (E.D. Mich. July 25, 2013). This case also clarified that *Lomree* is not viewed as precedent on this issue. *Id.* at fn. 1.

**C.      Other courts, including a court in this Circuit, have rejected Jones' argument.**

Cases throughout the federal courts have found a non-movant arguing for summary judgment pursuant to Rule 56(f)(1) under the guise of another pleading is procedurally improper. In *CertainTeed Corp. v. Mayfield*, the plaintiff asked the Court to grant it summary judgment in its response pursuant to Rule 56(f)(1). 2020 U.S. Dist. LEXIS 71489, *19 (E.D. La. April 23, 2020). The Court concluded Rule 56(f)(1) could not be used as a substitute for filing a motion or cross-motion for summary judgment, as the plaintiff (and Jones in this case) attempted to use it. *Id.* Other federal courts throughout the country have ruled the same way as the Eastern District of Louisiana:

- *Fin. Fiduciaries, LLC v. Gannett Co.*, 2020 U.S. Dist. LEXIS 163836, *16-17, 2020 WL 5367194 (W.D. Wis. Sept. 8, 2020)("…the SEC's remaining arguments [under Rule 56(f)(1)] should have been raised in its own motion for summary judgment…")

- *Briggs v. Gallatin Cty.*, 2020 U.S. Dist. LEXIS 89928, *13 (D. Mont. May 20, 2020)("Rule 56(f)(1) is not a substitute for filing a motion for summary judgment, and the Court declines to read the rule as providing a means for parties to effectively seek summary judgment after the dispositive motion deadline has passed.").

- *Jackson v. Regions Bank*, 2020 U.S. Dist. LEXIS 97305, *14 (S.D. Ind. June 3, 2020)("Rule 56(f)(1) can be invoked by the Court, not the parties…Instead of relying upon Rule 56(f)(1), it would have been more expedient for Regions to cross-move for summary judgment, following the procedures set forth in the Court's Practices and Procedures.").

- *Electrojet Inc. v. Irbit Motorworks of Am.*, 2020 U.S. Dist. LEXIS 112269, *24-25 (E.D. Mich. April 9, 2020)(striking a plaintiff's request for summary judgment made in a response pursuant to Rule 56(f)(1)).

- *AMEC Env't & Infrastructure, Inc. v. Structural Assocs.*, 2015 U.S. Dist. LEXIS 28007, *10 (E.D.N.C. March 4, 2015)(declining to consider a request for summary judgment filed in a response under Rule 56(f)(1) "[I]n the absence of a properly filed motion for summary judgment…").

- *Hartford Fire Ins. Co. v. Trynex, Inc.*, 2013 U.S. Dist. LEXIS 200897, *3 (E.D. Mich. July 25, 2013): Summarized above.

- *Nat'l Exch. Bank & Trust v. Petro-Chemical Sys.*, 2013 U.S. Dist. LEXIS 62261 (E.D. Wis. May 1, 2013)( recognizing "the rigors of summary judgment procedures set forth in Fed. R. Civ. P. 56…are not empty formalities…" and that "procedural protections…would be ignored if the court was to entertain the short-cut cross-motion procedure now being advocated by defendants (i.e. requesting summary judgment under Rule 56(f) in a response after the dispositive motion deadline had passed).").

- *State Farm Fire & Cas. Co.*, No. 12-00534-N, 2013 U.S. Dist. LEXIS 123525, 2013 WL 4607548, at *1 n.5 (S.D. Ala. Aug. 29, 2013) ("Rule 56(f)(1) is a tool to be used by the Court, and is not a substitute for filing a motion for, or crossmotion to, summary judgment.").

- *Smith v. Amaru*, 2012 U.S. Dist. LEXIS 148116, 2012 WL 4882257 *2 (W.D. Wash. Sept. 24, 2012)(holding Rule 56(f)(1) is a tool that may be used by the Court).

D. **Jones misconstrues the requirements under the applicable case law and Rule 56(f) for proper notice.**

Jones alleges Fifth Circuit precedent would allow this Court to grant summary judgment without issuing a formal notice to Defendants. However, the cited cases are easily distinguishable from the facts of this case. In *Atkins v. Salazar*, the defendant timely moved to dismiss the case or alternatively for summary judgment on multiple grounds, and all parties fully briefed the purely legal issue before the Court, none of which happened in this case. 677 F.3d 667, 680 (5th Cir. 2011);(*See* Dkt. No. 136 at p. 3, fn. 2).[2] [3]

---

[2] Jones argues in a footnote that Defendants cannot claim page limitations or deadlines prohibited them from briefing Jones' motion for summary judgment (disguised as a "Response"). What actually prohibited Defendants from responding was a respect for civil procedure, and the inescapable conclusion that a Reply Brief in Support of a Motion for Summary Judgment should be used as federal law intended, which is not defending a meritless claim that should never have been argued to begin with.

[3] The other case cited by Jones is also inapplicable because the parties had multiple opportunities to fully brief the purely legal question the Court decided. *KFC Corp. v. Iron Horse of Metairie Rd., LLC*, 2019 U.S. Dist. LEXIS 246254, *22 (E.D. La. June 7, 2019).

**Davis' Reply In Support of Motion to Strike** 4

## II. CONCLUSION

Based on the above, Davis respectfully requests the Court grant her Motion, strike the requested portions of Jones' Response and Notice, and for further relief, in law or in equity, to which she is entitled.

Respectfully submitted,

BY: */s/ Matt Keil*            */s/ Jay K. Gray*
**KEIL LAW FIRM, PLLC**     **BERGMANGRAY LLP**
Matt Keil                           Jay K. Gray
TX State Bar No.              TX State Bar No. 08324050
mkeil@kglawfirm.com       gray@bergmangray.com
Erin Keil                            Andrew A. Bergman
TX State Bar No.              TX State Bar No. 02196300
ekeil@kglawfirm.com        bergman@bergmangray.com
Hailee Amox                  4514 Travis Street
TX State Bar No. 24085176    Travis Walk, Suite 300
hamox@kglawfirm.com       Dallas, Texas 75205
406 Walnut Street             Telephone: (214) 528-2444
Texarkana, Arkansas 71854   Facsimile: (214) 599-0602
Telephone: (870) 772-4113    **LEAD COUNSEL**
Facsimile: (870) 773-2967

**ATTORNEYS FOR DEFENDANT ALEXANDRA DAVIS**

## CERTIFICATE OF SERVICE

On July 1, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court, which will send notice of electronic filing to all counsel of record.

*/s/ Hailee M. Amox*
Hailee M. Amox