IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JERRAL W. JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:23-CV-00032-RWS |
| | § | |
| ALEXANDRA DAVIS, CYNTHIA | § | |
| DAVIS f/k/a CYNTHIA DAVIS- | § | |
| SPENCER | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court are Plaintiff Jerral Jones's Motion in Limine (Docket No. 152) and Defendants' Joint Motion in Limine (Docket No. 176). The motions in limine ("MILs") are briefed through response (Docket Nos. 166, 168, 185) and were argued at the pretrial conference on July 2, 2024. Docket No. 193. The Court rules as follows:

**Plaintiff's Motion in Limine (Docket No. 152)**

**Plaintiff's MIL 1:** Testimony or reference to other alleged children, other alleged settlement agreements, or other alleged character evidence about Plaintiff and his family.

**GRANTED-AS-AGREED** by the parties at the hearing. This MIL, however, does not prohibit the parties' use of the unredacted 2017 Therapeutic Letter, to the extent it is otherwise admissible.

**Plaintiff's MIL 2:** "Hush Money."

**GRANTED**. The parties are prohibited from referring to the Settlement Agreement as the "Hush Money" Agreement.

**Plaintiff's MIL 3:** Prior Alleged Breach by Plaintiff.

**DENIED** as overly broad. Prior alleged breach by Jones is a pleaded defense in this matter, and a MIL is not an appropriate vehicle to strike an entire defense.

**Plaintiff's MIL 4**: Defendants' Fabricated Motives.

**GRANTED**. It has not been demonstrated that motive, or with it, good faith, is an element of breach of contract for these parties in this action. Nonetheless, evidence related to this MIL may be relevant, particularly the 2017 Therapeutic Letter that both parties agree may come in if otherwise admissible. *See* Plaintiff's MIL 1. Accordingly, the parties may introduce the 2017 Therapeutic Letter, if otherwise admissible, but shall approach before introducing any other evidence relating to this MIL.

**Plaintiff's MIL 5:** Evidence or argument concerning completeness of Jones's evidence or document production.

**GRANTED**.

**Plaintiff's MIL 6:** Evidence or argument about the recoverable attorneys' fees incurred in pursuing his counterclaims for breach of contract in this case.

**GRANTED**. Attorneys' fees for *this action* are a matter of law to be resolved post-trial. The parties may, of course, discuss Jones's attorneys' fees incurred in the first and second state court lawsuits.

**Defendants' Joint Motion in Limine (Docket No. 176-1)**

**Defendants' MIL 1:** Any reference to alleged monetary demands upon Plaintiff or alleged attempts to extort Plaintiff as being the reason for breaching the contract, including the Donald Jack letter and any other text messages discussing the letter. Motive is not an element of a breach of contract claim and is not relevant to the determination of breach of contract.

    **GRANTED-IN-PART**. The parties have not demonstrated that motive, or with it, good faith, is an element of breach of contract for these parties in this action. The parties, however, agreed that if the 2017 Therapeutic Letter is otherwise admissible, it can come in. *See* Plaintiff's MIL 1. Accordingly, the parties may introduce the 2017 Therapeutic Letter, if otherwise admissible, but shall approach before introducing evidence related to the Letter such as text messages.

**Defendants' MIL 2:** Any reference that Jones is the Putative Father under the Settlement, Release and Covenant Not to Sue Agreement sued upon as Jerry Jones testified that he did not know if he was the "Putative Father" in the Settlement, Release and Covenant Not to Sue Agreement.

    **DENIED.** This is addressed in the Court's order on Defendants' motions for summary judgment. To the extent applicable under the Federal Rules of Evidence, Defendants may explore any inconsistencies or discrepancies in Jones's testimony on cross-examination.

**Defendants' MIL 3:** Any reference that Jones is a party to the Settlement, Release and Covenant Not to Sue Agreement as Jones testified that he did not enter into the Settlement, Release and Covenant Not to Sue Agreement and did not know if he was a party to the agreement.

    **DENIED**. *See* Defendants' MIL 2.

**Defendants' MIL 4:** Any alleged payments of Jones that were not pursuant to the Settlement, Release and Covenant Not to Sue Agreement as evidence of such payments are irrelevant and not likely to prove any element of the breach of contract claimed.

