# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| JERRAL W. JONES § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 5:23-CV-00032-RWS |
| ALEXANDRA DAVIS, CYNTHIA DAVIS § | |
| f/k/a CYNTHIA DAVIS-SPENCER., § | |
| § | |
| Defendants. § | |
| § | |

## TRIAL PROCEDURES ORDER

Jury selection in this matter is scheduled to begin at **9 a.m.** on **Friday, July 19, 2024,** in **Texarkana, Texas**, before the undersigned. Docket No. 147. Trial will begin at **9 a.m.** on **Monday, July 22, 2024,** in **Texarkana, Texas**. *Id.*

1. The parties have filed their joint pretrial order, including proposed jury instructions and verdict forms. Docket Nos. 153, 154. In view of the instructions provided at the pretrial conference and in accordance with this Order, the parties are **ORDERED** to meet and confer and file (1) a final revised joint proposed pretrial order electronically via CM-ECF, and (2) a revised proposed joint jury instructions and verdict form no later than **Wednesday, July 17, 2024, at 5 p.m. CDT**. At the time of filing, the parties should also jointly email a Microsoft Word version of the amended pretrial order, proposed joint jury instructions, and verdict form to Jordan_Cowger@txed.uscourts.gov.

2. A digital copy of each exhibit and expert report shall also be provided to Jordan_Cowger@txed.uscourts.gov via file sharing platform no later than **Wednesday,**

**July 17, 2024, at 5 p.m. CDT**. Each digital exhibit shall be saved with a filename that discloses whether it is Plaintiff's or Defendants'[1] Exhibit and the Exhibit Number.

3. The parties may pick up paper copies of the completed juror questionnaires from the Texarkana Clerk's Office beginning at **12 p.m. CDT on Thursday, July 18, 2024.** The parties are reminded that completed juror questionnaires are confidential and should be properly disposed of following the completion of trial.

4. At the pretrial conference, the Court instructed the parties they could use juror notebooks during the pretrial conference. An example juror notebook might contain (1) witness pages for each witness who will testify at trial, with a head and shoulders photo of the witness at the top of each page, name underneath, and ruled lines below for the jurors to take notes (witness pages should not distinguish between Plaintiff's and Defendant's witnesses, or otherwise identify the witnesses beyond proper names); (2) a three-hole-punched and lined notepad; and (3) a pen. The parties may include other potentially helpful materials, within reasonable bounds of volume, upon which the parties can agree. In the event that the parties agree to use juror notebooks, the parties are **ORDERED** to provide **ten (10) copies** of the notebooks to a member of Judge Schroeder's chambers on or before **Friday, July 19, at 2 p.m. CDT.** The parties shall also email a digital version of the agreed juror notebook to Jordan_Cowger@txed.uscourts.gov.

5. While in the courthouse and outside of the courtroom, ringtones and other functional sounds on electronic devices must be disabled. Any cellphones in the courtroom should be powered down and put away. No one may use cellphones in the courtroom.

---

[1] Consistent with the Docket Control Order, each side is limited to designating 250 exhibits for trial absent a showing of good cause. Docket No. 38 at 5. Alexandra and Cynthia Davis shall coordinate and submit a joint exhibit list. *See id.*

6. During trial, the Court will follow the trial exhibits procedure discussed at the pretrial conference and as described in Judge Schroeder's sample docket control order:

   A. On the first day of trial, each party is required to have:

   (1) One copy of their respective original exhibits on hand. Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendants' Exhibit, the Exhibit Number, and the Case Number.

   (2) Three hard copies of each party's exhibit list and witness list on hand.

   (3) One copy of all exhibits on USB Flash Drive(s) or portable hard drive(s). This shall be tendered to the Courtroom Deputy at the beginning of trial.

   (4) One copy of all expert reports on USB Flash Drive. This shall be tendered to the Courtroom Deputy at the beginning of trial.

   B. The parties shall follow the process below to admit exhibits.

   (1) *On the first day of trial*, each party shall tender a list of exhibits it plans to introduce into evidence. This list shall include all exhibits which are NOT objected to or to which the Court has already overruled an objection. To the extent there are exhibits with outstanding objections for which the parties need a ruling from the Court, those exhibits should be separately indicated on the list and designated accordingly to reflect a pending objection. If, during the course of the day's testimony, a party wishes to offer an objected exhibit into evidence, the party may move for admission at the time it wishes to use that exhibit with a witness. The Court will then hear the opposing party's objection and will rule on the objection at that time.

   (2) *On each subsequent day of trial*, the Court will commence by formally admitting all the exhibits that were either unobjected to or allowed over objection and used during the previous day's trial. The Court will ask for these exhibits to be read into the record and formally admitted into evidence at the beginning of that trial day. These will be the exhibits deemed admitted at trial. The parties shall keep a separate running list of all exhibits admitted throughout the course of trial.

   (3) *At the conclusion of evidence*, each party shall read into the record any exhibit that was used but not previously admitted during the course of trial and then tender its final list of every admitted exhibit, entitled [Plaintiff's/Defendants'] Final List of All Admitted Exhibits." **An exhibit on a party's initial exhibit list does not become part of the trial record unless it is used at trial and the corresponding exhibit number is read into the record.** To the extent there are exhibits that were not admitted or used during the course of trial, but for

      which there is agreement that they should be provided to the jury, the parties must inform the Court of those exhibits at the conclusion of evidence. The Court will then determine whether those exhibits will be allowed into the jury room for deliberations.

   C.   At the conclusion of evidence, each party shall be responsible for pulling those exhibits <u>admitted</u> at trial and shall tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations. One representative from each side shall meet with the Courtroom Deputy to verify the exhibit list.

   D.   At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

   E.   Within five business days of the conclusion of trial, each party shall submit to the Courtroom Deputy:

      (1)   A Final Exhibit List of Exhibits Admitted During Trial in Word format.

      (2)   Two Flash Drive USB(s) containing admitted unsealed trial exhibits in PDF format. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be submitted on a separate USB. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph in PDF format.

      (3)   A disk containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.

7. Jury selection will consist of two panels involving a total of 75 persons. The jury will consist of eight (8) persons.

8. Plaintiff will receive **thirty (30) minutes** and Defendants will receive **twenty (20) minutes each** to conduct *voir dire* of each panel. Immediately following *voir dire*, any party shall raise its for-cause challenges with the Court, and the Court will address any hardship issues and for-cause challenges at the conclusion of each panel. After the afternoon panel is qualified, both panels will be shuffled.

9. At the conclusion of the afternoon panel, the parties will be allowed to exercise their peremptory challenges. Plaintiff may exercise up to **three (3) peremptory challenges**,

and each Defendant may exercise up to **two (2) peremptory challenges**. The challenges will be exercised simultaneously by the parties (*i.e.*, by the "blind strike" system).

10. During trial, requests to seal the courtroom and/or record must be made before public disclosure of the confidential information. The parties are advised to review the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to be Presented to the Court During Motion and Trial Practice, as well at the Protective Order entered in this action, prior to the beginning of trial.

11. Plaintiff will be permitted a maximum of **thirty (30) minutes** for opening statement. Each Defendant will be permitted a maximum of **twenty (20) minutes** for their opening statements.

12. Plaintiff will be permitted a maximum of **ten (10) hours** for direct and cross-examination. Each Defendant will be permitted a maximum of **six (6) hours** for direct and cross-examination. Time spent at bench conferences or arguing objections will generally be split between the arguing parties. If an objection or reason for a bench conference lacks merit, however, the Court may charge one party for the entirety of the time. Each witness will be questioned on direct examination by only one attorney per party. Likewise, only one attorney per party will be responsible for cross-examination of that witness. Only the attorneys who are responsible for examining and cross-examining a witness will participate in making and responding to objections regarding that witness's testimony.

13. Proceedings will begin promptly at **9 a.m**. and continue until approximately **5 p.m.** each day. Throughout the trial, the parties are reminded to follow the General Order Regarding Courthouse Security Policies (General Order 18-06).

14. The Court will be available before the beginning of trial each day to deal with evidentiary questions, procedural matters, or disputes. The Court will also be available at the end of the trial day to address any matters that need resolution at that time. If the parties are aware in advance of any such matter that needs to be addressed either before or after the court session, they should **meet and confer with opposing counsel in person** to attempt to resolve the issue before bringing its attention to the Court. If the parties cannot resolve the issue, the parties **SHALL** electronically file their position regarding the dispute, relevant authority, and any disputed exhibit or other document required for the Court's consideration via CM-ECF by **10 p.m. the preceding evening**. Any response **SHALL** be submitted by **12 a.m. midnight** the same evening. At the time of each filing, the parties should email copies of their filings and any supporting exhibits to Jordan_Cowger@txed.uscourts.gov.[2]

15. The parties **SHALL** electronically file their position regarding any disputed deposition designations—including the relevant testimony, any relevant authority, any disputed exhibit, or other document required for the Court's consideration—**by 10:00 p.m. the preceding evening** before the deposition testimony is expected to be used in Court. Any response **SHALL** be submitted by **midnight** the same evening. At the time of each filing, the parties should email copies of their filings and any supporting exhibits to Jordan_Cowger@txed.uscourts.gov.

16. Prior to closing arguments, the Court will conduct a charge conference and review the parties' objections and proposals regarding jury instructions and the verdict form. The

---

[2] The parties may include additional trial management procedures in their amended pretrial order, such as disclosure of demonstratives between the parties. The parties' agreed trial management procedures, however, must be consistent with the deadlines in paragraphs 14 and 15 of this Order.

Court may provide preliminary instructions to which objections must be made during the charge conference with a statement of the reasons for each objection. If a party objects to an aspect of the charge, a party must propose alternative charge language that would cure the objectionable aspect of the instruction.

17. Closing arguments will be limited to **thirty (30) minutes for Plaintiff and twenty (20) minutes for each Defendant**. Plaintiff may reserve up to one-third of his time for rebuttal argument.

18. A written copy of the charge will be given to the jury during deliberations. During deliberations, the parties will be expected to remain near the courthouse and accessible by phone unless released by the Court. The parties may pack up their exhibits during deliberations but are expected to be able to provide additional copies of any exhibits or demonstratives presented at trial if requested by the jury during their deliberations. The parties are instructed to provide Judge Schroeder's Courtroom Deputy, Betty Schroeder, with a cell phone number at which they can be reached.

19. In the event of settlement, the parties shall **promptly** notify the Court via an electronic filing on CM-ECF and an email to Jordan_Cowger@txed.uscourts.gov.

**SIGNED this 9th day of July, 2024.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE