# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| JERRAL W. JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:23-CV-00032-RWS |
| | § | |
| ALEXANDRA DAVIS, CYNTHIA | § | |
| DAVIS f/k/a CYNTHIA DAVIS- | § | |
| SPENCER, | § | |
| | § | |
| Defendants | | |

## ORDER

Before the Court is Plaintiff Jerral W. Jones's Motion Regarding Alexandra Davis's Perjury and Failure to Produce Documents. Docket No. 200. The Court ordered expedited briefing (Docket No. 202) and Defendant Alexandra Davis filed a response. Docket No. 206.[1] Having reviewed Jones's motion, it is hereby **DENIED**.

After bringing two motions for destruction of evidence, Jones now brings a third motion for Defendant Alexandra Davis's alleged perjury and failure to produce documents. Jones asserts that he uncovered additional materials from Alexandra Davis's computer that indicate she perjured herself in a sworn statement in support of her motion for summary judgment and at the pretrial conference regarding her knowledge of the Settlement Agreement. Docket No. 200 at 4. Specifically, Jones states that Alexandra Davis previously claimed she had not seen the Settlement Agreement until January of 2022. *Id.* at 1–2. Jones cites an email from Cynthia Davis to Alexandra Davis with the Settlement Agreement attached that was sent on November 15, 2017. Docket No.

---

[1] At the time the Court issued this Order, Defendant Cynthia Davis had not filed a response or stated her position.

200-2. Jones requests that the Court enter default judgment against Alexandra Davis, as this email indicates she was aware of and ratified the Settlement Agreement after turning 18. Docket No. 200 at 2–3.[2]

Alexandra Davis responds that the email was not produced because it does not fit the ESI search terms that Jones asked Defendants to apply to their devices. Docket No. 206 at 4. In addition, Alexandra Davis attaches a declaration affirming that she did not recall seeing that email and that, at the time of her deposition, she did not recall specifically seeing the Settlement Agreement. *See* Docket No. 206-1. Alexandra Davis also argues that she never denied knowing about the existence of the Settlement Agreement—she simply did not recall seeing the document itself. *See* Docket No. 206 at 3–4.

As the Court explained in its summary judgment order, the specific issue of whether Alexandra Davis ratified the Settlement Agreement has factual disputes appropriate for the jury. Docket No. 196 at 6–7. This motion and the uncovered email do not change the factual landscape, and the Court does not believe Plaintiff has convincingly shown that Alexandra Davis committed perjury. Jones is welcome to explore any inconsistencies in Alexandra Davis's testimony on cross examination at trial, but the presence of an email on Alexandra Davis's computer does not conclusively indicate that Alexandra Davis saw, read, or even understood the Settlement Agreement at the time the email was sent. And Alexandra Davis has provided evidence to the contrary. *See, e.g.*, Docket No. 206-1. Accordingly, default judgment is inappropriate. It is therefore

---

[2] Jones also asks that the Court reconsider its ruling on Alexandra Davis's motion for summary judgment. *Id.*

**ORDERED** that Plaintiff Jerral W. Jones's Motion Regarding Alexandra Davis's Perjury and Failure to Produce Documents (Docket No. 200) is **DENIED**.

**So ORDERED and SIGNED this 17th day of July, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE