## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | |
|---|---|
| JERRAL W. JONES,<br>    Plaintiff,<br><br>v.<br><br>ALEXANDRA DAVIS and CYNTHIA<br>DAVIS f/k/a CYNTHIA DAVIS-SPENCER,<br>    Defendants. | CIVIL ACTION No. 5:23-cv-00032-RWS |

## AMENDED JOINT FINAL PRETRIAL ORDER

The Pretrial Conference was held on July 2, 2024. Docket No. XXX. Pursuant to the Court's Trial Procedure's Order (Dkt. 199), Plaintiff Jerral W. Jones ("Plaintiff" or "Jones"), Defendant Alexandra Davis ("Alexandra Davis"), and Defendant Cynthia Davis f/k/a Cynthia Davis-Spencer ("Cynthia Davis") (collectively, the "Parties") filed this Proposed Amended Joint Pre-Trial Order. The Court hereby **ADOPTS** the Amended Joint Pretrial Order.

**A.    COUNSEL FOR THE PARTIES**

**Attorneys for Plaintiff Jerral W. Jones:**

Charles L. Babcock
State Bar No. 01479500
cbabcock@jw.com
Nancy W. Hamilton
State Bar No. 11587925
nhamilton@jw.com
1401 McKinney Street
Suite 1900
Houston, TX 77010
(713) 752-4210

David T. Moran
State Bar No. 14419400
dmoran@jw.com
Edwin Buffmire
State Bar No. 24078283
ebuffmire@jw.com
Cody Martinez

    State Bar No. 24102146
cmartinez@jw.com
2323 Ross Avenue
Suite 600
Dallas, TX 75201
(214) 953-6000

David Folsom
State Bar No. 07210800
david@folsomadr.com
6002-B Summerfield Dr.
Texarkana, TX 75503
(903) 277-7303

**Attorneys for Defendant Alexandra Davis:**

Jay Kurtis Gray
State Bar No. 08324050
gray@bergmangray.com
Andrew Alan Bergman
State Bar No. 02196300
bergman@abergmanlaw.com
Law Office of Andrew A Bergman, PC
4514 Travis Street, Suite 300
Dallas, TX 75205
214-528-2444

Matt Keil
State Bar No. 11181750
mkeil@kglawfirm.com
Erin Mattson Keil
State Bar No. 24120462
ekeil@kglawfirm.com
Hailee M. Amox
State Bar No. 24085176
hamox@kglawfirm.com
Keil Law Firm, PLLC
406 Walnut Street
Texarkana, AR 71854
870-772-4113

**Attorney for Defendant Cynthia Davis-Spencer:**

Krista "Kris" Hayes
State Bar No. 24031719
kris@bh-pllc.com

Balekian Hayes, PLLC
4144 N Central Expressway, Suite 1200
Dallas, TX 75204
214-828-2800

Emory Osborn
State Bar No. 24134537
kris@bh-pllc.com
Balekian Hayes, PLLC
4144 N Central Expressway, Suite 1200
Dallas, TX 75204
214-828-2800

### B. STATEMENT OF JURISDICTION

**Jones's position.**

Jurisdiction in this case is based on diversity of citizenship under Title 28 USC § 1332(a)—Alexandra Davis, a citizen of Washington, D.C., brought defamation claims against now-dismissed Defendants Dallas Cowboys Football Club, Ltd., James Wilkinson, TrailRunner International, LLC, who are and were all Texas citizens, and Donald Jack, Jr. who is an Arkansas citizen. There is thus complete diversity of citizenship among the original parties, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. The Court also has supplemental jurisdiction over Jones's counterclaims against Davis and third-party claims against Cynthia Davis-Spencer because they are derived from the same nucleus of operative facts as Davis's now-dismissed defamation claims. *See* 28 U.S.C. § 1367.

Jurisdiction is not disputed nor are the factual bases for this Court's jurisdiction.

**Davis's and Spencer's position.**

Davis's original defamation claim was based upon diversity of citizenship jurisdiction. Jones later brought a counterclaim against Davis and a third-party claim against Davis-Spencer, destroying complete diversity. He alleged supplemental jurisdiction. The Court dismissed the

defamation claim, and diversity of citizenship jurisdiction no longer exists. Jones proceeds under claimed supplemental jurisdiction.

C.   **NATURE OF ACTION**

Jones alleges breach of contract claims arising from the material breaches of a Settlement, Release and Covenant Not to Sue (the "Agreement") executed between Jones, Alexandra Davis, and then-Cynthia Spencer (now known as Cynthia Davis). Pursuant to the Agreement: (1) Alexandra Davis and Cynthia Davis released—and promised not to file any lawsuit asserting—claims against Jones related to his alleged paternity; (2) Cynthia Davis agreed to use her best efforts to prevent Alexandra Davis from suing Jones, including to establish paternity; and (3) Alexandra Davis and Cynthia Davis promised to maintain confidentiality regarding the terms of the Agreement and allegations regarding Jones's alleged paternity of Alexandra Davis. In exchange, Alexandra Davis and Cynthia Davis received as consideration totaling millions of dollars from Jones beginning in Alexandra's Davis's early childhood through her adulthood.

Despite their release of claims and the above promises, Alexandra Davis (with Cynthia Davis's assistance) publicly filed two lawsuits against Jones wherein she disclosed the Agreement and alleged that Jones is her father. They publicized these lawsuits to the national media. Jones now seeks to recover the damages, including the attorneys' fees he has incurred and paid (and likely will incur) in defending these lawsuits that Alexandra Davis promised to never bring and Cynthia Davis promised to use her best efforts to prevent. Jones also seeks a declaratory judgment regarding the terms of the Agreement and its enforceability against Alexandra Davis and Cynthia Davis, and upon entry of judgment in his favor seeks to recover his attorneys' fees incurred in this lawsuit, as provided by the Agreement and Texas law.

D.   **CONTENTIONS OF THE PARTIES**

**Jones's statement of his contentions.**

By providing these contentions, Jones does not concede that all of these issues are appropriate for trial. In addition, Jones does not waive any of his motions *in limine*.

1. The Agreement is a binding and enforceable contract on Jones, Cynthia Davis, and Alexandra Davis.

2. The Agreement released and prohibited any claim being asserted by Alexandra Davis to establish paternity or, in the case of Cynthia Davis, obligated her to use her best efforts to prevent Alexandra Davis (or anyone acting on Alexandra Davis's behalf) from making any claim against Jones related to alleged paternity.

3. Prior to Defendants' material and separate breaches of the Agreement, Jones fully performed his obligations under the Agreement.

4. Alexandra Davis and Cynthia Davis materially breached the Agreement by suing Jones related to alleged paternity and then suing a second time to establish paternity.

5. Alexandra Davis's and Cynthia Davis's material breach of the Agreement caused Jones to suffer actual damages in the form of incurring and paying reasonable and necessary attorneys' fees in defending the two state court lawsuits.

6. Jones is entitled to a judgment against Alexandra Davis and Cynthia Davis for the actual damages, pre and post-judgment interest, and his reasonable and necessary attorneys' fees incurred and paid in bringing these claims for breach of contract, and all other relief, including declaratory relief, to which he is entitled at law and equity.

7. The Agreement also prohibited Alexandra Davis and Cynthia Davis from disclosing its terms to Third Parties.

8. Cynthia Davis provided the Agreement to a third-party in breach of its terms and also issued a sworn declaration in the paternity lawsuit publicly disclosing allegations of alleged paternity against Jones in material breach of the Agreement's terms.

9. Davis disclosed the Agreement and its terms in publicly filing a lawsuit against Jones seeking, in part, to enforce some of its terms, in breach of the Agreement.

10. Alexandra Davis did not disaffirm the Agreement within a reasonable time, and not within one year, after reaching adulthood, 18 years of age. Or in the alternative, she did not disaffirm the Agreement within one year of her knowing the material terms of the Agreement.

11. Alexandra Davis and Cynthia Davis otherwise ratified the Agreement and ratified Jones full performance under it by treating the Agreement as continuing in full force and effect, accepting benefits under the Agreement, and seeking enforcement of certain benefits under the Agreement.

12. Alexandra Davis and Cynthia Davis cannot allege a prior breach by Jones nor any contention that Jones did not fully perform under the Agreement prior to their material breaches of the Agreement in filing the first and second lawsuits, or disclosing the terms of the Agreement, each in material breach of the Agreement, by treating the Agreement as continuing in full force and effect, accepting benefits under the Agreement, and seeking enforcement of certain benefits under the Agreement.

13. Alexandra Davis and Cynthia Davis are estopped from asserting any alleged material breach by Jones or failure to fully perform under the Agreement prior to their filing of the first and second lawsuits, or their disclosures of the terms of the Agreement, because they treated the Agreement as continuing in full force and effect, accepting benefits under the Agreement, and seeking enforcement of certain benefits under the Agreement.

14. Alexandra Davis and Cynthia Davis failed to preserve and permanently destroyed evidence after their duty to preserve that evidence arose in this case, and they intentionally destroyed, failed to preserve, acted in bad faith, or otherwise wrongfully withheld such evidence which would have been harmful to their case.

**Alexandra Davis's statement of her contentions.**

Davis denies Jones's allegations, as specified more fully below. Davis in no way limits herself by providing these contentions nor does she waive any argument previously presented to the Court but not contained herein.

1. Davis was never a party to the Settlement Agreement, nor was she bound by the Settlement Agreement. At the time the Settlement Agreement was executed, Davis was a minor. No ad litem, independent counsel, or court reviewed the Settlement Agreement or represented Davis at the time of the Settlement Agreement's execution.

2. No valid contract exists. The Settlement Agreement violates public policy and is void.

3. Davis never ratified the Settlement Agreement, nor was she under any legal obligation to disaffirm the Settlement Agreement. Ratification requires knowledge of all material facts, which Davis never had.

4. Jones cannot establish the basic elements of a breach of contract. No meeting of the minds occurred, nor did Jones suffer any actual damages caused by the alleged breach.

5. Jones materially breached the contract first by disclosing confidential information to a third-party in 2019. Any subsequent performance allegedly required by Davis was excused.

6. Jones also subsequently breached the Settlement Agreement by providing Plaintiff's Declaratory Judgment Action to the national press. Jones's agents also disclosed the terms of the Settlement Agreement to the national press in an interview on March 30, 2022. Jones also subsequently filed the Settlement Agreement as a public record with the Dallas courts and this court.

7. Jones has not incurred any reasonable and necessary attorney's fees.

**Cynthia Davis's statement of her contentions.**

1. Jones had an affair with Defendant Cynthia Davis ("Cynthia"). As a result of the affair, Cynthia Davis became pregnant with Jones' child and Alexandra Davis was born. When Alexandra Davis was almost two years old, Cynthia Davis was under duress and economic duress when she executed a Settlement Release and Covenant Not To Sue or faced financial ruin and a scary fight in Court.  Spencer contends Jones never executed the document.

2. The agreement states: The parties agree and covenant not to disclose the terms of the Agreement, or make any future disclosures or statement regarding Mother's belief that Putative Father is father of the child, …. The parties agree further that neither Mother, Child nor Putative Father will act in any manner that might jeopardize the confidentiality of the Agreement and will protect and safeguard with utmost care the privacy of Child, Mother, and Putative Father. If Mother or Child or any person on behalf of Child, brings or commences any kind of legal proceeding seeking to establish the paternity of Child, breaches the Agreement, or if Mother makes any statement to any person that Putative Father fathered Child, …. Putative Father may, in his sole discretion, elect to terminate the Agreement and the Funding Trust and the Distribution Trust, or either of them, and enforce any and all remedies available to him at law or in equity.

3. Cynthia Davis contends the agreement did not specify specifically what action would need to be taken by Cynthia Davis to safeguard the privacy of the relationship between Alexandra Davis and Jones.

4. Cynthia Davis does not have the ability to prevent Alexandra Davis from taking any action once she becomes an adult. Reasonable efforts are not defined in the agreement.

5. Cynthia Davis contends her daughter received money from a trust that was funded by the putative father but her primary contact for the trust was Jones' lawyer.

6. Cynthia Davis contends that many people knew about Jones being the parent of Alexandra Davis before the execution of the agreement, including Shy Anderson. Cynthia Davis contends Jones told many people about his relationship to Alexandra Davis in violation of the agreement. Cynthia Davis alleges that if a binding agreement was executed, Cynthia Davis was excused from performance because Jones waived his rights to any confidentiality and released Cynthia Davis because Jones breached the agreement first.

7. Jones' breach was a complete breach of the contract and he is not entitled to any alleged damages.

8. Cynthia Davis contends that Jones has no damages and that this lawsuit was filed against her as a means to place leverage and hurt Davis.

9. Cynthia Davis was not a Plaintiff in either of the two lawsuits that make the basis of Jones' alleged damages. Cynthia Davis was a Respondent in the second lawsuit.

10. Jones has failed to provide evidence of any damages.

11. Jones does not have evidence of all elements of a breach of contract claim against Cynthia Davis.

12. Any deleted evidence can be restored.

13. Any spoliation that may have occurred was not intentional or done with malice or bad faith.

## E.   STIPULATIONS AND UNCONTESTED FACTS

The Parties agree to the following stipulations and uncontested facts:

1. Davis sued Jones in two state court lawsuits one lawsuit was for a declaratory judgment related the Settlement Agreement and the second lawsuit was related to her allegation of Jones's paternity in March and April 2022.

2. Davis was born on December 16, 1996.

3. Spencer is Davis's biological mother.

## F.   CONTESTED ISSUES OF FACT AND LAW[1]

---

[1] Both parties reiterate some "contested issues of fact and law" that may have already been resolved by the Court. *See* Docket No. 106, 195, 196, 212. The Court understands, however, that the parties are merely preserving their record.

The Parties respectively identify the following issues of fact that remain to be litigated. To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this section. The Parties reserve the right to identify additional factual or legal issues that may arise, including issues raised by any further discovery undertaken in this case or the Court's rulings on any pending motions or rulings made at the pretrial conference on this action.

By providing this statement, the Parties do not concede that all of these issues are appropriate for trial. The Parties also do not waive any of their pending motions.

### Jones's contested issues of fact and law.

1. Alexandra Davis and Cynthia Davis materially breached the Agreement in at least two separate, independent ways. First, Davis breached the Agreement by suing Jones in Dallas County District Court seeking a declaratory judgment related to Jones's alleged paternity and alleging that she was not bound by certain, but not all, of the Agreement's terms, specifically that she was entitled to sue Jones for paternity testing and legally entitled to continue to receive payments under the Agreement. Davis then sued Jones seeking paternity testing and an order of paternity, in the Dallas County Family District Court, also in breach of the Agreement. Spencer breached the Agreement by supporting and encouraging Davis's breach rather than, as she promised in the Agreement using best efforts to prevent Davis from her breach. Those two lawsuits and Spencer's support materially breached the prohibitions in the Agreement from bringing causes of action related to alleged paternity by Jones, which were forever released and Defendants promised to never bring in exchange for millions of dollars in consideration paid to them.

2. Any alleged disclosure of the Agreement or Jones's paternity by Jones is legally immaterial and irrelevant because (1) any alleged disclosure by Jones prior to Alexandra Davis's and Cynthia Davis's breach was immaterial and excused in any event when both Alexandra Davis and Cynthia Davis both continued treating the Agreement as an enforceable contract and accepting benefits under it; (2) Alexandra Davis and Cynthia Davis have waived and are otherwise estopped from contending that Jones materially breached the Agreement or otherwise failed to fully perform his obligations under the Agreement; and (3) any alleged disclosure after Alexandra Davis's and Cynthia Davis's material and independent breaches are immaterial, and legally irrelevant and merely responsive to their material breach.

3. Alexandra Davis and Cynthia Davis also separately materially breached their independent obligation to keep the terms of the Agreement confidential by

        disclosing to numerous third-parties the terms of the Agreement and the allegation of Jones's paternity which they promised to keep confidential.

4. This Court has established that Alexandra Davis and Cynthia Davis failed to preserve and permanently destroyed evidence after their duty to preserve evidence arose in this case. Jones contends that Alexandra Davis and Cynthia Davis failed to preserve, permanently destroyed, acted in bad faith, or are otherwise withholding that evidence intentionally. The consequence of Alexandra Davis's and Cynthia Davis's material and intentional destruction of evidence, including their misleading and false testimony about such evidence, requires that judgment be entered against them, their defenses be struck, and that reasonable sanctions be imposed at an amount sufficient to deter such conduct.

5. Jones has filed motions *in limine* raising legal issues that bar, or render immaterial and irrelevant, Davis's and Spencer's affirmative defenses (which are also listed below). Jones further notes that his Responses in Opposition to Defendants' Motions for Summary Judgment (*see* Dkt. Nos. 125 & 126 [add docket re reconsideration/perjury) raise legal arguments that if accepted would preclude Defendants from admitting evidence on their affirmative defenses.

6. Jones contends that Defendants' affirmative defenses, listed below, have been resolved by the Court's holding that the Agreement is an enforceable contract, and that they are otherwise legally untenable and unsupportable by evidence:

    i.      Minority/capacity to contract (Davis)

    ii.     Prior material breach (Both)

    iii.    Public policy/hush money (Both)

    iv.    Fraudulent inducement (Davis)

    v.     Unclean hands – one year old (Both)

    vi.    No standing – not a party (Both)

    vii.   Duress (Spencer)

    viii.  Estoppel (Spencer)

    ix.    Waived performance (Spencer)

    x.     Repudiation (Spencer)

    xi.    Res judicata (Spencer)

    xii.   Ambiguity (Spencer)

    xiii.       Statute of frauds (Spencer)

    xiv.       Denial of conditions precedent (Spencer

**Davis's contested issues of fact and law.**

The Settlement Agreement is not an enforceable contract.

1. The Settlement Agreement is not a contract between the parties.
2. Jones materially breached the Settlement Agreement first.
3. The material breach by Jones excused subsequent performance under the Settlement Agreement by Davis.
4. Jones has unclean hands as it relates to the settlement agreement.
5. The agreement violates public policy.
6. Jones has no damages and has filed this action as a means of retaliating against Davis.
7. Jones is not able to rely on attorney fees from other actions as damages and any recovery of those fees is barred by res judicata.
8. Any additional issues of law and fact raised in Defendant's Opposed Motion for Summary Judgment and Opposed Motion to Exclude Expert.
9. Defendant Davis's affirmative defenses:

    Minority/capacity to contract
    Prior material breach by Jones
    Against Public policy
    Fraudulent inducement
    Jones has Unclean Hands
    No standing – not a party

**Cynthia Davis' contested issues of fact and law.**

1. The Settlement Agreement was entered into under duress.
2. Jones materially breached the Settlement Agreement first.

Page **11** of **16**

3. The material breach by Jones excused subsequent performance under the Settlement Agreement by Davis.

4. Jones conduct waived performance by Cynthia Davis.

5. Jones has unclean hands as it relates to the settlement agreement.

6. Cynthia did not have the ability to control Alexandra Davis.

7. Cynthia Davis was not a Plaintiff in either action under which Jones seeks as attorneys fees as damages.

8. Jones has no damages and has filed this action as a means of retaliating against Cynthia Davis.

9. Jones is not able to rely on attorney fees from other actions as damages and any recovery of those fees is barred by res judicata.

10. Any additional issues of law and fact raised in Defendant's Opposed Motion for Summary Judgment and Opposed Motion to Exclude Expert.

11. Defendant Cynthia Davis's affirmative defenses:

    Prior material breach by Jones
    Duress
    Waiver
    Release
    Jones has Unclean Hands
    No standing – not a party

12. There was no bad faith or intentional conduct of spoliation.

G.   **LIST OF WITNESSES**

Jones's Trial Witness List is attached as <u>Exhibit A</u>.  Davis's objections to Plaintiff's Trial Witness List are attached as <u>Exhibit D-1</u>. Spencer's objections to Plaintiff's Trial Witness List are attached as <u>Exhibit D-2</u>.

Alexandra Davis's Amended Trial Witness List is attached as Exhibit B. Jones's objections to Davis's Trial Witness List are attached as Exhibit B-1.

Alexandra Davis's Trial Witness List is attached as Exhibit C. Jones's objections to Spencer's Trial Witness List are attached as Exhibit C-1.

The Parties will continue to meet and confer regarding their respective objections in order to strive to resolve as many issues as possible prior to presenting them to the Court.

## H.   LIST OF EXHIBITS

Jones's Amended Trial Exhibit List is attached as Exhibit D. Davis's and Spencer's objections to Jones's Trial Exhibit List are attached as Exhibits D-1 and D-2, respectively.[23]

Davis's Trial Exhibit List is attached as Exhibit E. Jones's objections to Davis's Trial Exhibit List are attached as Exhibit E-1.

Spencer's Trial Exhibit List is attached as Exhibit F. Jones's objections to Spencer's Trial Exhibit List are attached as Exhibit F-1.

Defendants' Joint Amended Trial Exhibit list is attached as Exhibit K.[4]

---

[2] On May 21, 2024, in accordance with the Court's Docket Control Order (Dkt. 38 at 2), Jones served his Trial Exhibit List on all counsel of record. The Court's Discovery Order required Defendants to serve their objections to Jones's Trial Exhibit List by June 4, 2024, and further stated that "objections no so disclosed, other than objections under [Fed. R. Evid. 402 & 403] shall be deemed waived." (*See* Dkt. 39 at 5 [requiring objections to be served "[w]ithin 14 days" of service]) Defendants, however, served their objections on June 18, 2024. Accordingly, the objections set forth in Exhibits D-1 and D-2 as to those exhibits are waived. Jones acknowledges that certain Exhibits on Jones's Amended Exhibits, Defendants have not waived objections, other than for timeliness of the disclosure, because Davis recently served an Amended Exhibit List on Sunday, July 14, 2024, and Jones's Amended Exhibits relate to that disclosure or the spoliation issues which this Court has previously addressed.

[3] Alexandra Davis and Cynthia Davis contend that all objections were timely and in accordance with the Court's orders on file in this case.

[4] Defendants' Joint Amended Exhibits Offered (Exhibit K) will serve as the operative exhibit list at trial.

**I.     DEPOSITION DESIGNATIONS**

Jones's Deposition Designations are attached as <u>Exhibit J</u>.

Davis's Deposition Designations are attached as <u>Exhibit G</u>.  Jones's objections thereto and rebuttal designations are attached as <u>Exhibit G-1</u>.

Spencer's Deposition Designations are attached as <u>Exhibit F</u>. Jones's objections thereto and rebuttal designations are attached as <u>Exhibit H-1</u>.

The Parties have agreed to exchange amended deposition designations by Wednesday, July 17, 2024. With any objection and counter-designations due to be served by Thursday, July 18, 2024. The Parties will identify any disputed issue ripe for the Court's consideration on Friday, July 19, 2024. The Parties do not expect to call any witness by deposition for the jury on the first day of trial.

**J.     PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

A copy of the Parties' amended proposed jury instructions and proposed verdict form is attached as <u>Exhibit I</u>.

**K.     LIST OF ANY PENDING MOTIONS**

**<u>Jones's pending motions.</u>**

1. Plaintiff's Motion Regarding Alexandra Davis's Perjury and Failure to Produce Documents, Dkt. 200

**<u>Davis's pending motions.</u>**

None.

**<u>Spencer's pending motions.</u>**

None.

L.   **PROBABLE LENGTH OF TRIAL**

The Parties have no objection to the Court's allotment of time set forth in the Trial Procedures Order.

M.   **MANAGEMENT CONFERENCE LIMITATIONS**

None.

N.   **TRIAL MANAGEMENT PROCEDURES**

The Parties are cooperating to decrease the number of exhibits on their respective trial exhibit lists, as well as to narrow the disputed motions *in limine*. The Parties agree to continue to meet and confer to resolve their objections to the other party's deposition designations, witnesses, and exhibits. The Parties further agree to endeavor to enter into stipulations as to the authenticity and use of produced documents following the exchange of exhibit lists and objections.

The Parties have agreed to the following trial management procedures:

1. The parties shall exchange demonstratives intended to be used by no later than 8:00 p.m. CST the day before the exhibit is intended to be used, absent good cause for later disclosure. Any dispute or objection concerning a demonstrative shall be lodged with the Court, by ECF and email, no later than 10 p.m. CST, and responses by midnight.

2. The parties shall identify the witnesses they intend to call (whether in person or by deposition), as well as the order in which the witnesses are to be called, by no later than 12:00 p.m. CST the day before the witnesses are intended to be called. For out-of-town witnesses, the same disclosures shall be made by no later than 12:00 p.m. CST two days before the witnesses are to be called.

3. The parties shall identify all pre-admitted exhibits by 8:00 a.m. CST the day the exhibit is intended to be used, as well as all exhibits with objections before the end of the previous Court day to allow opportunity to rule on objections not previously ruled upon

O.   **CERTIFICATIONS**

The Parties' undersigned counsel hereby certify and acknowledge the following:

(1)   Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with[5];

(3) Each exhibit in the List of Exhibits herein:

    (a) is in existence;

    (b) is numbered; and

    (c) has been disclosed and shown to opposing counsel.

**Approved as to form and substance:**

| | |
|---|---|
| **Counsel for Plaintiff Jerral W. Jones:** | */s/ Charles L. Babcock*<br>**Charles L. Babcock** |
| **Counsel for Defendant Alexandra Davis:** | */s/ Jay K. Gray*<br>**Jay K. Gray** |
| **Counsel for Defendant Cynthia Davis f/k/a Cynthia Davis-Spencer:** | */s/ Krista Balekian Hayes*<br>**Krista "Kris" Balekian Hayes** |

**So ORDERED and SIGNED this 18th day of July, 2024.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

[5] As set forth in Jones's Motions addressing certain appropriate sanctions for destruction of evidence, improper withholding of evidence, and perjured testimony, Jones reserves all rights and affirmatively contends that Defendants have wholesale failed to comply with their discovery obligations under the Federal and Local Rules and the Orders of this Court.