IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JERRAL W. JONES,<br>      *Plaintiff,*<br><br>vs.<br><br>ALEXANDRA DAVIS and CYNTHIA<br>DAVIS f/k/a CYNTHIA DAVIS-SPENCER,<br>      *Defendants.* | CIVIL ACTION No.  5:23-cv-00032-RWS |

**PLATINIFF JERRAL W. JONES'S RESPONSE IN OPPOSITION
TO ALEXANDRA DAVIS'S POSITION ON CONFLICT**

Plaintiff Jerral W. Jones ("Jones") files this Response in Opposition to Alexandra Davis's Position on Conflict, and shows as follows:

**1.   Alexandra Davis did not raise the issue of conflict in the Amended Joint Final Pretrial Order.**

Alexandra Davis contends that she raised the issue of conflict in the Amended Joint Pretrial Order in the following excerpt:

> Davis was never a party to the Settlement Agreement, nor was she bound by the Settlement Agreement. At the time the Settlement Agreement was executed, Davis was a minor. No ad litem, independent counsel, or court reviewed the Settlement Agreement or represented Davis at the time of the Settlement Agreement's execution.

(Dkt. 216 at 6) But this is simply her recycled contention that she was not bound by the Settlement Agreement because she was a child at the time the contract was executed and purportedly lacked representation. The Court rejected this argument when it conclusively held that the Settlement Agreement "is valid and enforceable as to at least Jones, Cynthia Davis, and Alexandra Davis *before* she reached the age of majority." (Dkt. 196 at 6 [emphasis in original]) The Court further rejected the contention that an ad litem was required to bind to Alexandra Davis to the Settlement Agreement. (*See id.* at 5, n.5) Thus, Alexandra Davis's further contention that the Court somehow

left the issue of conflict unresolved in its Order denying her Motion for Summary Judgment is meritless. (*See* Dkt. 223 at 2).

The Final Pretrial Order renders irrelevant any allegations in prior pleadings. *See Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) ("It is axiomatic that under Federal Rules of Civil Procedure 15 and 16, a final pretrial order "supersede[s] all prior pleadings.").

Alexandra Davis cannot now repackage this issue for trial. But Defendants' continued re-argument of this issue before the jury works real prejudice to Jones necessitating an instruction to the jury on this issue as follows.

## 2. Jones is entitled to an instruction reaffirming the validity and enforceability of the Settlement Agreement.

There is no conflict issue to be tried to the jury and Alexandra Davis's contentions to the contrary are meritless. Yet the jury has now heard an entire-days-worth of testimony and argument calling into question the validity and enforceability of the Settlement Agreement based on its execution during Alexandra's minority. While the Court stated an instruction would be issued in its final instruction (*see* Trial Transcript, Vol. 2 at 275:15–22), the question of the Settlement Agreement's validity will undoubtedly linger in the jurors' minds throughout the remainder of the trial. This will cause (and already has caused) tremendous prejudice to Jones. Indeed, each minute that passes, the jurors labor under the misapprehension that Alexandra Davis's lack-of-capacity argument has merit.

Accordingly, Jones reasserts his request that at the beginning of the second day of trial, the jury be immediately instructed that the Settlement Agreement is a valid and enforceable agreement as to Alexandra before her eighteenth birthday, just as the Court ruled when it denied Alexandra Davis's motion for summary judgment.

The specific instruction Jones seeks is:

The Settlement Agreement is a valid contract and enforceable as to Jones, Cynthia Davis, and Alexandra Davis before she reached the age of majority, *i.e.*, eighteen years of age.

3. **Alexandra and Cynthia Davis's shared legal representation.**

As further evidence Alexandra and Cynthia Davis are aligned: *they are currently represented by the same attorneys*. In this lawsuit, Msrs. Bergman and Gray represent Alexandra Davis, and Ms. Hayes represents Cynthia Davis. But in the currently pending Second Lawsuit, Msrs. Bergman and Gray, and Ms. Hayes *all represent Alexandra Davis*. (*See* PX57 at 4 [Petition to Adjudicate Parentage signed by Msrs. Bergman and Gray and Ms. Hayes])

These attorneys no doubt comply with the Texas Disciplinary Rules of Professional Conduct. And Disciplinary Rule 1.06(b)(1) "prohibits representation of one client in a matter bearing a substantial relationship to the representation of another client when those clients' interests are directly adverse to each other." The Second Lawsuit and this lawsuit—which are intertwined and concern Alexandra Davis's allegations of Jones's paternity—are indisputably "matter[s] breaching a substantial relationship" to one another. Thus, if Msrs. Bergman and Gray and Ms. Hayes actually contend that Alexandra and Cynthia Davis are adverse, then they are admitting to violating their ethical obligations. Surely, these attorneys have already determined that their clients' interests are not "directly adverse to each other."

Alexandra and Cynthia Davis's counsel should not now be permitted to misrepresent their indisputably aligned interests.

| FOLSOM ADR PLLC | JACKSON WALKER LLP |
|---|---|
| */s/ David Folsom* | */s/Charles L. Babcock* |
| David Folsom | Charles L. Babcock |
| State Bar No. 07210800 | State Bar No. 01479500 |
| david@folsomadr.com | cbabcock@jw.com |
| 6002-B Summerfield Dr. | Nancy W. Hamilton |
| Texarkana, TX 75503 | State Bar No. 11587925 |
| (903) 277-7303 | nhamilton@jw.com |
| | 1401 McKinney Street |
| | Suite 1900 |
| | Houston, TX 77010 |
| | (713) 752-4210 |
| | (713) 752-4221 - Fax |
| | |
| | David T. Moran |
| | State Bar No. 14419400 |
| | dmoran@jw.com |
| | Edwin Buffmire |
| | State Bar No. 24078283 |
| | ebuffmire@jw.com |
| | Cody Martinez |
| | State Bar No. 24102146 |
| | cmartinez@jw.com |
| | 2323 Ross Avenue |
| | Suite 600 |
| | Dallas, TX 75201 |
| | (214) 953-6000 |
| | (214) 953-5822 – Fax |

**ATTORNEYS FOR JERRAL W. JONES**

### CERTIFICATE OF SERVICE

On July 22, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I will serve all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Edwin Buffmire*
Edwin Buffmire