**GRANTED.** To the extent the parties dispute whether a payment was made pursuant to the Settlement Agreement, the parties can approach.

**Defendants' MIL 5:** Any reference that Donald Jack represented Jones' interest in the Settlement, Release and Covenant Not to Sue Agreement because when asked this question at his deposition Jones asserted the attorney/client privilege as a shield. Jones should not be able to rely upon information that Jones protected during discovery as attorney/client privilege.

**DENIED.** Donald Jack, as an agent of Jones, is the signatory to the Settlement Agreement per the parties' previous representations. *See, e.g.*, Docket Nos. 101 at 1–2, 103 at 1–3, 125 at 6. Jack has personal and material knowledge as to the formation of the contract.

**Defendants' MIL 6:** Any reference to damages other than attorneys' fees as Jones has entered into a stipulation with Defendants that he had no other damages.

**GRANTED**. Jones agrees that his only damages for the jury to consider are the attorneys' fees incurred in the first and second state court lawsuits.

**Defendants' MIL 7:** Any reference to the fact that Defendant Alexandra Davis has disclosed the terms of the Settlement, Release and Covenant Not to Sue Agreement because when asked in his deposition if Defendant Alexandra Davis had disclosed the terms he testified he was not aware of any disclosure by Defendant.

**DENIED.** A motion in limine is not a vehicle for a summary judgment ruling. The parties may explore inconsistencies and impeach witness testimony on cross examination.

**Defendants' MIL 8:** Any reference to the fact that Defendant Alexandra Davis breached the Settlement, Release and Covenant Not to Sue Agreement by any means other than when Jones was provided the documents during a deposition in his daughter's divorce. Jones asserted attorney/client privilege with regard to any other possible breaches by Defendant.

    **DENIED**. *See* Defendants' MIL 7.

**Defendants' MIL 9:** Any reference to the defamation lawsuit that was filed and its dismissal by the Court as such is not relevant for this breach of contract claim.

    **GRANTED-IN-PART**. Alexandra Davis's initiation of this matter by filing suit in this Court is relevant. However, the substantive details and eventual resolution of the defamation claims are not relevant. At the hearing, the parties stated they would meet and confer as to how best to address this issue in front of the jury. Accordingly, the parties shall approach before referencing the defamation claims in any way.

**Defendants' MIL 10:** Any legal opinions from experts not timely designated as an expert pursuant to the Court's Docketing Schedule Order. This would specifically include, but not limited to, legal opinions from Donald Jack and testimony from Lance Watson.

    **GRANTED-IN-PART** as to Donald Jack. Jack is a fact witness who may testify as to his personal knowledge regarding the formation of the Settlement Agreement. Jack, however, may not provide legal or expert opinion. Defendants' MIL 10 is further **DENIED-IN-PART** as to Lance Watson. The Court addressed this issue in its order on Jones's motion for sanctions. Lance Watson is a proper expert who may testify if qualified at trial.

**Defendants' MIL 11:** Any reference to any document or communication not produced by Plaintiff in this action.

**GRANTED.**

**Defendants' MIL 12**: Any reference to an alleged threat or desire to breach the contract by Defendants. A threat or desire to breach a contract does not constitute a breach of contract and would be irrelevant and unfairly confuse the jury.

**GRANTED.** The parties have not demonstrated that good faith is an element of breach of contract as to these parties and this action. The parties shall approach before discussing any alleged threat or desire by the Defendants to breach the contract.

**Defendants' MIL 13:** Any evidence or document which sets forth character evidence of Defendants in violation of FRE 404 and 405.

**GRANTED-AS-MODIFIED**. This MIL applies to all parties. The parties may approach, and the Court will rule on the applicability of FRE 404 and 405 when appropriate.

**Defendants' MIL 14:** Any reference to any alleged motive of Defendants in allegedly breaching the Settlement, Release and Covenant Not to Sue Agreement as motive or underlying rationale is not an element of a breach of contract claim.

**GRANTED**. *See* Defendants' MIL 12.

***

Accordingly, it is

**ORDERED** that the parties, their witnesses and counsel shall not raise, discuss, or argue the subject of any granted MIL before the venire panel or the jury without prior leave of the Court.

**SIGNED this 9th day of July, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE